1  Bruce G. Chapman (State Bar No. 164,258)
   bchapman@cblh.com
2  CONNOLLY BOVE LODGE & HUTZ LLP
   333 South Grand Avenue, Suite 2300
3  Los Angeles, California 90071
   Telephone:  (213) 787-2500
4  Facsimile:   (213) 687-0498

5  Attorneys for Plaintiff,                    *NOTE CHANGES MADE BY THE COURT.*
   ENOVSYS LLC
6
7  Christopher W. Kennerly (State Bar No. 255,932)
   chris.kennerly@bakerbotts.com
8  BAKER BOTTS L.L.P.
   620 Hansen Way
9  Palo Alto, California 94304
   Telephone:  (650) 749-7502
10 Facsimile:   (650) 739-7602
                                              *NOTE CHANGES MADE BY THE COURT.*
11 Attorneys for Defendants,
   AT&T MOBILITY LLC, a Delaware limited
12 liability company and AT&T MOBILITY II LLC, a
   Delaware limited liability company, collectively
13 doing business as AT&T Mobility

14              UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16

17 ENOVSYS LLC, a California limited       | Case No.  CV 11-05210 DDP (AGRx)
   liability company,
18                                         |
                  Plaintiff,               | **[PROPOSED] STIPULATED
19                                         | PROTECTIVE ORDER FOR
          v.                               | DISCOVERY**
20
   AT&T MOBILITY LLC, a Delaware           | [Magistrate Judge Alicia G. Rosenberg]
21 limited liability company, and AT&T
   MOBILITY II LLC, a Delaware limited
22 liability company, collectively doing
   business as AT&T Mobility,
23
24                Defendants.

25

26
                                              *NOTE CHANGES MADE BY THE COURT.*
27

28

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR DISCOVERY                                                    4487713_2

## GOOD CAUSE STATEMENT

It is the intent of the parties and the Court that confidential materials will not be designated "Confidential" or "Attorneys' Eyes Only" for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case. Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

(a)   Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

(b)   The names, or other information tending to reveal the identities, of a party's suppliers or vendors;

(c)   The names, or other information tending to reveal the identities, of a party's customers;

(d)   Proprietary technical, financial, or other business information;

(e)   Information related to research, design, or development of technology, products, or services;

(f)   Information as to budgets, revenues, profits, costs, margins, licensing of technology, or pricing of products and services; and

(g)   Information related to market analyses and business and marketing plans, strategies and forecasts.

Unrestricted or unprotected disclosure of such confidential information, which has been developed at the expense of the disclosing party and which represents valuable tangible and intangible assets of that party, would result in competitive prejudice, injury, or harm to the disclosing party. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

1                                    **ORDER**

2   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby

3   orders the parties to abide by this Protective Order. This Protective Order is issued

4   to facilitate document disclosure and production under the Local Rules of this Court

5   and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms

6   contained in this Order, this Order shall remain in effect through conclusion of this

7   action and survive termination of this action.

8       IT IS THEREFORE ORDERED THAT:

9              **INFORMATION SUBJECT TO THIS ORDER**

10       1.     All documents, materials, items, and/or information produced either by

11   a Party or Parties (or a non-Party) *upon request* (such Parties and non-Parties referred to as,

12   individually, a "Producing Party") to any of the Parties in this case (a "Receiving

13   Party") shall be governed by this Order. For purposes of this Order, "Party" shall

14   be defined to include all entities named in the above-captioned complaint as well as

15   such entities' parent companies, subsidiary companies, and affiliated companies.

16   For purposes of this Order, "Non-Party" shall be defined to include all entities

17   named in any subpoena giving rise to the production of documents, materials,

18   items, and/or information governed by this Order, as well as such entities' parent

19   companies, subsidiary companies, and affiliated companies. In the event that

20   source code is to be produced in this action, the Parties agree that they will

21   negotiate amendments to this Order governing the production of source code.

22   Nothing herein shall be construed as a waiver of any Party's right to object to the

23   production of any document or thing.

24       2.     A Producing Party may designate any information or materials it

25   produces in this action as (1) "CONFIDENTIAL," or (2) "HIGHLY

26   CONFIDENTIAL – ATTORNEY EYES ONLY" under the terms of this Order

27   (collectively referred to herein as "Protected Information"). Absent a specific order

28   by this Court, Protected Information shall be used by a Receiving Party solely in

1    connection with this action and not for any other purpose whatsoever, including but
2    not limited to any business, competitive, or governmental purpose or function or for
3    any other litigation, and such information shall not be disclosed to anyone except as
4    provided herein.

5       3.      For purposes of this Order, "CONFIDENTIAL INFORMATION"
6    shall mean all information or material produced for or disclosed to a Receiving
7    Party that a Producing Party, including any Party to this action and any non-Party
8    producing information or material pursuant to a subpoena or a court order,
9    considers in good faith to constitute or to contain trade secrets or other confidential
10   research, development, or commercial information, whether embodied in physical
11   objects, documents or the factual knowledge of persons, and which has been so
12   designated by the Producing Party in a manner consistent with this Order. Any
13   CONFIDENTIAL INFORMATION obtained by any Party from any person
14   pursuant to discovery in this litigation may be used only for purposes of preparation
15   and litigation of the above-referenced case.

16      4.      Any document or tangible thing containing or including any
17   CONFIDENTIAL INFORMATION may be designated as such by the Producing
18   Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished
19   to the Receiving Party. The following persons shall have access to documents
20   designated "CONFIDENTIAL":

21      (a)    Outside litigation counsel of record and supporting personnel
22             employed in the law firm(s) of outside litigation counsel of record,
23             such as attorneys, paralegals, clerks, secretaries, contract attorneys,
24             and clerical personnel;

25      (b)    Up to four (4) internal counsel of Defendants who either have
26             responsibility for making decisions dealing directly with the litigation
27             of this action or who are assisting outside counsel in preparation for
28             proceedings in this action;

1    (c)    Up to four (4) internal counsel of Plaintiff who either have

2          responsibility for making decisions dealing directly with the litigation

3          of this action or who are assisting outside counsel in preparation for

4          proceedings in this action;

5    (d)    Up to four (4) officers, directors or employees of a party who either

6          have responsibility for making decisions dealing directly with the

7          litigation of this action or who are assisting outside counsel in

8          preparation for proceedings in this action;

9    (e)    The Court, its personnel and stenographic reporters;

10   (f)    Independent legal translators retained to translate in connection with

11         this action, provided they agree to maintain the confidentiality of any

12         Protected Information;    independent court reporters and

13         videographers retained to record and transcribe testimony given in

14         connection with this action; independent copying, scanning, technical

15         support and electronic document processing services retained by

16         counsel in connection with this action; graphics, translation, or design

17         services retained by counsel for purposes of preparing demonstrative

18         or other exhibits for deposition, trial or otherwise in connection with

19         this action, provided they agree to maintain the confidentiality of any

20         Protected Information; and non-technical jury or trial consulting

21         services retained by counsel in connection with this action, and mock

22         jurors, provided they agree to maintain the confidentiality of any

23         Protected Information; and

24   (g)    Experts or consultants of the parties (and their secretarial and clerical

25         personnel) retained to assist counsel in this case who have complied

26         with the provisions of Paragraphs 11 and 12 herein and who have

27         signed the form attached hereto as *Exhibit A.*

28

[PROPOSED] STIPULATED PROTECTIVE                    5                              4487713_2
ORDER FOR DISCOVERY

Case 2:11-cv-05210-DDP -AGR  Document 16   Filed 10/28/11   Page 6 of 21   Page ID #:121
Case 2:11-cv-05210-DL   AGR   Document 12-1   Filed 10/2.   Page 6 of 23   Page ID
#:92

1    5.    At the request of any Party, the original and all copies of any

2    deposition transcript, including video copies, in whole or in part, shall be marked

3    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES

4    ONLY" by the reporter.  This request may be made orally during the deposition or

5    in writing within thirty (30) days of receipt of the final certified transcript.

6    Deposition transcripts of witnesses shall be treated as "HIGHLY CONFIDENTIAL

7    – ATTORNEY EYES ONLY" until the expiration of the time to make a

8    confidentiality designation.  Any portions so designated shall thereafter be treated

9    in accordance with the terms of this Order.

10    6.    All CONFIDENTIAL INFORMATION not reduced to documentary,

11    tangible, or physical form or which cannot be conveniently designated as set forth

12    in paragraph 2, shall be designated by the Producing Party by informing the

13    Receiving Party of the designation in writing.  In the event the Producing Party

14    elects to produce original documents or other material for inspection, no markings

15    need be made by the Producing Party in advance of the inspection.  During the

16    inspection, all such documents shall be considered as marked "HIGHLY

17    CONFIDENTIAL – ATTORNEY EYES ONLY."  After selection by the Receiving

18    Party of specified documents or material for copying, the Producing Party shall

19    make the appropriate copies, and the appropriate confidentiality designations shall

20    be placed on the specified documents or materials prior to providing the copies to

21    the Receiving Party.

22    7.    The following information is not CONFIDENTIAL INFORMATION:

23    (a)    Any information which at the time of disclosure to a Receiving Party

24    is in the public domain;

25    (b)    Any information which, after its disclosure to a Receiving Party,

26    becomes part of the public domain as a result of publication not

27    involving a violation of this Order;

28

[PROPOSED] STIPULATED PROTECTIVE          6                                    4487713_2
ORDER FOR DISCOVERY

1       (c)    Any information that the Receiving Party can show was already

2              known to it prior to this litigation;

3       (d)    Any information that the Receiving Party can show was received by it

4              after the disclosure from a source who obtained the information

5              lawfully and under no obligation of confidentiality to the Producing

6              Party; and

7       (e)    Any information that the Receiving Party can show was independently

8              developed by it after the time of disclosure by personnel who did not

9              have  access to the Producing Party's CONFIDENTIAL

10             INFORMATION.

11      **ADDITIONAL RESTRICTIONS ON CERTAIN INFORMATION**

12      8.    CONFIDENTIAL INFORMATION may be designated "HIGHLY

13  CONFIDENTIAL – ATTORNEY EYES ONLY." The "HIGHLY

14  CONFIDENTIAL – ATTORNEY EYES ONLY" designation is reserved for

15  CONFIDENTIAL INFORMATION that constitutes, includes or reflects proprietary

16  technical data or highly sensitive commercial information of a non-Party or Party.

17  Documents designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES

18  ONLY" and information contained therein shall be available only to those persons

19  identified in sections (a), (e), (f) and (g) of Paragraph 4 herein.

20                      **PRODUCTION FORMATS**

21      9.    The parties agree that discovery materials will be produced in this case

22  as follows:

23       (a)    Paper as single-page TIFFs.  Plaintiff will produce with Summation

24              load files, and Ipro image load files, including beginning and ending

25              document Bates Numbers, and with OCR if generated by the

26              producing party for its own use.  Defendants will similarly produce

27              Summation load files, and Ipro image load files, including beginning

28

1      and ending document Bates Numbers, and with OCR if generated by

2      the producing party for its own use.

3     (b)   Electronic documents will be produced at the producing party's option

4      as:

5        i.    Single page TIFFs (with load files as specified in Paragraph

6            10(a)) and extracted text (if reasonably available) on a per

7            document level; or

8        ii.   Native electronic format.

9     (c)   Except as otherwise agreed by the parties or ordered by the Court,

10     electronically stored information need not be produced in native

11     format, and metadata need not be produced.  To the extent either party

12     believes, on a case-by-case basis, that documents should be produced

13     in an alternative format, or that metadata should be produced, the

14     parties have agreed that they will meet and confer in good faith

15     concerning such alternative production arrangements (and will

16     approach the Court for guidance only in the event of a dispute).

17     (d)   Before any large-scale production of e-mail shall be required, the

18     parties shall further confer in good faith on measures to minimize the

19     volume and burden of e-mail production.

20     (e)   Unmanageably large and/or unusually formatted electronic documents,

21     such as spreadsheets, databases, log files, computer aided design

22     (CAD) drawings or documents, and large-scale schematic diagrams,

23     shall be produced to the extent practicable as partial exemplars

24     sufficient to show the nature of the document, so long as the producing

25     party identifies them as such.  The receiving party may identify any

26     such exemplars for production in full, in which case the producing and

27     receiving parties shall confer to determine the most practicable format

28     for such production.  If the parties are unable to agree on a format for

Case 2:11-cv-05210-DDP -AGR Document 16 Filed 10/28/11 Page 9 of 21 Page ID #:124
Case 2:11-cv-05210-DL AGR Document 12-1 Filed 10/21 Page 9 of 23 Page ID
#:95

1    such production, then the document shall be produced in full in native

2    format if the application needed to properly access, view and print the

3    information is commonly used or easily available at nominal cost, or

4    as a single page TIFFs.

5    **<u>DISCLOSURE TO EXPERTS</u>**

6    10.    A Party that seeks to disclose Protected Information of a Party to an

7    expert (as defined in paragraph 4(f) above) who is actively assisting in the

8    preparation for and/or trial of the case must, at least fourteen (14) days in advance

9    of such disclosure, first provide written notice to the Producing Party that: (1)

10   identifies the name of the expert; (2) attaches a current copy of the expert's resume;

11   (3) identifies each person or entity from whom the expert has received

12   compensation for work in his or her areas of expertise or to whom the expert has

13   provided professional services at any time during the preceding four (4) years; and

14   (4) identifies (by name, cause number, filing date, and location of court) any

15   litigation in connection with which the expert has provided any professional

16   services during the preceding four (4) years.  However, if disclosure of either the

17   identity of the entity for which the work is being or has been performed or the

18   subject matter of that work, or both, is deemed proprietary, then the fact that certain

19   information is being withheld on the basis that it is proprietary shall be disclosed.

20   The written notice required under this Paragraph need not be given to non-Parties

21   who have produced Protected Information pursuant to this Protective Order.

22   11.    Any expert having access to Protected Information shall be given a

23   copy of this Order and its provisions must be explained to him/her by counsel and

24   such expert must agree to be bound by this Order.  Before any disclosure of

25   Protected Information occurs, such expert shall execute the form attached hereto as

26   *Exhibit A*.  Outside Counsel for the Receiving Party with whom such expert is

27   affiliated or by whom he/she is retained shall maintain the signed *Exhibit A*.

28

[PROPOSED] STIPULATED PROTECTIVE
ORDER FOR DISCOVERY

9

4487713_2

Case 2:11-cv-05210-DDP-AGR Document 16 Filed 10/28/11 Page 10 of 21 Page ID
Case 2:11-cv-05210-DD JGR Document 12-1 Filed 10/21, Page 10 of 23 Page ID
#:96

12. A Party objecting to disclosure of Protected Information to an expert shall, within ten (10) business days of receiving the written notice contemplated by Paragraph 10 herein, state with particularity the ground(s) of the objection and the specific categories of documents that are subject to the objection. The objecting party's consent to the disclosure of Protected Information to an expert shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the expert will result in business or economic harm to that party.

13. If, after consideration of the objection, the party desiring to disclose the Protected Information to an expert refuses to withdraw the expert from consideration, that party shall provide written notice to the objecting party. Thereafter, the objecting party shall, pursuant to L.R. 37, promptly seek a ruling from the Court on its objection. A failure to file a motion within the twenty (20) business day period shall operate as an approval of disclosure of the Protected Information to the expert.

14. The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the expert. This "good cause" shall include a particularized showing that: (1) the Protected Information is confidential commercial information; (2) disclosure of the Protected Information could result in a potential business or economic harm to the objecting party's business; and (3) the proposed expert is in a position to allow the Protected Information to be disclosed to the objecting party's competitors.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

15. The Parties will use reasonable care when designating any documents, material or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY." Nothing in this Order shall prevent a Receiving Party from contending that documents, material, or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY

Case 2:11-cv-05210-DDP -AGR  Document 16  Filed 10/28/11  Page 11 of 21  Page ID
Case 2:11-cv-05210-DD  -GR  Document 12-1  Filed 10/21,  Page 11 of 23  Page ID
#:97

1  EYES ONLY" have been improperly designated.  A Receiving Party may at any

2  time request that the Producing Party cancel or modify the confidentiality

3  designation with respect to any such document, or the information contained

4  therein.

5        16.    A Receiving Party shall not be obligated to challenge the propriety of a

6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES

7  ONLY" designation at the time made, and a failure to do so shall not preclude a

8  subsequent challenge thereto.  Such a challenge shall be written, served on counsel

9  for the Producing Party, and particularly identify the documents or information that

10  the Receiving Party contends should be differently designated.  The Receiving

11  Party and Producing Party shall use their best efforts to resolve promptly and

12  informally such disputes.  If agreement cannot be reached, the Receiving Party may

13  file a motion <ins>pursuant to L.R. 37</ins> requesting that the Court cancel or modify a "CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" designation.  The

15  burden of demonstrating the confidential nature of any information shall at all times

16  be and remain on the Producing Party.

17         **LIMITATIONS ON THE USE OF PROTECTED MATERIAL**

18        17.    Protected Information shall be held in confidence by each person to

19  whom it is disclosed, shall be used only for purposes of this litigation, shall not be

20  used for any other purpose, and shall not be disclosed to any person who is not

21  entitled to receive such information as herein provided.  All such information shall

22  be carefully maintained so as to preclude access by persons who are not entitled to

23  receive such information.

24        18.    No attorney for or representing a Party, whether in-house or outside

25  counsel, nor any other person associated with a Party who is permitted to receive

26  Protected Information pursuant to Paragraph 8 herein, who obtains, receives, has

27  access to, or otherwise learns, in whole or in part, Protected Information of another

28  Party designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY

[PROPOSED] STIPULATED PROTECTIVE      11
ORDER FOR DISCOVERY                          4487713_2

Case 2:11-cv-05210-DDP -AGR Document 16 Filed 10/28/11 Page 12 of 21 Page ID
Case 2:11-cv-05210-DD -JGR Document 12-1 Filed 10/21. Page 12 of 23 Page ID
#:98

1    pursuant to Paragraph 8 under this Order shall prepare, prosecute, supervise, or

2    assist in the preparation or prosecution of any patent application for the Party, or for

3    any affiliated or related entity or person, pertaining to the subject matter of the

4    patents-in-suit or the disclosed Protected Information during the pendency of this

5    case and for two years after the conclusion of this litigation, including any appeals.

6    Nothing in this paragraph shall be construed as a waiver of the other provisions of

7    this Order, including but not limited to those provisions restricting the use and

8    disclosure of Protected Information.

9       19.    Nothing in this Order shall preclude any Party to this lawsuit or their

10    attorneys from (1) showing a document or documents designated as

11    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES

12    ONLY" to an individual who either authored or was copied on the distribution of

13    the document, as indicated on the document's face, prior to the filing of this action;

14    (2) showing a document or documents designated as "CONFIDENTIAL" or

15    "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" to an individual who,

16    by sworn testimony, has been identified as a recipient or author of the document; or

17    (3) from disclosing or using, in any manner or for any purpose, any information or

18    documents from the Party's own files which the Party itself has designated

19    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES

20    ONLY."

21       20.    Any person may be examined as a witness at a deposition, hearing, ~~or~~ or

22    ~~trial~~ and may testify concerning all Protected Information of which such person has

23    knowledge, including knowledge based on that person's appropriate or permitted

24    review of any Protected Information from a Producing Party. Without in any way

25    limiting the generality of the foregoing:

26       (a)    If a present director, officer, and/or employee of a Producing Party is

27           examined, he or she may testify concerning all Protected Information

28

Case 2:11-cv-05210-DDP -AGR Document 16 Filed 10/28/11 Page 13 of 21 Page ID
Case 2:11-cv-05210-DD. JGR Document 12-1 Filed 10/21. Page 13 of 23 Page ID
#:99

1         which has been produced by the Producing Party and/or which he or

2         she has prior knowledge;

3   (b)   If a non-Party or opposing party is examined or testifies, the non-Party

4         or opposing party may be examined or testify concerning any

5         document containing Protected Information of a Producing Party

6         which appears on its face or from other documents or testimony to

7         have been received from or communicated to the non-Party or

8         opposing party.

9   21.   Nothing in this Order shall prohibit the transmission or communication

10  of Protected Information between or among qualified recipients by (1) hand

11  delivery, (2) in sealed envelopes via mail or delivery service, or (3) by telephone,

12  facsimile, email, or other electronic transmission.

13   22.   Nothing herein shall restrict a qualified recipient from making working

14  copies, abstracts, digests, and analyses of Protected Information for use in

15  connection with this litigation.  Further, nothing herein shall restrict a qualified

16  recipient from converting or translating Protected Information into machine

17  readable form for incorporation into a data retrieval system used in connection with

18  this action, provided that access to Protected Information, in whatever form stored

19  or reproduced, shall be limited to qualified recipients.

20   22a.   Nothing in this Protective Order shall be interpreted to restrict an

21  attorney permitted to receive Protected Information pursuant to Paragraphs 4 or 8

22  herein from rendering legal advice to or discussing with her or his client the merits

23  of any issue in this litigation as long as the specific substance or content of the

24  Protected Information is not revealed to a person who is not qualified to receive

25  such information under the terms of this Protective Order.

26

27

28

Case 2:11-cv-05210-DDP -AGR   Document 16   Filed 10/28/11   Page 14 of 21   Page ID
Case 2:11-cv-05210-DD   JGR   Document 12-1   Filed 10/21,   Page 14 of 23   Page ID
#:100

## NON-PARTY USE OF THIS PROTECTIVE ORDER

23.    A non-Party producing information pursuant to a subpoena or a court order may *request to do so pursuant to this protective order. The non-Party may* designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

24.    A non-Party's use of this Protective Order to protect its information does not entitle that non-Party access to Protected Information produced by any Party in this case.

## NO WAIVER OF PRIVILEGE

25.    Pursuant to Rule 502 of the Federal Rules of Evidence and Rule26(c)(5)(B) of the Federal Rules of Civil Procedure, the disclosure of protected communications or information shall not constitute a waiver of any privilege or other protection (including work product).

26.    Within the time agreed by the parties or prescribed by the Court, the parties will provide privilege logs for protected materials withheld for attorney-client privilege or pursuant to the work product doctrine (or other privileges or doctrines).  The Producing Party shall provide a privilege log for all withheld documents or other materials, including redacted materials.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the designation of attorney-client privilege, work product or other designation of protection.  The parties are not required to include on their privilege logs any protected documents that came into existence after the filing date of the complaint.

## MISCELLANEOUS PROVISIONS

27.    Inadvertent failure to identify documents or things as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied.  If the Producing Party discovers that information should have been

Case 2:11-cv-05210-DDP-AGR Document 16 Filed 10/28/11 Page 15 of 21 Page ID
Case 2:11-cv-05210-DD. -JGR Document 12-1 Filed 10/21. Page 15 of 23 Page ID
#:101

1    but was not designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

2    ATTORNEY EYES ONLY," the Producing Party must immediately notify all

3    other Parties. In such event, within seven (7) business days of notifying all other

4    Parties, the Producing Party must provide copies of the "CONFIDENTIAL" or

5    "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" information

6    designated in accordance with this Order. After receipt of such re-designated

7    information, this "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

8    ATTORNEY EYES ONLY" information shall be treated as required by this Order.

9    The Receiving Party shall have no liability, under this Order or otherwise, for any

10   disclosure of information contained in unlabeled or mislabeled documents or things

11   occurring before the Receiving Party was placed on notice of the Producing Party's

12   claims of confidentiality.

13        28.    Any of the notice requirements herein may be waived, in whole or in

14   part, solely by a writing signed by an attorney of record for the party against whom

15   such waiver will be effective.

16        29.    Within sixty (60) days after the entry of a final non-appealable

17   judgment or order, or the complete settlement of all claims asserted against all

18   Parties in this action, each Party shall either return or destroy all physical objects

19   and documents which contain Protected Information which were received from the

20   Producing Party, and shall destroy in whatever form stored or reproduced, all other

21   physical objects and documents which contain Protected Information, except that

22   each Party's outside counsel may maintain all documents, things, copies, and

23   samples to the extent they include or reflect a Receiving Party's work product. In

24   addition, each Party shall certify in writing to each Producing Party that such

25   Protected Information has been returned or destroyed as required above.

26   Notwithstanding the foregoing, outside counsel of record shall be entitled to

27   maintain copies of all pleadings, motions and trial briefs (including all supporting

28   and opposing papers and exhibits thereto), written discovery requests and responses

Case 2:11-cv-05210-DDP -AGR Document 16 Filed 10/28/11 Page 16 of 21 Page ID
Case 2:11-cv-05210-DD JGR Document 12-1 Filed 10/21 Page 16 of 23 Page ID
#:102

1   (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts,

2   exhibits offered or introduced into evidence at trial, and any work-product

3   containing Protected Information provided, however, that any Protected

4   Information contained in any such documents retained by outside counsel of record

5   shall remain subject to the protections of this Order. Notwithstanding this

6   provision, counsel for the Parties are not required to delete information that may

7   reside on the respective back-up systems of the firms which are over-written in the

8   normal course of business; however, the counsel for the Parties agree that no

9   Protected Information shall be retrieved from the electronic back-up systems after

10  conclusion of this litigation.

11      30.    If at any time documents containing Protected Information are

12  subpoenaed by any court, arbitral, administrative, or legislative body, the person to

13  whom the subpoena or other request is directed shall immediately give written

14  notice thereof to the Producing Party and to its counsel and shall provide the

15  Producing Party with an opportunity to object to the production of such documents.

16  If a Producing Party does not take steps to prevent disclosure of such documents

17  within ten (10) business days of the date written notice is given, the party to whom

18  the referenced subpoena is directed may produce such documents in response

19  thereto.

20      31.    Pursuant to the provisions of Rule 26(b)(4)(B) of the Federal Rules of

21  Civil Procedure, a testifying expert's draft reports, regardless of form, are exempt

22  from discovery. A testifying expert's notes, outlines, and any other writings

23  relating to the preparation of the expert's draft or final reports, regardless of form,

24  are also exempt from discovery. Communications between counsel and a testifying

25  expert are exempt from disclosure as provided in Rule 26(b)(4)(C) of the Federal

26  Rules of Civil Procedure.

27      32.    In the event a Party wishes to use any Protected Information in any

28  affidavits, briefs, memoranda of law, or other papers filed with the Court in this

[PROPOSED] STIPULATED PROTECTIVE          16
ORDER FOR DISCOVERY                                              4487713_2

Case 2:11-cv-05210-DDP-AGR Document 16 Filed 10/28/11 Page 17 of 21 Page ID
Case 2:11-cv-05210-DD JGR Document 12-1 Filed 10/21. Page 17 of 23 Page ID
#:103

1  action, the Party must request approval from the Court to file such Protected

2  Information under seal pursuant to Local Rule 79-5.1. Upon approval by the Court,

3  such Protected Information shall be filed under seal with the Court in the manner

4  prescribed by Local Rule 79-5. The Clerk of this Court is directed to maintain

5  under seal all documents and transcripts of deposition testimony and answers to

6  interrogatories, admissions, and other pleadings filed under seal with the Court in

7  this action which have been designated, in whole or in part, as "CONFIDENTIAL"

8  or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY."

9      33.    The United States District Court for the Central District of California,

10  or any Court to which this action is transferred, is responsible for the interpretation

11  and enforcement of this Protective Order. All disputes concerning documents or

12  information covered under this Protective Order (however designated) and

13  produced under the protection of this Protective Order shall be resolved by the

14  United States District Court for the Central District of California.

15      34.    Nothing in this Protective Order shall limit any Party's use of its own

16  documents and information, nor shall it prevent any Party from disclosing its own

17  Protected Information or documents to any person. Such disclosure shall not affect

18  any designations made pursuant to the terms of this Protective Order, so long as the

19  disclosure is made in a manner that is reasonably calculated to maintain the

20  confidentiality of the information.

21      35.    Nothing in this Protective Order shall prevent or otherwise restrict

22  counsel from rendering advice to their clients and, in the course of rendering such

23  advice, relying upon the examination of designated material. In rendering such

24  advice and otherwise communicating with the client, however, counsel shall not

25  make specific disclosure of any Protected Information, except as permitted by this

26  Protective Order.

27      36.    This Protective Order shall govern as of the filing date of this lawsuit

28  until modified or superseded by a further Order of this Court and is without

[PROPOSED] STIPULATED PROTECTIVE          17
ORDER FOR DISCOVERY                                                    4487713_2

Case 2:11-cv-05210-DDP-AGR   Document 16   Filed 10/28/11   Page 18 of 21   Page ID
Case 2:11-cv-05210-DD.   GR   Document 13-1   Filed 10/21,   Page 18 of 23   Page ID
#:104

1   prejudice to any Party moving to amend this Protective Order at a later time. This

2   Protective Order may be altered by written agreement of the parties or, as

3   applicable, the Parties and any non-Party.

4       37.   This Protective Order shall also apply to any and all materials and/or

5   information produced and/or provided in connection with the parties' past, present,

6   and future settlement negotiations and/or discussions, including, but not limited to,

7   negotiations and/or discussions covered under Rule 408 of the Federal Rules of

8   Evidence.

9       38.   This Protective Order shall be binding upon the Parties, and their

10   respective attorneys, successors, executors, personal representatives, administrative,

11   heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents,

12   independent contractors, or other persons or organizations over which they have

13   control. This Protective Order shall remain in full force and effect after the

14   termination of this litigation, or until canceled or otherwise modified by Order of

15   this Court.

16   **IT IS SO ORDERED.**

18   DATED: October 28, 2011

Honorable Alicia G. Rosenberg
United States District Magistrate Judge

Case 2:11-cv-05210-DDP-AGR   Document 16   Filed 10/28/11   Page 19 of 21   Page ID
Case 2:11-cv-05210-DD   JGR   Document 12-1   Filed 10/21,   Page 19 of 23   Page ID
#:105

1    Stipulated as to form and substance:

2

3    DATED:  October 20, 2011          CONNOLLY BOVE LODGE & HUTZ LLP

4                                      By: _____
5                                          Bruce G. Chapman
                                           Attorneys for Plaintiff ENOVSYS LLC
6

7    DATED:  October 20, 2011          BAKER BOTTS L.L.P.

8                                      By: Christopher W. Kennedy by BGC
9                                          Christopher W. Kennerly  (with permission)
                                           Attorneys for Defendants
10                                         AT&T MOBILITY LLC, and AT&T
                                           MOBILITY II LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 2:11-cv-05210-DDP -AGR Document 16 Filed 10/28/11 Page 20 of 21 Page ID
Case 2:11-cv-05210-DD, JGR Document 13-1 Filed 10/21, Page 20 of 23 Page ID
#:106

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOVSYS LLC, a California limited liability company, | Case No. CV 11-05210 DDP (AGRx) |
| Plaintiff, | **CONFIDENTIALITY UNDERTAKING** |
| v. | |
| AT&T MOBILITY LLC, a Delaware limited liability company, and AT&T MOBILITY II LLC, a Delaware limited liability company, collectively doing business as AT&T Mobility, | |
| Defendants. | |

## EXHIBIT A – UNDERTAKING

I have read and understand the Agreed Protective Order (the "Order") in the above-captioned case (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" may be provided to me and that such access shall be governed by the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

I shall not use or disclose any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" information to others, except in accordance with the Order. I also understand that, in the event that I fail to abide by the terms of this Undertaking or the Order, I may be subject to sanctions by way of

Case 2:11-cv-05210-DDP-AGR   Document 16   Filed 10/28/11   Page 21 of 21   Page ID
Case 2:11-cv-05210-DD.   )GR   Document 12ad   Filed 10/21/   )Page 21 of 23   Page ID
#:107

1    contempt of court and to separate legal and equitable recourse by the adversely

2    affected Producing Party.

3

4    Date: _____          Signature:_____

5                                       Printed Name:_____

6                                       Address:_____

7                                       _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE                2                                    4487713_2
ORDER FOR DISCOVERY