**BAKER BOTTS L.L.P.**
Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Christopher W. Kennerly (SBN 255932)
chris.kennerly@bakerbotts.com
Kevin E. Cadwell (SBN 255794)
kevin.cadwell@bakerbotts.com
620 Hansen Way
Palo Alto, CA 94304
Tel: 650.739.7500
Fax: 650.739.7699

Attorneys for Defendants and Counterclaimants
AT&T MOBILITY LLC and AT&T MOBILITY II LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ENOVSYS LLC, <br><br> Plaintiff, <br><br> vs. <br><br> AT&T MOBILITY LLC and AT&T MOBILITY II LLC, <br><br> Defendants. | Case No.: 2:11-CV-05210-DDP (AGRx) <br><br> **DEFENDANTS AT&T MOBILITY LLC AND AT&T MOBILITY II LLC'S ANSWER WITH AFFIRMATIVE DEFENSES TO ENOVSYS'S COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Defendants AT&T Mobility LLC and AT&T Mobility II LLC (collectively "AT&T Mobility") file their Answer to the Complaint for Patent Infringement ("Complaint") filed by Enovsys LLC ("Plaintiff"), and state as follows:

## THE PARTIES

1. AT&T Mobility is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. AT&T Mobility admits that AT&T Mobility LLC is a Delaware limited liability company having a place of business at 1025 Lenox Park Boulevard NorthEast, Atlanta, GA 30319.

3. AT&T Mobility admits that AT&T Mobility II LLC is a Delaware limited liability company. AT&T Mobility denies the remainder of the allegations of Paragraph 3 of the Complaint.

4. AT&T Mobility admits that the Complaint purports to collectively refer to Defendants AT&T Mobility LLC and AT&T Mobility II LLC as "AT&T Mobility" or "Defendants." AT&T Mobility denies the remainder of the allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. AT&T Mobility admits that Plaintiff's present action purports to arise under Title 35 of the United States Code. AT&T Mobility admits that this Court has subject matter jurisdiction over such actions pursuant to 28 U.S.C. §§ 1331 and 1338.

6. AT&T Mobility admits that venue is proper with respect to AT&T Mobility in this district. AT&T Mobility denies that it has consented to jurisdiction in this district, induced acts of patent infringement in this district, and engaged in acts of patent infringement in this district.

## THE ALLEGED FACTUAL BACKGROUND

7. AT&T Mobility is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. AT&T Mobility is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9. AT&T Mobility admits that the face of U.S. Patent No. 6,560,461 ("the '461 Patent") indicates that the '461 Patent issued on May 6, 2003. AT&T Mobility also admits that the face of the '461 Patent indicates that the named inventors of the '461 Patent are Mundi Fomukong and Denzil Willoughby Chesney. AT&T Mobility also admits that a copy of the '461 Patent was attached to the Complaint as Exhibit A. AT&T Mobility is without sufficient knowledge or information either to admit or deny the remainder of the allegations contained in Paragraph 9 of the Complaint.

10. AT&T Mobility admits that the face of U.S. Patent No. 7,925,273 ("the '273 Patent") indicates that the '273 Patent was assigned to Enovsys LLC. AT&T Mobility is without sufficient knowledge or information either to admit or deny the remainder of the allegations contained in Paragraph 10 of the Complaint.

11. AT&T Mobility admits that the face of the '273 Patent indicates that the '273 Patent issued on April 12, 2011. AT&T Mobility also admits that the face of the '273 Patent indicates that the named inventors of the '273 Patent are Mundi Fomukong and Denzil Willoughby Chesney. AT&T Mobility also admits that a copy of the '273 Patent was attached to the Complaint as Exhibit B. AT&T Mobility is without sufficient knowledge or information either to admit or deny the remainder of the allegations contained in Paragraph 11 of the Complaint.

12. AT&T Mobility denies the allegations of Paragraph 12 of the Complaint.

13. AT&T Mobility denies the allegations of Paragraph 13 of the Complaint.

14.     AT&T Mobility denies the allegations of Paragraph 14 of the Complaint.

15.     AT&T Mobility is without sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16.     AT&T Mobility is without sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17.     AT&T Mobility admits that it is a provider of telecommunications services.  AT&T Mobility is without sufficient knowledge or information either to admit or deny the remainder of the allegations contained in Paragraph 17 of the Complaint.

18.     AT&T Mobility admits that AT&T Mobility serves more than 95 million wireless customers.  AT&T Mobility is without sufficient knowledge or information either to admit or deny the remainder of the allegations contained in Paragraph 18 of the Complaint.

19.     AT&T Mobility denies the allegations of Paragraph 19 of the Complaint.

20.     AT&T Mobility admits that AT&T Mobility offers AT&T FamilyMap, AT&T Navigator, AT&T Navigator Global Edition, TeleNav Track LITE, TeleNav Track, TeleNav Vehicle Tracker, Xora GPS Locator, and Xora GPS TimeTrack.  AT&T Mobility is without sufficient knowledge or information either to admit or deny the remainder of the allegations contained in Paragraph 20 of the Complaint.

21.     AT&T Mobility is without sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22.     AT&T Mobility denies the allegations of Paragraph 22 of the Complaint.

AT&T MOBILITY'S ANSWER WITH AFFIRMATIVE
DEFENSES TO ENOVSYS'S COMPLAINT                - 3 -                (2:11-CV-05210-DDP (AGRX))

23. AT&T Mobility denies the allegations of Paragraph 23 of the Complaint.

24. AT&T Mobility denies the allegations of Paragraph 24 of the Complaint.

25. AT&T Mobility admits that maintaining the privacy of its subscribers is important to AT&T Mobility. AT&T Mobility denies the remainder of the allegations of Paragraph 25 of the Complaint.

26. AT&T Mobility denies the allegations of Paragraph 26 of the Complaint.

27. AT&T Mobility is without sufficient knowledge to admit or deny the allegations contained in Paragraph 27 of the Complaint.

28. AT&T Mobility denies the allegations of Paragraph 28 of the Complaint.

29. AT&T Mobility is without sufficient knowledge to admit or deny the allegations contained in Paragraph 29 of the Complaint.

30. AT&T Mobility denies the allegations of Paragraph 30 of the Complaint.

31. AT&T Mobility is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the Complaint.

32. AT&T Mobility denies the allegations of Paragraph 32 of the Complaint.

33. AT&T Mobility denies the allegations of Paragraph 33 of the Complaint.

34. AT&T Mobility denies the allegations of Paragraph 34 of the Complaint.

35. AT&T Mobility admits that AT&T Mobility LLC received a letter from Enovsys LLC on February 5, 2010 that identified the '461 Patent by its U.S.

patent number. AT&T Mobility denies the remainder of the allegations of Paragraph 35 of the Complaint.

### PLAINTIFF'S ALLEGATIONS CONCERNING "INFRINGEMENT OF U.S. PATENT NO. 6,560,461"

36. AT&T Mobility incorporates by reference its responses to Paragraphs 1-35 of the Complaint.

37. AT&T Mobility denies the allegations of Paragraph 37 of the Complaint.

38. AT&T Mobility denies the allegations of Paragraph 38 of the Complaint.

### PLAINTIFF'S ALLEGATIONS CONCERNING "INFRINGEMENT OF U.S. PATENT NO. 7,925,273"

39. AT&T Mobility incorporates by reference its responses to Paragraphs 1-35 of the Complaint.

40. AT&T Mobility denies the allegations of Paragraph 40 of the Complaint.

41. AT&T Mobility denies the allegations of Paragraph 41 of the Complaint.

### PRAYER FOR RELIEF

42. AT&T Mobility denies any and all allegations in the remainder of the Complaint, including any allegations in the Prayer for Relief (Paragraphs a-h). AT&T Mobility denies that Plaintiff is entitled to any relief in any form whatsoever from AT&T Mobility and specifically denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief (Paragraphs a-h) of the Complaint. AT&T Mobility further denies each and every allegation in the

Complaint as they relate to AT&T Mobility to which it has not specifically responded.

## **AFFIRMATIVE AND OTHER DEFENSES**

### **First Defense**

43. Plaintiff has failed to state a claim upon which relief can be granted.

### **Second Defense**

44. AT&T Mobility has not willfully or otherwise infringed, directly or indirectly, either literally or under the doctrine of equivalents, either individually or collectively, any claim of the '461 and/or '273 Patents (the "Asserted Patents").

### **Third Defense**

45. The claims of the Asserted Patents are invalid, *inter alia*, for failure to comply with Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### **Fourth Defense**

46. On information and belief, Plaintiff's claims are barred by the doctrine of prosecution history estoppel.

### **Fifth Defense**

47. On information and belief, Plaintiff's claims of alleged infringement of the Asserted Patents are barred by laches, estoppel, and/or other equitable defenses, including waiver.

### **Sixth Defense**

48. On information and belief, Plaintiff's claims for injunctive relief are barred because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

### Seventh Defense

49. On information and belief, Plaintiff's claims are barred because the equitable doctrine of prosecution laches renders the Asserted Patents unenforceable.

### Eighth Defense

50. On information and belief, AT&T Mobility has not engaged in any conduct that entitles Plaintiff to attorneys' fees or costs.

### Ninth Defense

51. On information and belief, Plaintiff's ability to recover costs associated with this action is barred by 35 U.S.C. § 288.

### Tenth Defense

52. On information and belief, Plaintiff's ability to recover for any alleged infringement is barred or limited under 35 U.S.C. § 286.

### Eleventh Defense

53. On information and belief, Plaintiff's ability to recover for any alleged infringement is barred or limited by its failure to meet the requirements of 35 U.S.C. § 287.

### Twelfth Defense

54. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the Asserted Patents.

### **COUNTERCLAIMS**

55. Pursuant to section V(C)(1) of General Order 10-07, AT&T Mobility's Counterclaims against Enovsys are being filed manually. AT&T Mobility realleges and incorporates by reference the allegations contained therein.

| | | |
|---|---|---|
| 1 | Dated: November 3, 2011 | Respectfully submitted, |
| 2 | | BAKER BOTTS L.L.P. |
| 3 | | |
| 4 | | */s/ Christopher W. Kennerly* |
| 5 | | Christopher W. Kennerly |
| 6 | | Attorneys for Defendants and Counterclaimants |
| 7 | | AT&T MOBILITY LLC and AT&T MOBILITY II LLC |