**BAKER BOTTS L.L.P.**
Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Christopher W. Kennerly (SBN 255932)
chris.kennerly@bakerbotts.com
620 Hansen Way
Palo Alto, CA 94304
Telephone: 650.739.7500
Facsimile:  650.739.7699

Attorneys for Defendants and Counterclaimants
AT&T MOBILITY LLC and AT&T MOBILITY II LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ENOVSYS LLC,<br><br>              Plaintiff,<br><br>    vs.<br><br>AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>              Defendants. | Case No.: 2:11-CV-05210-DDP (AGRx)<br><br>**DEFENDANTS AT&T MOBILITY LLC AND AT&T MOBILITY II LLC'S COUNTERCLAIMS AGAINST PLAINTIFF ENOVSYS**<br><br>D-3<br><br>**JURY TRIAL DEMANDED** |
| AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>              Counterclaimants,<br><br>    vs.<br><br>ENOVSYS LLC,<br><br>              Counterdefendant. | BY FAX |

Defendants AT&T Mobility LLC and AT&T Mobility II LLC (collectively "AT&T Mobility") file their Counterclaims on Enovsys LLC ("Enovsys"), and state as follows:

## COUNTERCLAIMS

1.     AT&T Mobility LLC is a Delaware limited liability company with its principal place of business at 1025 Lenox Park Blvd. NE, Atlanta, GA 30319-5309.

2.     AT&T Mobility II LLC is a Delaware limited liability company with its principal place of business at 1025 Lenox Park Blvd. NE, Atlanta, GA 30319-5309.

3.     Based on information and belief, Enovsys is a California limited liability company with its principal place of business in Los Angeles, CA.

4.     Enovsys claims to be the owner of the '461 Patent and the '273 Patent.

5.     This is an action for a declaration that each and every claim of the Asserted Patents are invalid and not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, et seq.  Accordingly, subject matter jurisdiction of this Court exists under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

6.     An actual, substantial and continuing justiciable controversy exists between AT&T Mobility LLC and AT&T Mobility II LLC (collectively, "AT&T Mobility"), and Enovsys, with respect to which AT&T Mobility requires a declaration of its rights by this Court.  Specifically, the controversy relates to the invalidity and non-infringement of the Asserted Patents and to Enovsys's right to threaten and/or maintain a suit against AT&T Mobility for alleged infringement of the Asserted Patents.  Enovsys has chosen this venue to enforce its patents.  Venue

is proper in this Court and judicial district for counterclaims, pursuant to 28 U.S.C. §§ 1391 and 1400(b).

7.     AT&T Mobility brings the following counterclaims against Enovsys:

**Declaratory Judgment of Non-Infringement of the '461 Patent**

8.     AT&T Mobility realleges and incorporates by reference the allegations of paragraphs 1-7 as though fully set forth herein.

9.     This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the '461 Patent.

10.     Enovsys has alleged that AT&T Mobility has and is infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '461 Patent, that such alleged infringement has thereby damaged Enovsys and, unless enjoined, will continue to damage Enovsys.

11.     AT&T Mobility has not willfully or otherwise infringed, contributed to the infringement of, or induced others to infringe, and does not willfully or otherwise infringe, contribute to the infringement of, or induce others to infringe, any valid and enforceable claim of the '461 Patent, either directly or indirectly, either literally or under the doctrine of equivalents.

12.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between AT&T Mobility and Enovsys as to whether AT&T Mobility has infringed or infringes any valid and enforceable claim of the '461 Patent.

13.     AT&T Mobility requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 0-12 above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**Declaratory Judgment of Invalidity of the '461 Patent**

14.     AT&T Mobility realleges and incorporates by reference the allegations of paragraphs 1-13 as though fully set forth herein.

15.     This is an action for declaratory judgment of invalidity of all claims of the '461 Patent.

16.     The '461 Patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

17.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between AT&T Mobility and Enovsys as to whether there exists any valid claim of the '461 Patent.

18.     AT&T Mobility requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 14-17 above.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

**Declaratory Judgment of Non-Infringement of the '273 Patent**

19.     AT&T Mobility realleges and incorporates by reference the allegations of paragraphs 1-18 as though fully set forth herein.

20.     This is an action for declaratory judgment of non-infringement of any and all valid and enforceable claims of the '273 Patent.

21.     Enovsys has alleged that AT&T Mobility has and is willfully or otherwise infringing directly and/or by inducing or contributing to the infringement of one or more claims of the '273 Patent, that such alleged infringement has thereby damaged Enovsys and, unless enjoined, will continue to damage Enovsys.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

22.     AT&T Mobility has not willfully or otherwise infringed, contributed to the infringement of, or induced others to infringe, and does not willfully or otherwise infringe, contribute to the infringement of, or induce others to infringe, any valid and enforceable claim of the '273 Patent, either directly or indirectly, either literally or under the doctrine of equivalents.

23.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between AT&T Mobility and Enovsys as to whether AT&T Mobility has infringed or infringes any valid and enforceable claim of the '273 Patent.

24.     AT&T Mobility requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 19-23 above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**Declaratory Judgment of Invalidity of the '273 Patent**

25.     AT&T Mobility realleges and incorporates by reference the allegations of paragraphs 1-24 as though fully set forth herein.

26.     This is an action for declaratory judgment of invalidity of all claims of the '273 Patent.

27.     The '273 patent, and each claim thereof, is invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

28.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between AT&T Mobility and Enovsys as to whether there exists any valid claim of the '273 Patent.

29.     AT&T Mobility requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs

25-28 above.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

## DEMAND FOR JURY TRIAL

30.    AT&T Mobility requests a trial by jury of all issues in this action triable by a jury.

## PRAYER FOR RELIEF

AT&T Mobility prays for judgment as follows:

A.    That this Court fully and finally dismiss Plaintiff's claims against AT&T Mobility and order that Plaintiff take nothing from AT&T Mobility;

B.    That this Court find that AT&T Mobility has not infringed, in any manner, any claim of the '461 Patent or any claim of the '273 Patent;

C.    That this Court find that the '461 Patent and the '273 Patent are invalid and/or unenforceable pursuant to Title 35 of the United States Code;

D.    That this Court issue a declaration that the claims of the '461 Patent and the '273 Patent are invalid and/or unenforceable;

E.    That this Court award AT&T Mobility all of its costs of this action;

F.    That this Court find that this is an exceptional case and award AT&T Mobility its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

G.    That this Court grant AT&T Mobility such other and further relief as the Court may deem just and proper.

Dated: November 4, 2011

Respectfully submitted,

BAKER BOTTS L.L.P.

By: _____

Christopher W. Kennerly

Attorneys for Defendants and
Counterclaimants
AT&T MOBILITY LLC and
AT&T MOBILITY II LLC

DEFENDANTS' COUNTERCLAIMS AGAINST
PLAINTIFF ENOVSYS

- 6 -

CASE NO. 2:11-CV-05210-DDP (AGRX)

**CASE NAME:   ENOVSYS LLC v. AT&T MOBILITY LLC, et al.**
**CASE NO.        2:11-cv-05210-DDP (AGRx)**

## PROOF OF SERVICE

I, Cynthia Short, declare and state as follows:

I am a citizen of the United States and employed in Santa Clara County, California, at the office of a member of the bar of this Court at whose direction this service was made.  I am over the age of eighteen years and not a party to the within action.  I am employed in the county where the service described below occurred.  My business address is 620 Hansen Way, Palo Alto, California  94304.

I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service.

On November 4, 2011, I served the following documents:

**DEFENDANTS AT&T MOBILITY LLC AND AT&T MOBILITY II LLC'S COUNTERCLAIMS AGAINST PLAINTIFF ENOVSYS**

| | |
|---|---|
| ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. |
| ☐ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below. |
| ☐ | by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery. |
| ☒ | by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below. |
| ☐ | by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below. |

PROOF OF SERVICE

- 1 -

CASE NO. 2:11-CV-05210-DDP (AGRX)

1

Bruce G. Chapman
Keith Douglas Fraser
Manuel C. Nelson
Scott R. Miller
CONNOLLY BOVE LODGE & HUTZ LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA 90071

2

3

4

5

I declare under penalty of perjury under the laws of the United States of

6

America that the above is true and correct.

7

Executed on November 4, 2011, at Palo Alto, California.

8

9

_____

10

Cynthia Short

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28