Bruce G. Chapman (State Bar No. 164,258)
bchapman@cblh.com
Scott R. Miller (State Bar No. 112,656)
smiller@cblh.com
Manuel C. Nelson (State Bar No. 229,590)
mnelson@cblh.com
**CONNOLLY BOVE LODGE & HUTZ LLP**
333 South Grand Avenue, Suite 2300
Los Angeles, California 90071
Telephone: (213) 787-2500
Facsimile: (213) 687-0498

Attorneys for Plaintiff and Counterclaim Defendant ENOVSYS LLC

Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Christopher W. Kennerly (SBN 255932)
chris.kennerly@bakerbotts.com
Kevin E. Cadwell (SBN 255794)
kevin.cadwell@bakerbotts.com
**BAKER BOTTS L.L.P**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Tel: 650.739.7500
Fax: 650.739.7699

Attorneys for Defendants and Counterclaimants AT&T MOBILITY LLC and AT&T MOBILITY II LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOVSYS LLC, | Case No. CV 11-05210 DDP (AGRx) |
| Plaintiff, | **JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT** |
| v. | |
| AT&T MOBILITY LLC, and AT&T MOBILITY II LLC, collectively doing business as AT&T Mobility, | Hon. Dean D. Pregerson |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

Pursuant to the Court's Scheduling Order (D.I. 34 as modified by D.I. 47), Plaintiff Enovsys LLC and Defendants AT&T Mobility LLC and AT&T Mobility II LLC (collectively "AT&T") provide this Joint Claim Construction and Prehearing Statement.

### A. Constructions of Terms on Which the Parties Agree

The parties have been unable to reach agreement on proposed constructions for any terms.

### B. Proposed Constructions of Disputed Terms

The parties' proposed constructions[1] of the following 24 disputed claim terms (which have been placed into 17 groups) for the '461 patent and the '273 patent are provided in the chart below, and in Exhibit A, along with the evidence on which the parties intend to rely. The terms are presented closely to the order in which they appear in the claims, except that similar terms are presented together to preserve the groupings.

---

[1] Enovsys's Position: Pursuant to the Court's Scheduling Order (D.I. 34), the parties were to exchange identification of claim terms proposed for construction by July 30, 2012, and to exchange proposed construction of such terms by August 6, 2012. On August 29, 2012, AT&T submitted modified proposed claim terms for construction, and new proposed constructions. Enovsys reserves its objections to AT&T's revised and newly proposed constructions.

AT&T's Position: As the Court ruled at the scheduling conference, the Patent Local Rules of the Northern District of California apply in this case. Rule 4-2 expressly contemplates the exchange of "*Preliminary* Claim Constructions" prior to "meet[ing] and confer[ring] for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement." Patent L.R. 4-2 (emphasis added). The preliminary nature of the constructions exchanged under Rule 4-2 is further emphasized in Rule 2-4, which makes such disclosures inadmissible "for any purpose other than in connection with motions seeking an extension or modification" of time. Patent L.R. 2-4. Enovsys has no sound basis to object to AT&T's minor modifications of its preliminary constructions, which were made in good faith in an effort to focus and narrow the issues for the Court's resolution.

| Group | Term or Phrase | Enovsys' Construction | AT&T's Construction |
|---|---|---|---|
| 1 | mobile remote unit; mobile remote ('461 patent: Claims 1, 6, 12, 18, 25; '273 patent: Claim 1) | a small, portable device used to send or receive communication transmissions from a remote location | a mobile wireless communication device |
|  | mobile remote receiving unit ('461 patent: Claims 6, 11, 12) | a small, portable device that is used to receive communication transmissions from a remote location | a mobile wireless communication device |
| 2 | to establish ('461 patent: Claims 1, 25, 28) | to bring about; bring into existence | This term does not require construction. |
| 3 | at the network ('461 patent: Claims 1, 6, 11, 12, 13, 18, 19, 25, 28) | "network" should be construed to mean "a group or collection of interconnected telecommunication devices or resources." "At" should be construed to mean "in." Combined: "in a group or collection of interconnected telecommunication devices or resources" | at the network level, rather than the mobile device level |
| 4 | pre-authorized; preauthorized ('461 patent: Claims 1, 6, 11, 18, 25, 28) | authorized to submit a request in advance of determining whether the request will be granted. | having a code specific to a mobile device that permits a request for that device's location to be made |
|  | preauthorizing ('461 patent: Claim 6) | "preauthorizing" should be construed consistently as set out above for "preauthorized," namely, "authorizing to submit a request in advance of determining whether the request will be granted." | providing a code specific to a mobile device that permits a request for that device's location to be made |

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

3

| Group | Term or Phrase | Enovsys' Construction | AT&T's Construction |
|---|---|---|---|
| 5 | continuously tracked ('461 patent: Claims 1, 6) | kept track of (i.e. observed or known about) without interruption | provided to the network by the mobile remote unit without stopping |
| 6 | network resource(s) ('461 patent: Claims 1, 6) | "network" should be construed as set out above. "Resource" should be construed to mean "means of doing something. Combined: "means of doing something in a group or collection of interconnected telecommunication devices or resources" | device(s) able to communicate with the network |
|  | communication resource(s) ('461 patent: Claims 6, 18, 25, 27, 28) | "resource" should be construed as set out above. The remaining term, "communication," should be given its plain, ordinary meaning and does not require construction. Combined: "means of doing something for communication" | device(s) able to communicate with the network |
| 7 | location information disclosure instruction ('461 patent: Claims 11, 12) | information specifying or instructing whether the location information can or should be disclosed | an instruction from a user of the mobile remote receiving unit specifying whether to disclose the location information of the mobile remote receiving unit |
|  | location disclosure instruction ('461 patent: Claim 6) | location disclosure instruction" should be construed as set out above for "location information disclosure instruction | an instruction from a user of the mobile remote receiving unit specifying whether to disclose the location information of the mobile remote receiving unit |

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

4

| Group | Term or Phrase | Enovsys' Construction | AT&T's Construction |
|---|---|---|---|
| 7 (cont.) | location disclosure information ('461 patent: Claims 18, 19) | location disclosure information" should be construed as set out above for "location information disclosure instruction | an instruction from a user of the mobile remote unit specifying whether to disclose the location information of the mobile remote unit |
| 8 | profile ('461 patent: Claim 28) | a set or collection of information, attributes, or parameters relating to a particular person, device, application, or subject | This term does not require construction. |
|  | location access field ('461 patent: Claim 28) | a field, element or item of data in a profile that indicates, or contains information indicating, whether access to location information can or should be allowed | a field containing an instruction from a user of the first communication resource specifying whether to allow access to the location information of the first communication resource |
| 9 | A communication system comprising: … (iii) preauthorizing some of the communication resources to be able to obtain the location of the mobile remote unit at a given time wherein the location of the mobile is continuously tracked within the system ('461 patent: Claim 6) | "preauthorizing," "resources," "mobile remote unit" and "continuously tracked" should be construed as set out above. "A communication system comprising" is a preamble that has no limiting effect and requires no construction. The remaining terms should be given their plain, ordinary meaning and do not require construction. | This term is indefinite. |

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

5

| Group | Term or Phrase | Enovsys' Construction | AT&T's Construction |
|---|---|---|---|
| 10 | means for detecting an absence of communication with the remote receiving unit ('461 patent: Claim 10) | function: detecting an absence of communication with the remote receiving unit<br><br>corresponding structure: CPU, or any equivalent processing unit(s), executing a decision such as shown in decision block "Comm. Channel Found?" shown in the flow-chart of Fig. 4. | function: detecting an absence of communication with the remote receiving unit<br><br>corresponding structure: None. Because the specification does not disclose any corresponding structure as being linked to and necessary for performing the function, this term is indefinite |
| 11 | source of the request; source of request ('461 patent: Claims 11, 12, 13) | These terms should be given their plain, ordinary meaning and do not require construction. | the originator of the request |
| 12 | 12. The method of claim 11 wherein the step of querying at the network for information disclosure instruction for the mobile remote unit may further include transmitting the identification of the source of request to the mobile remote receiving unit and obtaining information disclosure instruction from the mobile remote receiving unit. ('461 patent: Claim 12) | "information disclosure instruction" should be construed as set out for "location information disclosure instruction." "At the network," "mobile remote unit," and "mobile remote receiving unit" should be construed as set out above. The remaining terms should be given their plain, ordinary meaning and do not require construction. | Claim 12 does not require anything more than Claim 11 requires. |

JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

6

| Group | Term or Phrase | Enovsys' Construction | AT&T's Construction |
|---|---|---|---|
| 13 | 19. The method of claim 18 wherein the step of exposing the location disclosure information (iii) may also include forwarding the specified location disclosure information to a second communication node at the network.<br><br>('461 patent: Claim 19) | "location disclosure information" should be construed as set out above. "Node" should be construed to mean "a point at an end of a branch." The remaining terms should be given their plain, ordinary meaning and do not require construction. | Claim 19 does not require anything more than Claim 18 requires. |
| 14 | the mobile remote unit able to deny the provision of said establish mobile remote unit location information to a pre-authorized communication resource selected from the network of pre-authorized communication resources during a period time when access to mobile remote unit location information has been granted to another preauthorized communication resource at the network<br><br>('461 patent: Claim 25) | "mobile remote unit," "establish," "pre-authorized," "preauthorized," and "resource(s)" should be construed as set out above. The remaining terms should be given their plain, ordinary meaning and do not require construction. | "the mobile remote unit able to deny the provision of said establish mobile remote unit location information to a pre-authorized communication resource selected from the network of pre-authorized communication resources during a period time when access to mobile remote unit location information has been granted to another preauthorized communication resource at the network, wherein the system continues to track the location of the mobile when the blocking is performed" |

| Group | Term or Phrase | Enovsys' Construction | AT&T's Construction |
|---|---|---|---|
| 14 (cont.) | the system able to use the location access field of a first profile to deny the location information of the first communication resource to the preauthorized resource identified in said first profile while allowing another preauthorized resource identified in a second profile to access the location information of the first communication resource during the time that access is being denied to the preauthorized resource identified in said first profile ('461 patent: Claim 28) | "while" should be construed to mean "although also capable of." "Location access field," "profile," "resource," and "preauthorized" should be construed as set out above. The remaining terms should be given their plain, ordinary meaning and do not require construction. | "the system able to use the location access field of a first profile to deny the location information of the first communication resource to the preauthorized resource identified in said first profile while allowing another preauthorized resource identified in a second profile to access the location information of the first communication resource during the time that access is being denied to the preauthorized resource identified in said first profile, wherein the system continues to track the location of the mobile when the blocking is performed" |
| 15 | authorized resource ('273 patent: Claim 1) | "Authorized" should be construed as set out above for "preauthorized" "Resource" should be construed as set out above. Combined: "means for doing something, wherein the means is authorized to submit a request in advance of determining whether the request will be granted" | a device external to the mobile remote unit which is authorized by a user of the mobile remote unit to access the location information |

| Group | Term or Phrase | Enovsys' Construction | AT&T's Construction |
|---|---|---|---|
| 16 | requesting that the location information of said mobile remote unit be established ('273 patent: Claim 1) | "mobile remote unit" and "establish" should be construed as set out above. The remaining terms should be given their plain, ordinary meaning and do not require construction. | sending a request to the mobile remote unit to update its location information |
| 17 | time stamp ('273 patent: Claim 1) | recorded information indicating the time an event has occurred | a recorded time indicating when an event occurred |

C. **Identification of the Terms Whose Construction Will Be Most Significant to the Case Up to a Maximum of 10**

The parties agree that the constructions of the ten terms or phrases below likely will be the most significant to this case:

1. "at the network" (Group 3);

2. variations of the terms "pre-authorized"/"preauthorized"/ "preauthorizing" (Group 4);

3. "continuously tracked" (Group 5);

4. variations of the terms "network resource(s)"/"communication resource(s)" (Group 6);

5. variations of the term "location information disclosure instruction"/"location disclosure instruction"/"location disclosure information" (Group 7);

6. "profile" (Group 8);

7. "location access field" (Group 8);

8. "A communication system comprising: … (iii) preauthorizing some of the communication resources to be able to obtain the location of the mobile remote unit at a given time wherein the location of the mobile is continuously tracked within the system" (Group 9);

9. variations of the term "source of the request" / "source of request" (Group 11); and

10. "authorized resource" (Group 15).

**Enovsys' Identification of Case or Claim Dispositive Terms**

With the sole exception of the means-plus-function clause in Group 10, Enovsys believes that no terms of the '461 patent need to be construed by this Court. Enovsys further believes that the constructions of the '461 patent terms that were already construed by the Court in the Claim Construction Order issued on February 26, 2008 in case no. CV 06-05306 RSWL (SHx) in the U.S. District Court for the Central District of California should be adopted. Such terms are presented in Groups 1-2, 4-5, and 7-8. With regard to the '273 patent, Enovsys believes that the only additional term needing construction is "time stamp" identified in Group 17. Enovsys does not believe that any of the proposed claim constructions would be case dispositive, although adoption of constructions in case no. CV 06-05306 may be dispositive of the infringement issue.

**AT&T's Identification of Case or Claim Dispositive Terms**

AT&T provides the following identification of terms whose construction will be case or claim dispositive.[2]

---

[2] AT&T objects to Enovsys's attempt to use the joint statement as a vehicle to argue its claim construction positions. Patent Local Rule 4-3, which defines the content of this joint statement, does not contemplate arguments on the merits. AT&T will address the merits of Enovsys's arguments as appropriate in AT&T's claim construction briefs at the time specified by the Court's scheduling order.

AT&T believes that if the Court adopts AT&T's constructions for Group 4, those constructions will be dispositive of Claims 1, 6, 10, 11, 12, 18, 19, 25, 27, and 28 of the '461 patent.  AT&T believes that if the Court adopts AT&T's construction for Group 3, that construction will be dispositive of Claim 13 of the '461 patent.  AT&T believes that if the Court adopts AT&T's construction for Group 15, that construction will be dispositive of Claim 1 of the '273 patent.  AT&T believes that if the court adopts AT&T's construction for Group 9, that construction will be dispositive of Claims 6 and 10 of the '461 patent.

AT&T believes that if the Court adopts AT&T's constructions for Groups 3, 4, and 15, those constructions will together be case dispositive.

### D. Anticipated Length of Time Necessary for the Claim Construction Hearing

The parties anticipate that 3 hours will be sufficient to conduct the claim construction hearing, which the Court has scheduled for January 14, 2013. (Scheduling Order, D.I. 34.)

The parties agree that, unless the Court prescribes a format for the presentations at the claim construction hearing, the parties will split the time equally (*i.e.*, 90 minutes per side) and proceed group by group, with each side presenting its arguments regarding one group before proceeding to the next group.

### E. Whether Any Party Proposes to Call One or More Witnesses At the Claim Construction Hearing, and Summaries of Testimony

Neither party proposes to call live witnesses at the claim construction hearing.

Dated: August 30, 2012

CONNOLLY BOVE LODGE & HUTZ LLP
  Scott R. Miller
  Manuel C. Nelson

By: /s/ Manuel C. Nelson
      Manuel C. Nelson

Attorneys for Plaintiff/Counterclaim Defendant ENOVSYS LLP

Dated: August 30, 2012

BAKER BOTTS LLP
  Bryant C. Boren, Jr.
  Christopher W. Kennerly
  Kevin E. Cadwell
  Russell J. Crain

By: /s/ Christopher W. Kennerly
      Christopher W. Kennerly

Attorneys for Defendants/Counterclaimants AT&T MOBILITY LLC, and AT&T MOBILITY II LLC