**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENOVSYS LLC, | Case No. CV 11-5210 FMO (AGRx) |
| Plaintiff, | |
| v. | **ORDER Re: EX PARTE APPLICATION AND CLAIM CONSTRUCTION** |
| AT&T MOBILITY LLC, <u>et al.</u>, | |
| Defendants. | |

Having reviewed and considered the briefing filed with respect to defendants AT&T Mobility LLC's and AT&T Mobility II LLC's (collectively "AT&T") *Ex Parte* Application to Suspend the Schedule Pending Claim Construction ("Application"), the court concludes as follows.

AT&T seeks to suspend the case schedule pending claim construction "[b]ecause of the critical role of claim construction in resolving the questions of infringement and validity of the asserted patents." (Application at 1). Plaintiff Enovsys LLC ("Enovsys") opposes AT&T's Application, pointing out that litigants deal with this situation frequently and expert reports can be prepared based on the alternative claim constructions proposed by the parties. (See Enovsys's Opposition to AT&T's *Ex Parte* Application to Suspend the Schedule Pending Claim Construction at 2).

Under the circumstances, the court will deny defendants' Application. "There is no requirement that the district court construe the claims at any particular time, and thus the parties are under an obligation to conduct discovery without the benefit of the district court's construction." <u>Network Commerce, Inc. v. Microsoft Corp.</u>, 422 F.3d 1353, 1363-64 (Fed. Cir. 2005).

However, the court will, at this time, provide the parties with its claim construction of the disputed terms so that the parties can proceed to prepare the case for trial. See <u>Jack Guttman. Inc. v. Kopykake Enters., Inc.</u>, 302 F.3d 1352, 1361 (Fed. Cir. 2002) ("District courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves."). The court will, at a later date, issue a separate, more comprehensive claim construction order. The court will also separately issue an amended case schedule with specified dates in light of this claim construction order.

Based on the foregoing, IT IS ORDERED that:

1. Defendants' Ex Parte Application **(Document No. 179)** is **denied**.

2. Pursuant to the parties' Amended Joint Claim Construction and Prehearing Statement, filed on May 28, 2013, the court construes the disputed terms and phrases of U.S. Patent Nos. 6,560,461 ("the '461 patent") and 7,925,273 ("the '273 patent") as follows:

    A. The phrase "at the network" in the '461 patent is construed as "at the network level, rather than the mobile device level."

    B. The phrase "pre-authorized" (and "preauthorized") in the '461 patent is construed as "having a code specific to a mobile device that permits a request for that device's location to be made."

    C. The phrase "location information disclosure instruction" (and its variations of "information disclosure instruction" and "location disclosure instruction") in the '461 patent does not need construction and is accorded its plain and ordinary meaning.

    D. The phrase "location access field" in the '461 patent is construed as "a field, element or item of data in a profile that indicates, or contains information indicating, whether access to location information can or should be allowed."

    E. The phrase "mobile remote unit" (and its variations of "mobile remote" and "mobile remote receiving unit") in the '461 and '273 patents is construed as a "portable wireless telecommunications device."

F. The court declines to construe the phrase "authorized resource" in the '273 patent at this time.

3. This Order is without prejudice to the court modifying the aforementioned claim constructions as the court deems necessary.

Dated this 23rd day of September, 2013.

/s/
Fernando M. Olguin
United States District Judge