**BAKER BOTTS L.L.P.**
Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Eliot D. Williams (SBN 290780)
eliot.williams@bakerbotts.com
Kevin E. Cadwell (SBN 255794)
kevin.cadwell@bakerbotts.com
1001 Page Mill Road, Building One
Palo Alto, CA 94304
Telephone: 650.739.7500
Facsimile:  650.739.7699

Russell J. Crain (*admitted pro hac vice*)
russ.crain@bakerbotts.com
Brian D. Johnston (*admitted pro hac vice*)
brian.johnston@bakerbotts.com
2001 Ross Avenue
Dallas, TX  75201
Telephone: 214.953.6500
Facsimile:  214.953.6503

*Attorneys for Defendants and Counterclaimants*
*AT&T MOBILITY LLC and AT&T MOBILITY II LLC*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOVSYS LLC,<br><br>   Plaintiff,<br><br> vs.<br><br>AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>   Defendants. | Case No.: 2:11-CV-05210-FMO(AGRx)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO AMEND INVALIDITY CONTENTIONS**<br><br>Hearing Date: Thursday, Oct. 24, 2013<br>Hearing Time: 10:00 A.M.<br>Hearing Place: Court Room 22-5th Floor<br>Honorable Judge Fernando M. Olguin |
| AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>   Counterclaimants,<br><br> vs.<br><br>ENOVSYS LLC,<br><br>   Counterdefendant. | |

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT AND FACTUAL BACKGROUND ..............................1

II.     ARGUMENT....................................................................................................................4

        A.      Good Cause Exists For Each Of AT&T's Proposed Amendments ..........................4

                1.      Each Proposed Amendment Stems From Recently Discovered, Material Information.................................................................................4

                2.      AT&T Was Diligent In Making The Amendments......................................5

        B.      Envsys Is Not "Undu[ly] Prejudiced" By The Proposed Amendments ..................7

                1.      Envsys's Cross-Examination of Dr. Want Was Not Impeded....................8

III.    CONCLUSION................................................................................................................12

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

CASES

5

*Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*,
    C 06-7477 SI, 2008 WL 2622794 (N.D. Cal. July 1, 2008).......................................................7

6

*IXYS Corp. v. Advanced Power Tech., Inc.*,
    321 F. Supp. 2d 1133 (N.D. Cal. 2004).....................................................................................5

7

8

*Lexar Media, Inc. v. Pretec Electronics Corp.*,
    C00-04770 MJJ, 2007 WL 1170633 (N.D. Cal. Apr. 18, 2007)............................................10

9

*Nilssen v. Osram Sylvania, Inc.*,
    504 F.3d 1223 (Fed. Cir. 2007).................................................................................................5

10

11

*Symantec Corp. v. Veeam Corp.*,
    C 12-00700 SI, 2013 WL 3490392 (N.D. Cal. July 11, 2013)............................................5, 7

12

13

*The Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
    C 05-04158 MHP, 2008 WL 624771 (N.D. Cal. Mar. 4, 2008)..........................................5, 7

14

*United States v. Zolin*,
    809 F. 2d 1411 (9th Cir. 1987).................................................................................................9

15

16

OTHER AUTHORITIES

17

N.D.C.A. Patent Local Rule 3-6 ..................................................................................................4, 7

18

Rule 30(b)(6) ................................................................................................................................4, 5

19

20

21

22

23

24

25

26

27

28

Defendants AT&T Mobility LLC and AT&T Mobility II LLC (hereinafter "AT&T" or "Defendants") submit this memorandum in support of their motion to amend their invalidity contentions.

## I.    PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

On September 3, 2013, AT&T served its proposed amended invalidity contentions on Enovsys, adding additional details regarding the invalidity of the patents-in-suit that AT&T obtained during the last few weeks of discovery. In particular, the amendments: (1) added specific citations to the deposition testimony of Dr. Roy Want, who is one of the lead inventors of the prior art Xerox ParcTab/Active Badge system and added a handful of prior art documents mentioned by Dr. Want during his deposition (hereinafter the "ParcTab Amendments"); and (2) included reference to admissions made by Enovsys's 30(b)(6) corporate designee related to prior art techniques disclosed in U.S. Patent No. 5,235,633 (hereinafter the "'633 Patent Admissions").[1] Each of these items of additional information was obtained by AT&T in the closing weeks of discovery, and AT&T promptly supplemented its invalidity contentions after obtaining that information in view of the likely inclusion of this information in AT&T's forthcoming expert disclosures.

On September 4, 2013, Enovsys informed AT&T that it would not stipulate to these amendments, but refused to meet and confer about the issue until after the close of fact discovery. Declaration of Jason German in Support of Defendants' Motion to Amend Invalidity Contentions ("German Decl.") ¶ 16. When Enovsys did eventually make itself available for a meet and confer on this topic on September 11, 2013, it provided confused reasoning for its failure to stipulate to the ParcTab Amendments, arguing that Enovsys was unable to properly cross-

---

[1] AT&T's Third Amended Invalidity Contentions are set forth in Exhibit A to the declaration of Jason German, counsel for AT&T. A redlined copy identifying the proposed changes is set forth in Exhibit B.

1   examine Dr. Want during his deposition because the pro-forma deposition

2   scheduling emails between AT&T and Dr. Want were not produced until after his

3   deposition.  Enovsys also argued that AT&T had failed to show good cause in its

4   disclosure of the '633 Patent Admissions.  German Decl., Ex. F.

5          The Court should grant leave to serve the amended invalidity contentions

6   because AT&T has good cause for making each of the amendments, and Enovsys

7   can show no undue prejudice caused by these amendments.  In particular, the

8   ParcTab Amendments were made shortly after AT&T received the transcript of

9   Dr. Want's deposition in late July.  Moreover, Enovsys has been aware of the

10  ParcTab system, and Dr. Want's role in the ParcTab system, since at least June

11  2012, when AT&T served its initial invalidity contentions, which prominently

12  identified the ParcTab as AT&T's first primary invalidity reference and listed

13  eight publications related to the ParcTab system—at least five of which were

14  authored in whole or in part by Dr. Want.  German Decl., Ex. G, at 13–15.[2]  Dr.

15  Want was also disclosed in AT&T's updated initial disclosures, German Decl., Ex.

16  H at 9, and in its response to Enovsys's interrogatory seeking information about

17  witnesses AT&T might call at trial relating to prior art systems—where AT&T

18  identified Dr. Want as likely to have knowledge regarding the ParcTab system,

19  German Decl., Ex. I. at 15.  Despite AT&T's repeated disclosure of Dr. Want and

20  the importance of the ParcTab system to its invalidity contentions, Enovsys

21  apparently took no action to locate or contact Dr. Want, nor did Enovsys attempt

22  to take his deposition.

23         Although AT&T could have simply relied on these disclosures and called

24  Dr. Want to testify at trial and/or submitted an affidavit from Dr. Want supporting

25  a motion for summary judgment, AT&T went much further.  It noticed Dr. Want's

26  _____

27  [2]  In addition to the documents were Dr. Want was the first listed author or
     inventor, Dr. Want was a co-author/inventor on U.S. Patent No. 5,493,692 and the

28  Schilit Article.

1  deposition and invited Enovsys to attend in order to hear Dr. Want's likely trial

2  testimony, and to cross-examine him—an invitation which Enovsys accepted.

3  Following the deposition, which occurred on July 22, 2013, AT&T located and

4  produced a few additional documents regarding the ParcTab system that Dr. Want

5  referred to during his deposition, and, on August 13, 2013, AT&T notified

6  Enovsys of its intent to amend its invalidity contentions to include these newly-

7  discovered documents and to include specific citations to Dr. Want's deposition

8  testimony.  German Decl. ¶¶ 8-9; Ex. D.  AT&T thereafter completed the work

9  relating to this amendment, which entailed combing through the transcript of Dr.

10  Want's deposition, and supplemented its invalidity contentions: identifying the

11  specific page and line numbers of Dr. Want's testimony that corroborated AT&T's

12  invalidity contentions, and identifying the most-pertinent of the newly discovered

13  documents referenced by Dr. Want during his deposition that related to AT&T's

14  invalidity contentions.

15      Despite AT&T going far beyond what the Rules require regarding

16  disclosure of its invalidity contentions, Enovsys now contends it was "prejudiced"

17  by its purported inability to cross-examine Dr. Want effectively, because at the

18  time of the deposition, Enovsys was not in possession of a handful of emails

19  between AT&T's counsel and Dr. Want related to the scheduling of his deposition.

20  Even if this argument had theoretical merit (which it does not, because Enovsys

21  made no effort to depose Dr. Want on its own initiative, did not subpoena Dr.

22  Want for his communications with AT&T, did not request AT&T produce its

23  communications with Dr. Want until the day of Dr. Want's deposition, and did in

24  fact, extensively cross-examine Dr. Want regarding his pre-deposition

25  communications with AT&T), AT&T expressly noted on the record during Dr.

26  Want's deposition that it had no objection to Enovsys's attempting to continue the

27  deposition of Dr. Want after it received the email correspondence between Dr.

28  Want and AT&T's counsel.  German Decl., Ex. C at 227:21–228:3.  However,

Enovsys never attempted to re-open the deposition following production of the written communications between AT&T's counsel and Dr. Want. Enovsys's argument of prejudice is therefore meritless, and should be rejected.

Finally, the addition of the '633 Patent Admissions to AT&T's invalidity contentions was made to incorporate testimony received at the deposition of Enovsys's Rule 30(b)(6) deponent, which occurred on August 28, 2013, a few days before AT&T's proposed amendment.

## II. ARGUMENT

The Northern District of California's Patent Local Rule (L.R.)[3] 3-6 states that invalidity contentions may be amended by order of the Court "upon a timely showing of good cause." One enumerated example of good cause is, "absent undue prejudice to the non-moving party . . . recent discovery of material, prior art despite earlier diligent search." L.R. 3-6(b).

As discussed below, good cause exists for each amendment because they all rest on recently and diligently discovered information. In addition, there is no undue prejudice to Enovsys because all of the proposed amendments relate to prior art systems of which Enovsys has long been aware and on which Enovsys has had ample opportunity to conduct discovery.

### A.   Good Cause Exists For Each Of AT&T's Proposed Amendments

#### 1.  Each Proposed Amendment Stems From Recently Discovered, Material Information

The recent discovery of material information is a circumstance that supports a finding of good cause. L.R. 3-6(b). Here, the information supporting each of the amendments was recently discovered. The deposition of Dr. Want occurred on

---

[3] AT&T believes the Northern District of California Patent Local Rules were adopted in relevant part in this case by Judge Pregerson on February 13, 2012. However, Enovsys has recently disputed this in its Opposition to Defendants' Motion to Strike Plaintiff's Second Amended Infringement Contentions [D.I. 171 at p. 5].

July 22, 2013, and the additional documents he identified at his deposition were discovered thereafter.   German Decl. ¶¶ 5–8.   Similarly, the deposition of Enovsys's Rule 30(b)(6) corporate representative, Mundi Fomukong, occurred on August 28, 2013, less than a week before AT&T served its amended invalidity contentions on Enovsys.  German Decl. ¶ 14.

In addition, the information added in the amendments is material.   Dr. Want's testimony describes details of a relevant prior art system and evidence supporting that system's public use.   The documents acquired after Dr. Want's testimony corroborate the public use of that system.   *Cf. Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1234 n.2 (Fed. Cir. 2007) (noting that "evidence of possible prior public use" is "material information").   Similarly, the admissions made by Enovsys's 30(b)(6) representative parallel technology described by relevant prior art -- thus illustrating that the prior art technology could not have been invented by Enovsys.   In the parties' meet and confer, Enovsys did not dispute that the information in the amendments is material.

## 2.  AT&T Was Diligent In Making The Amendments

Although a party seeking to amend its contentions must show diligence, an immediate disclosure of the new information is not required, because the "diligence" period includes the time required to analyze the new information, determine its relevance, and prepare the amendment.   *See  Symantec Corp. v. Veeam Corp.*, C 12-00700 SI, 2013 WL 3490392 at *3 (N.D. Cal. July 11, 2013) ("[Defendant] still needed to view the non-public material before it could in good faith amend its invalidity contentions.").   Further, good cause supporting a motion to amend invalidity contentions can be established by mere notice of the potentially invalidating prior art.   *See The Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, C 05-04158 MHP, 2008 WL 624771 at *3 (N.D. Cal. Mar. 4, 2008) (citing *IXYS Corp. v. Advanced Power Tech., Inc.*, 321 F. Supp. 2d 1133, 1153 n. 19 (N.D. Cal. 2004)).

Here, AT&T first disclosed prior art relating to the ParcTab and Active Badge systems in its initial invalidity contentions served June 25, 2012.  German Decl., Ex. G at 13–22.  Since that time AT&T continued to investigate and take discovery regarding the those systems.  The deposition of Dr. Roy Want occurred on July 22, 2013.  AT&T obviously could not have included citations to the transcript of Dr. Want's deposition testimony prior to his deposition.  In addition, AT&T was not aware of the newly uncovered ParcTab documents until Dr. Want discussed them at his deposition.  *See* German Decl., Ex. C at 197:22–198:12; German Decl. ¶ 7.  Those articles were not easily located without pre-existing knowledge of their existence.  German Decl. ¶ 7.  Further, the deposition of Enovsys's corporate representative occurred on August 28, 2013, a date which Enovsys chose.  *Id.* at ¶ 14.  AT&T could not have gained these admissions before the deposition took place.

AT&T amended its contentions only a few weeks after receiving the transcript of Dr. Want's deposition, only three weeks after acquiring the articles from Dr. Want's website (and only a few days after reviewing and selecting the most relevant articles), and only six days after deposing Enovsys's 30(b)(6) representative.  Those efforts occurred while AT&T was defending against a motion to compel brought by Enovsys related to AT&T's disclosure of prior art witnesses, including Dr. Want (which Enovsys ultimately lost), and while working to complete its production of documents and providing its own corporate representative for deposition.  *See* D.I. 144 (Enovsys's Motion to Compel); D.I. 161 (Minutes of Order Denying Motions to Compel); German Decl. ¶ 15.  In sum, AT&T diligently sought to identify relevant prior art and, as soon as it discovered such art, diligently investigated and amended its contentions.

In addition, AT&T put Enovsys on notice by August 13, 2013 that it intended to amend its contentions to include Dr. Want's deposition testimony and the newly identified documents.  German Decl. at ¶ 9–10, Ex. D.  This alone is

1    sufficient to show good cause under the Northern District Local Patent Rules. *See*

2    *The Bd. of Trustees of Leland Stanford Junior Univ.*, 2008 WL 624771 at *3.

3  **B.  Envosys Is Not "Undu[ly] Prejudiced" By The Proposed**

4            **Amendments**

5       In the meet and confer related to this dispute, Enovsys relied on purported

6    prejudice as its justification for refusing to stipulate to the amendment. German

7    Decl., Ex. F at 44:4–15; 51:3–52:1. However, mere prejudice is not enough:

8    Enovsys must show "undue prejudice" to justify its opposition. L.R. 3-6. This it

9    cannot show.

10       As an initial matter, AT&T's early notification of its intent to amend its

11    contentions demonstrates a lack of prejudice. *Symantec Corp.*, 2013 WL 3490392

12    at *3 ("Symantec will not be prejudiced because it was on notice . . . that Veeam

13    intended to amend its invalidity contentions . . . ."). In addition, there is an

14    absence of prejudice here because the proposed amendments relate to previously

15    disclosed art. *See Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*,

16    C 06-7477 SI, 2008 WL 2622794 at *5 (N.D. Cal. July 1, 2008) ("[A]s

17    [defendant's] amendments do not raise new issues but instead merely supplement

18    its initial contentions, [plaintiff] was already on notice regarding the substance of

19    [the] proposed amendments.").

20       Dr. Roy Want's testimony and the news articles he identified during his

21    deposition are all associated with prior art systems which AT&T disclosed to

22    Enovsys long ago. In particular, AT&T disclosed the ParcTab/Active Badge

23    systems in its original invalidity contentions served on June 25, 2012, as well as in

24    supplementations served in November 2012 and April 2013. German Decl. ¶ 4.

25    Further, Dr. Want himself was identified by name in June 2012 in AT&T's

26    original invalidity contentions as an author of prior references that described the

27    ParcTab system. *Id.* Therefore, Envosys has long had notice that the

28    ParcTab/Active Badge systems, and references authored by Dr. Want describing

1    those systems, were at issue in this case.  Further, Enovsys was specifically on

2    notice as of August 13, 2103, that AT&T would be amending its invalidity

3    contentions to include the testimony of Dr. Want and the documents identified by

4    Dr. Want in his deposition.  German Decl. ¶ 9.  Accordingly, Enovsys cannot

5    show undue prejudice by AT&T's reliance on the deposition testimony of Dr.

6    Want, nor on the documents Dr. Want discussed during his deposition.

7        The '633 Patent Admissions that AT&T obtained during the deposition of

8    Enovsys's corporate representative reflect Enovsys's own understanding of the

9    disclosure of relevant prior art.  Moreover, Enovsys itself chose August 28, 2013,

10   as the date that deposition took place, and Enovsys had a full opportunity to cross-

11   examine the witness on those admissions.  Enovsys will therefore not be

12   prejudiced by the inclusion of its own admissions in AT&T's contentions.

13        **1.    Enovsys's Cross-Examination of Dr. Want Was Not
             Impeded**

14

15        During the meet and confer on this issue, Enovsys relied on highly-

16   convoluted reasoning to support its argument that it is prejudiced by the ParcTab
     Amendments.  In particular, Enovsys argued that because AT&T did not produce

17   its counsel's written communications with Dr. Want until after Dr. Want's

18   deposition, Enovsys could not effectively cross-examine Dr. Want, and that

19   therefore AT&T's reliance on Dr. Want's deposition testimony is unduly

20   prejudicial.

21

22        Enovsys's argument is without merit.  First, with regard to the written

23   communications between Dr. Want and AT&T's counsel, any prejudice incurred
     by the delay in production is prejudice of Enovsys's own making.  Enovsys never

24   made a specific request for those materials prior to the deposition, nor did Enovsys

25   subpoena Dr. Want for his written communications with AT&T's counsel prior to

26   the deposition.  German Decl. ¶ 11.  It was only during the deposition that it

27   became clear that Enovsys was attempting to explore Dr. Want's pre-deposition

28

1  contacts with AT&T.  Once the issue arose, AT&T quickly agreed to produce the

2  documents.  *Id.*  However, AT&T was unable to complete the production during

3  the deposition because a potential common interest privilege issue was implicated

4  due to Dr. Want's present status as an employee of Google – who supplies certain

5  software components that appear[4] to be part of Enovsys's infringement theories in

6  this case.  *See* German Decl., Ex. C at 6:20–22; 218:9–219:21; 227:6–20.  Because

7  production of the documents would have waived any privilege that might have

8  applied, it took AT&T a few days following the deposition to consider this issue

9  and determine the propriety of making a voluntary production of these materials.

10 *See United States v. Zolin,* 809 F. 2d 1411, 1415 (9th Cir. 1987) ("The voluntary

11 delivery of a privileged communication by a holder of the privilege to someone

12 not a party to the privilege waives the privilege").  The documents were produced

13 on August 6, 2013.  German Decl. ¶ 12.  Had Enovsys properly raised this issue in

14 advance (*i.e.* through a specific request for production and/or a subpoena to Dr.

15 Want) this issue could have been resolved prior to the deposition, and the

16 documents would have been available to Enovsys in advance of the deposition.

17 Accordingly, any "prejudice" is of Enovsys's own making.

18      Second, AT&T did not prevent counsel from Enovsys from questioning Dr.

19 Want about his communications with AT&T, and Enovsys's counsel did so

20 extensively.  *See* German Decl., Ex. C at 220:8–9 ("Q. And to the best you can

21 recollect, what did you discuss with AT&T's lawyers?"); *see generally id.* at 218–

22 230.  Counsel for AT&T did not raise a privilege objection to any of these

23

24 [4] AT&T has previously moved to strike Enovsys's infringement contentions based
25 on Enovsys's repeated failure to explain with particularity Enovsys's infringement
   theories, which has severely prejudiced AT&T ability to prepare its defenses and
26 to determine whether third party discovery from Google or other third parties is
   necessary.  See Defendants' Memorandum of Points and Authorities in Support of
27 their Motion to Strike Plaintiff's Second Amended Infringement Contentions [D.I.
28 173].

1    questions asked by Enovsys's counsel, and indeed explained that Enovsys was free
2    to inquire as to AT&T's discussions with Dr. Want. *Id.* at 227:12–20 ("I've
3    advised counsel he's welcome to inquire of the witness as to any meetings with
4    Baker Botts that he has a record of and we can see how he chooses to proceed in
5    light of that."). Enovsys's counsel was also able to and did ask Dr. Want to search
6    his phone during the deposition for records of meetings with AT&T's counsel, and
7    Dr. Want provided testimony regarding those meetings. *Id.* at 225:20-24 ("Q. So
8    during a break, do you think you might be able to -- you might be able to go into
9    your calendaring system on your phone to see when that [meeting] might -- might
10   have been? A. I will -- I will try."); *Id.* at 228:5-230:4 (Dr. Want providing
11   testimony after reviewing his calendar entries). Accordingly, Enovsys's argument
12   that its cross-examination was frustrated is contradicted by the facts.

13          Further, there can be no "undue prejudice" here as a matter of law, because
14   Enovsys cannot "identify any specific examples of discovery that it did not take."
15   *Lexar Media, Inc. v. Pretec Electronics Corp.*, C00-04770 MJJ, 2007 WL
16   1170633 *1 n.1 (N.D. Cal. Apr. 18, 2007). In particular, AT&T did subsequently
17   produce its written communications with Dr. Want. Those communications (the
18   earliest of which was from June 2013)[5] provide no legitimate ammunition for
19   cross-examination. The communications merely notified Dr. Want of AT&T's
20   intent to depose him and described procedural issues relating to his deposition,
21   such as whether Dr. Want would consent to electronic service of the deposition
22   subpoena, the documents that AT&T intended to discuss, and requesting Dr. Want
23   to bring his resume to the deposition. *E.g.* German Decl., Ex. E at ATT-
24   ENV00460874, 877, 942. During the meet and confer on this motion, AT&T
25   repeatedly requested that Enovsys identify what questions it would have asked Dr.
26   Want about the written communications but could not. German Decl., Ex. F at

27

28   [5] German Decl., Ex. E at ATT-ENV00460875.

44:12–24;  47:1–50:9;  51:7–52:8;  58:21–59:25.   Enovsys was unable to identify any specific question or line of inquiry that it did not pursue.  *Id*. at 59.

Further, if Envosys genuinely believed it was prejudiced by its inability to cross-examine Dr. Want regarding the written communications with AT&T, it could have requested to re-open the deposition of Dr. Want.  Indeed, Enovsys counsel expressly considered this possibility at Dr. Want's deposition, and AT&T noted that it would have no objection if that request were made.  German Decl., Ex. C at 227:21–228:3 ("MR. NELSON: Let me ask a question, but you don't need to -- you don't need to answer it.  Are we going to contemplate continuing this deposition to another date?  MR. WILLIAMS: We can -- I mean, certainly we can take that request under advisement. I don't have an objection to it, but I don't control the witness.").  But Enovsys never asked for a further deposition of Dr. Want, either before or after they received the written communications.  German Decl. at ¶ 13; Ex. F at 56:20–58:6.

Notably, even if Enovsys had re-opened Dr. Want's deposition, and questioned him about his written communications with AT&T, the questions would not have improved Enovsys's position in this case.  To the extent Enovsys would try to attack Dr. Want's status as an "independent third-party witness," *cf.* German Decl., Ex. F at 58:13–16, Dr. Want testified credibly at his deposition that he was not being compensated by AT&T for his time, that he had not reviewed any documents until the night prior to his deposition, and that he was participating as a witness in this case voluntarily because he believed that he and his co-inventors "had done work 20 years ago which was being claimed was novel in . . . more recent time" and that "it was only right that people know" about the prior work Dr. Want and others had done on the Parc Tab and Active Badge systems. German Decl., Ex. C at 217:14–18; 238:11–22; 272:6–273:2.  Therefore, because any further questioning by Enovsys regarding the written communications would

1    have been a waste of time, Enovsys can make no showing of undue prejudice due
2    to its purported inability to question Dr. Want on the written communications.

3         In short, Enovsys can make no showing of any prejudice, much less a
4    showing of undue prejudice that would justify excluding Dr. Want's testimony
5    from AT&T's invalidity contentions.

6    **III.   CONCLUSION**

7         AT&T has demonstrated good cause to amend its invalidity contentions by
8    demonstrating the recent and diligent discovery of material information.  Further,
9    there is no undue prejudice to Enovsys caused by these amendments.   AT&T
10   respectfully requests that this Court grant its motion to amend its invalidity
11   contentions as set forth in Exhibit A.

12   Dated: September 24, 2013                    Respectfully submitted,

13

14                                               BAKER BOTTS L.L.P.

15

16                                               */s/ Eliot D. Williams*
17                                               Eliot D. Williams
18                                               Attorney for Defendants and
                                                 Counterclaimants
19                                               AT&T MOBILITY LLC and AT&T
                                                 MOBILITY II LLC
20

21

22

23

24

25

26

27

28