# EXHIBIT A

**BAKER BOTTS L.L.P.**
Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Eliot D. Williams (SBN 290780)
eliot.williams@bakerbotts.com
Kevin E. Cadwell (SBN 255794)
kevin.cadwell@bakerbotts.com
1001 Page Mill Road, Building One
Palo Alto, CA 94304
Telephone: 650.739.7500
Facsimile:  650.739.7699

Russell J. Crain (*pro hac vice*)
russ.crain@bakerbotts.com
Brian D. Johnston (*pro hac vice*)
brian.johnston@bakerbotts.com
2001 Ross Avenue
Dallas, TX  75201
Telephone: 214.953.6500
Facsimile:  214.953.6503

*Attorneys for Defendants and Counterclaimants*
*AT&T MOBILITY LLC and AT&T MOBILITY II LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOVSYS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>Defendants. | Case No.: 2:11-CV-05210-FMO(AGRx)<br><br>**DEFENDANTS' THIRD AMENDED INVALIDITY CONTENTIONS** |
| AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>Counterclaimants,<br><br>vs.<br><br>ENOVSYS LLC,<br><br>Counterdefendant. | |

**TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................... 1

II. PRIORITY OF THE ASSERTED CLAIMS ........................................... 2

III. STATE OF THE ART ............................................................................... 3

IV. THE ASSERTED CLAIMS ARE INVALID BASED ON THE PRIOR
ART [P.R. 3-3(A), (B), AND (C)] ........................................................ 6

    A. Obviousness Combinations Under 35 U.S.C. § 103 ............................. 9

    B. Applicants' Admitted Prior Art ......................................................... 11

    C. The Knowledge of One of Ordinary Skill in the Art ......................... 13

    D. The Asserted Claims of the '461 Patent are Invalid Based on the
Prior Art ............................................................................................ 14

        1. The Xerox ParcTab System ...................................................... 14

        2. The Ericsson Solution ............................................................... 26

        3. U.S. Patent No. 5,485,163 (Singer et al.) ................................ 34

        4. U.S. Patent No. 5,625,668 (Loomis et al.) .............................. 40

        5. U.S. Patent No. 5,731,785 (Lemelson et al.)........................... 46

        6. U.S. Patent No. 5,946,626 (Foladare et al.)............................. 52

        7. U.S. Patent No. 6,091,957 (Larkins et al.) .............................. 56

        8. U.S. Patent No. 6,924,748 (Obradovich et al.)........................ 61

        9. JP Patent Publication No. 6189359A (Michihiro) .................. 67

        10. The ATIS Solution.................................................................... 71

        11. U.S. Patent No. 5,950,137 (Kim) ............................................ 81

        12. U.S. Patent No. 6,169,902 (Kawamoto)................................. 86

        13. U.S. Patent No. 5,504,491 (Chapman) .................................... 91

    E. The Asserted Claims of the '273 Patent are Invalid Based on the
Prior Art ............................................................................................ 92

        1. U.S. Patent No. 5,365,451 (Wang et al.) ................................. 92

        2. U.S. Patent No. 5,732,387 (Armbruster et al.) ........................ 94

|   |   | 3.  | U.S. Patent No. 5,774,802 (Tell et al.) ........................................ 96 |
|   |   | 4.  | U.S. Patent No. 6,199,045 (Giniger et al.) ................................. 99 |
|   |   | 5.  | U.S. Patent No. 6,486,794 (Calistro et al.)............................... 102 |
|   |   | 6.  | The Lin Article ........................................................... 105 |
|   |   | 7.  | U.S. Patent No. 7,277,714 (Mikan et al.) ................................ 108 |
|   |   | 8.  | U.S. Patent No. 7,970,415 (Mikan et al.) ................................ 111 |
|   |   | 9.  | U.S. Patent No. 7,643,834 (Ioppe et al.) ................................. 113 |
|   |   | 10. | U.S. Patent No. 8,023,958 (Wang et al.) ................................. 115 |
|   |   | 11. | W.O. Publication No. 2002/017567 (Spaargaren et al.)........... 117 |
|   |   | 12. | W.O. Publication No. 2001/031965 (Willehadson et al.) ........ 120 |
|   |   | 13. | U.S. Publication No. 2003/0101225 (Han et al.)..................... 123 |
|   |   | 14. | U.S. Publication No. 2009/0098857 (De Atley et al.)............. 125 |
| V.  |   |   | THE ASSERTED CLAIMS ARE INVALID UNDER 35 U.S.C. § 112 [P.R. 3-3(D)]........................................................................ 128 |
|     | A. |   | 35 U.S.C. § 112, ¶ 2:  Indefiniteness .................................................. 128 |
|     | B. |   | 35 U.S.C. § 112, ¶ 1:  Insufficient Written Description .................... 132 |
|     | C. |   | 35 U.S.C. § 112, ¶ 1:  Lack of Enablement ....................................... 136 |
|     | D. |   | Additional Invalidity Positions Under 35 U.S.C. § 112 .................... 140 |
| VI. |   |   | ADDITIONAL INVALIDITY CONTENTIONS ................................. 140 |
|     | A. |   | Invalidity Under 35 U.S.C. § 101 ..................................................... 140 |
|     | B. |   | Additional Invalidity Positions ......................................................... 141 |

## I.    INTRODUCTION

Pursuant to the Patent Rules adopted in this case, Defendants AT&T Mobility LLC and AT&T Mobility II LLC (collectively, "Defendants") serve these Amended Invalidity Contentions on Plaintiff Enovsys LLC, along with the document production required by Patent Rule 3-4(b).[1]  These Amended Invalidity Contentions are based on Defendants' current understanding of the patents-in-suit, Plaintiff's Infringement Contentions, and the prior art identified as a result of Defendants' investigation to date.  Defendants continue to investigate and analyze the prior art, and to pursue discovery from Plaintiff and other sources, and may seek leave to further supplement, modify, or otherwise amend these Amended Invalidity Contentions accordingly.

To the extent that these Amended Invalidity Contentions rely on or otherwise embody particular constructions of terms or phrases in the Asserted Claims, Defendants are not proposing any such constructions as proper constructions of those terms or phrases at this time.  The Court has established separate deadlines for the parties' proposed claim constructions, and Defendants will disclose their proposed constructions according to those deadlines.  For purposes of these Amended Invalidity Contentions, Defendants may adopt alternative claim construction positions.  In particular, certain of these Amended Invalidity Contentions, including the charts attached as Exhibits 1-38, may be based on proposed constructions that appear to underlie Plaintiff's Infringement Contentions.[2]  Defendants, however, do not concede that Plaintiff's apparent

---

[1] Defendants will make available for inspection and copying any item of prior art identified in these Amended Invalidity Contentions that does not appear in the accompanying Patent Rule 3-4(b) document production.

[2] Plaintiff's Infringement Contentions appear to be based on an improperly broad interpretation of the Asserted Claims.  Thus, certain of these Amended Invalidity Contentions may likewise be based on Plaintiff's overbroad interpretations.

constructions are proper, and reserve the right to contest any such constructions. Moreover, nothing herein admits in any way that any Accused Instrumentality, or any of Defendants' other products or services, infringes any of the Asserted Claims or meets any element, step, or limitation thereof.  Pursuant to Patent Rule 3-6, Defendants reserve the right to supplement, modify, or otherwise amend these Amended Invalidity Contentions based on the Court's claim construction ruling or any change in Plaintiff's apparent constructions prior to such ruling, and/or based on the discovery of additional prior art.

Throughout the attached Exhibits, Defendants provide examples of where the prior art discloses subject matter recited in claim preambles, without regard to whether the preambles are properly considered to be limitations of the Asserted Claims.  Defendants reserve the right to argue that the preambles are or are not limitations.  Moreover, Defendants reserve the right to argue that any claim elements or steps recited in the Asserted Claims do not in fact limit the scope of the Asserted Claims.

## II.    PRIORITY OF THE ASSERTED CLAIMS

In Plaintiff's May 14, 2012 Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions"), Plaintiff asserted Claims 1, 6, 10, 11, 12, 13, 18, 19, 25, 27, and 28 of U.S. Patent No. 6,560,461 (the "'461 Patent") and Claim 1 of U.S. Patent No. 7,925,273 (the "'273 Patent") (collectively, the "Asserted Claims" of the "Asserted Patents").  The '461 Patent was filed on March 8, 1999 and issued on May 6, 2003.  The '461 Patent was filed as a continuation-in-

---

Further, Plaintiff's Infringement Contentions are deficient at least because they are not in compliance with the Patent Rules adopted by the Court in this case. Defendants reserve the right to supplement, modify, or otherwise amend these Amended Invalidity Contentions should Plaintiff modify its positions regarding the scope of the Asserted Claims, for example, by amending its Infringement Contentions.

part of the application that issued as U.S. Patent No. 5,918,159 (the "'159 Patent"), which was filed on August 4, 1997. The '273 Patent was filed on October 31, 2007 as a continuation of the application that issued as the '461 Patent. Plaintiff alleged in its Infringement Contentions that the Asserted Claims of both Asserted Patents are entitled to a priority date of August 4, 1997 (*i.e.*, the filing date of the '159 Patent). Defendants do not agree with Plaintiff's alleged priority date, however, because the Asserted Claims are not supported by the '159 Patent to which they claim priority. Accordingly, these Amended Invalidity Contentions include prior art dated after the filing of the '159 Patent but before the filing of the '461 Patent, and after the filing of the '461 Patent but before the filing of the '273 Patent.

Moreover, Defendants will object to any attempt by Plaintiff to establish that any Asserted Claim is entitled to a priority date earlier than the August 4, 1997 date identified in its Infringement Contentions. Defendants also reserve the right to supplement, modify, or otherwise amend these Amended Invalidity Contentions should Plaintiff allege that any Asserted Claim is entitled to an earlier priority date.

## III.   STATE OF THE ART

At the time of the alleged invention of named inventors Mundi Fomukong and Denzil Willoughby Chesney (collectively "Applicants"), selectively reporting and/or updating location information was widely known, understood, and implemented by those of skill in the art. Numerous wireless location technologies were available and were being leveraged by various industries well in advance of Applicants' alleged invention. Examples of wireless location technologies available at the time include inertial navigation systems, GPS, GLONASS, Loran-C, TACAN, VOR, Omega, and various other ground-based technologies implemented using base stations, such as AM/FM radio towers, TV broadcast towers, and/or cell towers. For example, the use of mobile devices incorporating Global Positioning System technology within a cellular telephone system was

disclosed prior to the alleged invention of the Asserted Patents at least by U.S. Patent No. 5,235,633.   The Federal Aviation Administration (FAA) began leveraging these wireless location technologies for air traffic control and navigation solutions at least as early as 1944.[3]  By the 1980s, wireless location technology was being leveraged by a number of other industries, including, for example, the automotive industry for the purpose of developing vehicle navigation, fleet management, and intelligent vehicle highway system (IVHS) solutions.[4]

The various applications of wireless location technology typically utilized wireless communication capability for transmitting data, such as wirelessly determined locations and/or other related information.   Advances in wireless communication technology led to its increased use, ultimately resulting in new applications of wireless location technology.   For example, advances in cellular networks in the 1980s and 1990s, such as the development of the Global System for Mobile Communications (GSM) standard[5], led to an increased use of cellular phones.   This resulted in new applications of wireless location technology in

---

[3] *See* "FAA Historical Chronology 1926-1996" at 32 ("In 1944, incorporating wartime radio advances, CAA began testing an improved, static-free, very high frequency omnidirectional radio range (VOR) at its Experimental Station in Indianapolis"); *see also* FAA Advisory Circular 20-101C, "Airworthiness Approval of Omega/VLF Navigation Systems For Use in the U.S. National Airspace System (NAS) and Alaska," September 12, 1988; FAA Advisory Circular 20-138, "Airworthiness Approval of Global Positioning System (GPS) Navigation Equipment For Use as a VFR and IFR Supplemental Navigation System," May 25, 1994; and FAA Advisory Circular 20-130A, "Airworthiness Approval of Navigation or Flight Management Systems Integrating Multiple Navigation Sensors," June 14, 1995.

[4] *See, e.g.,* R.L. French & Associates, "A Comparison of IVHS Progress in the United States, Europe, and Japan," IVHS America, December 31, 1993; R.L. French, "The Evolving Roles of Vehicular Navigation," 1987.

[5] *See, e.g.,* GSM Specification 04.08, February 1992.

cellular networks, including, for example, cellular directory services[6], personnel supervision[7], wireless enhanced 911 (E-911) services[8], and other location-based services.   The use of wireless location technology for these purposes implicated significant concerns regarding privacy.[9]   As a result, those skilled in the art began implementing privacy safeguards for these location-based services.   For example, at least as early as 1992, Xerox Corporation began developing a personal digital assistant (PDA), named ParcTab, which included location capabilities.[10]   Because privacy was a primary concern in the development of this system, Xerox Corporation implemented functionality to selectively report user locations only when authorized by the particular user.[11]   The privacy safeguards implemented by

[6] *See, e.g.,* U.S. Patent No. 5,627,549 to Park; U.S. Patent No. 5,561,704 to Salimando.

[7] *See, e.g.,* U.S. Patent No. 6,999,779 to Hashimoto.

[8] In 1994, the FCC proposed various rules requiring cellular service providers to locate emergency 9-1-1 (E-911) callers, and these proposed rules were adopted in 1996.   *See* FCC E-911 Notice of Proposed Rule Making, CC Docket No. 94-102, released October 19, 1994; *see also* FCC E-911 First Report and Order, CC Docket No. 94-102, released July 26, 1996.

[9] "While clear functional advantages flow from the tracking of user locations in a ubiquitous computing environment, as well as in mobile computing systems in general, the risk of abusive use of this information is sufficiently high to cause some users to fear an unacceptable violation of their personal privacy rights.   It, therefore, would be desirable to give users increased control over the scope and distribution of the personal information (*i.e.*, location and identity) that is divulged with respect to them while they are at different locations and./or operating in different contexts.   Indeed, it would be beneficial to tailor these disclosures in accordance with the personal preferences of those users who have appropriately registered their particular preferences."   *See* U.S. Application No. 08/162,522 to Theimer et al; *See also e.g., COCS '91 Active Badge Panel Including Teleconference* Video.

[10] *See* Section IV.D.1 regarding the Xerox ParcTab System.

[11] *See, e.g.,* Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed

Xerox Corporation included multiple levels of authentication before reporting location information.[12]  Many other similar solutions were developed, as detailed throughout these Amended Invalidity Contentions.

All of these prior art solutions were widely known, understood, and implemented by those of skill in the art at the time of the alleged invention. Because these prior art solutions all share the common objectives of efficiently and reliably determining, reporting, and/or updating location information, it was widely recognized by those skilled in the art that advances in wireless location and/or wireless communication technology with respect to a particular prior art solution were equally applicable to other prior art solutions in the same field.

Defendants' Patent Rule 3-4(b) document production includes examples of prior art evidencing the state of the art at the time of the alleged invention.  Each of those prior art references qualifies as prior art at least under 35 U.S.C. §§ 102(a), (b), and/or (e) and invalidates the Asserted Claims and/or renders them obvious.

## IV.   THE ASSERTED CLAIMS ARE INVALID BASED ON THE PRIOR ART [P.R. 3-3(A), (B), AND (C)]

Pursuant to subsections (a), (b), and (c) of Patent Rule 3-3, Defendants contend that the Asserted Claims are invalid as anticipated by the prior art under 35 U.S.C. § 102 and/or as obvious in view of the prior art under 35 U.S.C. § 103.  The charts attached as Exhibits 1-38 provide examples of where specific items of prior art disclose either expressly or inherently, and/or render obvious, each element, step, or limitation of the Asserted Claims.   Accompanying Exhibits 1-38 are

---

Computing Systems Conference, June 21-24, 1994 at 31 ("In this section we will introduce a variety of modifications to our architecture in support of the provision of privacy. … [W]e define privacy to mean that information about a person's location remains known only to that person unless he explicitly hands it out to someone else."); *see also* Section IV.D.1.

[12] *See* Section IV.D.1.

Appendices A-R that provide supplemental examples of prior art disclosing certain claim elements, steps, or limitations that were ubiquitous in the prior art (as discussed in Exhibits 1-38). Defendants have endeavored to cite the most relevant portions of the identified prior art. However, other portions of the identified prior art may additionally disclose, either expressly or inherently, and/or render obvious, one or more elements, steps, or limitations of the Asserted Claims. Although Defendants have endeavored to identify at least one citation per element for each item of prior art, each and every disclosure of the same element in an item of prior art is not necessarily identified. The lack of a citation for an element, step, or limitation is not an admission that the element, step, or limitation is not disclosed expressly or inherently in, and/or is not rendered obvious by, the item of prior art. In an effort to focus the issues, Defendants have identified only example portions or aspects of cited prior art. Defendants reserve the right to rely on uncited portions or aspects of the identified prior art to establish the invalidity of the Asserted Claims. Moreover, Defendants reserve the right to rely on uncited portions or aspects of the identified prior art, other prior art, other references that show the state of the art (irrespective of whether such references themselves qualify as prior art), and/or expert testimony to provide context to or aid in understanding the cited portions or aspects of the identified prior art.

Where Defendants cite to a particular drawing or figure in the accompanying charts, the citation encompasses the description of the drawing or figure, as well as any text associated with the drawing or figure. Similarly, where Defendants cite to particular text concerning a drawing or figure, the citation encompasses that drawing or figure as well.

Although certain references are listed as evidence for particular prior art solutions, certain of those references describe, relate to, and are evidence of multiple prior art solutions that render the Asserted Claims invalid. Defendants reserve the right to rely on any identified reference as evidence supporting any of

those relevant prior art solutions.  Defendants also reserve the right to rely on any identified item of prior art individually to anticipate any or all of the Asserted Claims and/or to render obvious any or all of the Asserted Claims in view of the knowledge of one of skill in the art and/or in combination with other identified references.

To the extent these Amended Invalidity Contentions identify any prior art patents and/or printed publications under 35 U.S.C. §§ 102(a) or (b), Defendants may also rely on those patents and/or printed publications as evidence that the described invention was known or used by others under 35 U.S.C. §§ 102(a) or (g)(2), or in public use or on sale under 35 U.S.C. § 102(b).

Certain items of identified prior art inherently disclose features of the Asserted Claims.  Defendants reserve the right to rely on inherency to demonstrate the invalidity of the Asserted Claims.  Moreover, certain prior art references and solutions may inherently disclose certain features of the Asserted Claims as apparently construed by Plaintiff.  Defendants may rely on cited or uncited portions of the prior art, other documents, and expert testimony to establish the inherency of certain features of the prior art to invalidate the Asserted Claims.

Defendants also reserve the right to rely on any reference identified in these Amended Invalidity Contentions or any other reference to prove that an item of prior art identified herein is enabled or enabling, or to explain the meaning of a term or phrase used in or other disclosure found in the item of prior art.

In addition to the prior art identified below and the accompanying invalidity claim charts, Defendants also rely on the "Background of the Invention" and other relevant portions of the Asserted Patents and their related patents; the file histories of the Asserted Patents and their related patents, including the references cited during prosecution; and other evidence, including fact and expert testimony about that evidence, to prove that the Asserted Claims are anticipated and/or rendered obvious under 35 U.S.C. §§ 102 and 103.

Defendants reserve the right to supplement, modify, or otherwise amend these Amended Invalidity Contentions in response to any allegation by Plaintiff that any of the identified prior art, or any combination of that prior art, does not disclose one or more elements, steps, or limitations of the Asserted Claims.

### A.  Obviousness Combinations Under 35 U.S.C. § 103

To the extent that Plaintiff argues that an item of prior art does not disclose an element, step, or limitation, Defendants reserve the right to rely on any combination of the prior art disclosed in these Amended Invalidity Contentions, including the charts attached as Exhibits 1-38, the knowledge of those skilled in the art, the Applicants' admitted prior art, and/or other prior art or information to show that it would have been obvious to include the allegedly missing element, step, or limitation.  The reasons or motivation to combine the prior art would include, for example, the fact that the prior art is all in the field of wireless location and/or wireless communication technology, and one of ordinary skill in the art implementing a system to wirelessly determine, report, and/or update location information would have been motivated to investigate the various existing products, systems, solutions, methods, processes, patents, patent applications, and/or publications in that field to address his particular needs.  The combinations and modifications of the prior art to invalidate the Asserted Claims would have arisen from ordinary innovation, ordinary skill, or common sense, or would have been obvious to try or otherwise predictable.

A person of ordinary skill would have been motivated to combine or modify identified prior art based on the nature of the problem to be solved, the teachings of the prior art, and the knowledge of persons of ordinary skill in the art.  Design incentives and other market forces would have prompted those combinations and modifications.  For example, in the prior art, there were well-recognized design needs and market pressures to efficiently and reliably determine, report, and/or

update location information.  In addition, there were well-recognized design needs and market pressures to implement safeguards for maintaining the privacy of the subject of the location information.  Moreover, some items of prior art refer to or discuss other items of prior art, illustrating the close technical and other relationships among the prior art and among those of skill in the art.  To the extent any item of prior art refers to or discusses other items of prior art, either expressly or inherently, it would have been obvious to combine those items of prior art for at least that reason.

Defendants contend that the Asserted Claims are obvious because they merely arrange old elements, with each performing the same function that had been known, to perform and yield no more than what one of ordinary skill would expect from such an arrangement.  Because there were a finite number of predictable solutions in the art of wirelessly determining, reporting, and/or updating location information, it would have been obvious to a person of ordinary skill in the art to pursue the known options.  A person skilled in the art of wireless location and/or wireless communication technology would have been familiar with all of the claim elements, steps, and/or limitations that the patentee used to distinguish the prior art during prosecution.  The identified prior art uses those familiar elements for their primary or well-known purposes and in a manner within the ordinary level of skill in the art.  Accordingly, common sense and the knowledge of the prior art attributed to those skilled in the art render the Asserted Claims invalid as well.

As discussed above in Section III with respect to the state of the art, selectively reporting and/or updating location information was well-known to those of skill in the art at the time of alleged invention.  One of ordinary skill in the art would have found it obvious to combine and/or modify prior art involving selective reporting and/or updating of location information with concepts from other prior art in the field of wireless location and/or wireless communication technology.

1    Various additional example combinations and modifications, and reasons or
2  motivation to implement those combinations and modifications, are provided
3  below.

4    **B.    Applicants' Admitted Prior Art**

5    Statements made by the Applicants in the specification and/or during
6  prosecution of the Asserted Patents and their related patents and/or applications,
7  such as in the "Background of the Invention" section that describes the prior art
8  known to the Applicants, are admissions that can be relied upon for both
9  anticipation and obviousness determinations, regardless of whether the admitted
10  prior art would otherwise qualify as prior art under the statutory categories set forth
11  in 35 U.S.C. § 102.   See MPEP §§ 608.01(c), 2129.   To the extent Plaintiff
12  contends that the Asserted Claims are not invalid as anticipated by and/or obvious
13  in view of the prior art under 35 U.S.C. §§ 102 and 103, Defendants reserve the
14  right to rely on such "Admitted Prior Art" to demonstrate the invalidity of the
15  Asserted Claims.

16    For example, in the specification and prosecution history of the Asserted
17  Patents and the related '159 Patent, Applicants admit that at least the following
18  were known in the art:

19   •    The use of the Global Positioning System to determine the location of
20        a mobile remote receiving unit. *See, e.g.*, '461 Patent, 6:13-15.

21   •    Systems that allow subscribers to control the provision of positioning
          information to callers. *See, e.g.*, '159 Patent, 1:53-60.
22
23   •    Receiving a request to provide location information of a mobile remote
          unit to an authorized (and pre-authorized) resource, as taught by U.S.
24        Patent No. 5,731,785 to Lemelson et al.   *See, e.g.*, '461 Patent
          Prosecution History, Response filed 6/24/2001 at 13; '273 Patent
25        Prosecution History, Response filed 8/24/2010 at 2.

26   •    Mobile remote units that report their location at pre-determined time
          intervals, as taught by U.S. Patent No. 5,943,621 to Ho et al. *See, e.g.*,
27        '273 Patent Prosecution History, Response filed 8/24/2010 at 6.
28

- Satellite based paging communication systems comprising space satellites, ground base stations, and call receivers having a means to receive paging information from satellites and earth based communication means, as taught by U.S. Patent No 5,301,354 to Schwendeman et al. *See, e.g.*, '461 Patent Prosecution History, IDS filed 3/8/1999 at 1; '159 Patent Prosecution History, Response filed 8/4/1997 at 3.

- Satellite paging systems with satellite transmitters, as taught by U.S. Patent No. 5,506,886 to Maine et al. *See, e.g.*, '461 Patent Prosecution History, IDS filed 3/8/1999 at 1; '159 Patent Prosecution History, Response filed 9/16/1998 at 6.

- No outage GPS/AM position finding systems for cellular networks, as taught by U.S. Patent No. 5,422,813 to Schuchman et al. *See, e.g.*, '461 Patent Prosecution History, IDS filed 3/8/1999 at 1; '159 Patent Prosecution History, Response filed 9/16/1998 at 6.

- RF communication systems with mobile RF source communication units that poll for the location of mobile RF target communication units, as taught by U.S. Patent No. 5,126,733 to Sager et al. *See, e.g.*, '461 Patent Prosecution History, IDS filed 3/8/1999 at 1; '159 Patent Prosecution History, Response filed 9/16/1998 at 14.

- Methods for determining and reporting the location of missing vehicles using cellular telephones in the vehicles that receive interrogation signals requesting location information. *See, e.g.*, '461 Patent Prosecution History, Response filed 6/4/2000 at 6.

Additional admissions regarding the prior art are found in the specification and prosecution history of the Asserted Patents, in their related patents and/or applications, in Plaintiff's Infringement Contentions, and in testimony given by the inventors or Plaintiff in the course of litigating of one or more of the Asserted Patents. For example, Plaintiff admits that U.S. Patent No. 5,235,633 discusses a block diagram of a mobile unit of a cellular telephone system which incorporates a GPS location determining system.[13] As another example, Plaintiff admits that GPS

---

[13] Deposition of Mundi Fomukong taken on Wednesday, August 28, 2013 at  p. 108, ll. 6-13.

technology was used to position aircraft at least as early as 1991.[14]   Defendants reserve the right to rely on such Admitted Prior Art to demonstrate the invalidity of the Asserted Claims.

### C.    The Knowledge of One of Ordinary Skill in the Art

To the extent that Plaintiff contends that any particular feature of the Asserted Claims is a novel aspect of the Asserted Claims, Defendants reserve the right to illustrate that the particular feature was widely known, understood, and implemented by those of ordinary skill in the art at the time of the alleged invention, and that it would have been obvious to combine and/or modify the prior art identified throughout these Amended Invalidity Contentions with the knowledge of one of ordinary skill in the art.  For example, to the extent Plaintiff contends that selectively reporting and/or updating location information is a novel aspect of the Asserted Claims, various prior art systems and references, including those discussed throughout these Amended Invalidity Contentions, demonstrate that selectively reporting and/or updating location information was widely known, understood, and implemented in the prior art.  One of ordinary skill in the art would have known this at the time of the alleged invention.

Defendants reserve the right to illustrate this knowledge using any of the prior art references included as part of Defendants' Patent Rule 3-4(b) document production.  Defendants also reserve the right to contend that it would have been obvious to modify any of the prior art identified in these Amended Invalidity Contentions to render the Asserted Claims invalid in view of the knowledge of one of ordinary skill in the art.

---

[14] Deposition of Mundi Fomukong taken on Wednesday, August 28, 2013 at  p. 104, ll. 1-15.

**D.     The Asserted Claims of the '461 Patent are Invalid Based on the Prior Art**

      **1.     The Xerox ParcTab System**

The Xerox ParcTab System, which includes the Active Badge technologies, qualifies as prior art at least under 35 U.S.C. §§ 102(a) and (g)(2) because it was known and/or used by others or made by others before the earliest conception date that Plaintiff can establish for the Asserted Claims, and under 35 U.S.C. § 102(b) because it was in public use and/or offered for sale more than one year prior to the alleged priority date of the Asserted Patents.[15]   In addition, the Xerox ParcTab System was built and publicly used at least at the Xerox Palo Alto Research Center, Olivetti Research Limited in Cambridge, EuroPARC in Cambridge, the University of Cambridge, the University of Washington, and the Massachusetts Institute of Technology.  Each of these systems qualify as prior art at least under 35 U.S.C. §§ 102(a) and 102(g)(2).

Various references, including those identified below, disclose the features and functionalities of the Xerox ParcTab System.   Each underlying reference evidencing the Xerox ParcTab System also individually qualifies as prior art. Exhibits 1-5, 23 and 37 provide examples of how the Xerox ParcTab System and associated references disclose, either expressly or inherently, each element of the Asserted Claims, thereby anticipating those claims under 35 U.S.C. § 102, using

---

[15] See e.g. *Big Brother Pinned to your Chest*, Business Week, August 17,1992; *The Office of the 21st Century*, Palo Alto Weekly Vol. XIII, Number 32, May 6, 1992; *Total Recall*, Popular Science February 1995; *Locating systems at work: implications for the development of active badge applications*, Interacting with Computers vol. 4 no. 3, 1992; *Locator Technology in Distributed Systems: The Active Badge Panels*, Conference on Organizational Computer Systems 1991-11-06; *The Boss That Never Blinks*, San Jose Mercury News, 8 March 1992; *More on active badges and fears about loss of privacy*, InfoWorld Vol 14 Issue 27, July 6, 1992; *'Active Badges' Play Follow the Worker; Computerized Trackers Spark Worries about 'Big Brother'*, The Washington Post Sec. A01, October 8, 1992; *Playground of Invention*, San Francisco Examiner Sec. B1, September 15, 1995; *We're going to have computers coming out of the woodwork*, Smithsonian, Vol. 25 Issue 6, September 1, 1994; and 22 July 2013 deposition of Dr. Roy Want.

Plaintiff's apparent and overbroad constructions of the claims.   The following references evidence the Xerox ParcTab System:

| Exh. | EVIDENCE FOR THE PRIOR ART XEROX PARCTAB SYSTEM |
|---|---|
| 1 | The Xerox ParcTab System |
| 1 | Mike Spreitzer et al., "Providing Location Information in a Ubiquitous Computing Environment," SOSP '93 Proceedings of the Fourteenth ACM Symposium on Operating System Principles, 1993 (the "Spreitzer Article II"). The Spreitzer Article II qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 1 | Roy Want et al., "The Active Badge Location System," ACM Transactions on Information Systems, Vol. 10, Issue 1, January 1992 (the "Want Article I"). The Want Article I qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 1 | Roy Want et al., "An Overview of the ParcTab Ubiquitous Computing Experiment," IEEE Personal Communications, December 1995 (the "Want Article II"). The Want Article II qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 1 | Bill Schilit et al., "The ParcTab Mobile Computing System," Proceedings of the Fourth Workshop on Workstation Operating Systems, 1993 (the "Schilit Article I"). The Schilit Article qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 1 | R.H. Harper et al., "Locating systems at work: implications for the development of active badge applications," Interacting with Computers vol 4 no 3, 1992 (the "Harper Article"). The Harper Article qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 1 | Mark Weiser., "Some Computer Science Issues in Ubiquitous Computing," Communications of the ACM Vol. 36 No. 7, 1993 (the "Weiser Article"). The Weiser Article qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |

| Exh. | EVIDENCE FOR THE PRIOR ART XEROX PARCTAB SYSTEM |
|---|---|
| 2 | U.S. Patent No. 5,493,692 to Theimer et al., entitled "Selective Delivery of Electronic Messages in a Multiple Computer System Based on Context and Environment of a User," issued February 20, 1996 (the "Theimer Patent"). The Theimer Patent is entitled to a priority date of at least December 3, 1993. The Theimer Patent qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 3 | U.S. Application Serial No. 08/162,522 to Theimer et al., entitled "Personal Privacy for Mobile Users in Distributed Computing Environments That Support Location Sensitive Applications," filed December 3, 1993 (the "Theimer Application"). The Theimer Application, which was cited in the Theimer Patent, qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). *See* MPEP § 901.02. |
| 4 | U.S. Patent No. 5,564,070 to Want et al., entitled "Method and System for Maintaining Processing Continuity to Mobile Computers in a Wireless Network," issued October 8, 1996 (the "Want Patent"). The Want Patent is entitled to a priority date of at least July 30, 1993. The Want Patent qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 5 | Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994 (the "Spreitzer Article I"). The Spreitzer Article I qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 23 | Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994 (the "Harter Article"). The Harter Article qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 37 | Roy Want et al., "Active Badges and Personal Interactive Computing Objects," IEEE Transactions on Consumer Electronics, Vol. 38, No. 1, February 1992 (the "Want Article III"). The Want Article III qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 37 | Active Badge Installation and User's Guide (Draft) [On information and belieif, AT&T identifies the publication date no later than 1996. AT&T will immediately notify Enovsys when AT&T confirms the publication date of this reference.] |

| Exh. | EVIDENCE FOR THE PRIOR ART XEROX PARCTAB SYSTEM |
|------|--------------------------------------------------|
| 37 | Bill Schilit et al., "Customizing Mobile Applications," Proceedings USENIX Symposium on Mobile & Location-independent Computing, August 1993 (the "Schilit Article II"). The Schilit Article II qualifies as prior art under at least 35 U.S.C. § 103. |
| 37 | Roy Want et al., "ParcTab System version 7.0 release notes," April 18, 1994 (the "Want Article IV"). The Want Article IV qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 37 | George Fitzmaurice, et al., "MultiTab Architecture," June 28, 1993 (the "Fitzmaurice Article"). The Fitzmaurice Article qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 37 | Rich Gold, "Preliminary Definition of Parc+ Tab Applications", July 13, 1991 (the "Gold Article"). The Gold Article qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 37 | Michael Tso, "tab/doc/rep7-19", July 19, 1991 (the "Tso Article"). The tso Article qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 37 | Marvin Theimer et al., "Delegation through Access Control Programs," CSL-92-12, November 1992 (the "Theimer Article"). The Theimer Article qualifies as prior art under at least 35 U.S.C. § 103. |
| 39 | 22 June 2013 deposition testimony of Dr. Roy Want |

Defendants reserve the right to contend that the references evidencing the Xerox ParcTab System constitute a single reference for purposes of anticipation. Defendants also reserve the right to contend that, if the Xerox ParcTab System references are considered individually, it would have been obvious to combine those references to render the Asserted Claims invalid, because those references, or the information contained therein, all discuss the same subject (*i.e.*, the Xerox ParcTab System).

To the extent any of the references evidencing the Xerox ParcTab System disclose a particular feature, it would have been obvious to combine that feature with other or all of the references evidencing the Xerox ParcTab System to render

the Asserted Claims invalid.[16]  The reasons or motivation to modify the references evidencing the Xerox ParcTab System in that manner include, for example, the fact that it would have been common sense to apply concepts that were already being described in one reference about the Xerox ParcTab System to another reference about the same solution.

To the extent Plaintiff asserts that the Xerox ParcTab System, or any reference evidencing the Xerox ParcTab System, does not anticipate the Asserted Claims, it would also have been obvious to combine or modify the Xerox ParcTab System, or any reference evidencing the Xerox ParcTab System, with concepts from other prior art such as, for example, other prior art identified in Section IV and/or Appendices A-R, to render the Asserted Claims invalid, because all of that prior art relates to wireless location and/or wireless communication technology.

For example, it would have been obvious to combine or modify the Xerox ParcTab System, or any reference evidencing that system, to receive a request for location information, as described by the prior art from Appendix A, including, for example, U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 5,625,668 to Loomis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Application Serial

---

[16] See e.g. Norman Adams email sent 19 November 1994 describing the ParcTab system and stating "But, our system is upward compatible with a system that give users control over location information about them. That system is described by two PARC researchers in ['Providing Location Information in a Ubiquitous Computing Environment,' SOSP '93 Proceedings of the Fourteenth ACM Symposium on Operating System Principles, 1993]."; See also 22 July 2013 Deposition of Dr. Roy Want at: pg. 30 ll. 13-22; pg. 86 l. 12 - pg. 87 l. 8; pg. 92 l. 21 - pg. 93 l. 10; pg. 148 l9 - pg. 150 l. 5; pg. 152 l. 1 - pg. 154 l. 19; pg 170 ll. 6-20; pg. 184 l. 7 - pg. 185 l. 5; and pg. 198 l. 20 - pg. 201 l. 22; pg. 259 l. 14 - pg. 260 l. 18.

No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the Xerox ParcTab System in this manner for the reasons explained in Section IV.A and also because the Xerox ParcTab System and the above-referenced prior art from Appendix A are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Xerox ParcTab System, or any reference evidencing that system, to identify the source of a location request, as described by the prior art from Appendix B, including, for example, U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the Xerox ParcTab System in this manner for the reasons explained in Section IV.A and also because the Xerox ParcTab System and the above-referenced prior art from Appendix B are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Xerox ParcTab System, or any reference evidencing that system, to transmit a location request and the identification of the source of the request to a mobile unit and to receive authorization from the mobile unit to allow or deny the request, as described by the prior art from Appendix C, including, for example, U.S. Patent

No. 6,442,391 to Johansson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro. One of ordinary skill in the art would have been motivated to combine or modify the Xerox ParcTab System in this manner for the reasons explained in Section IV.A and also because the Xerox ParcTab System and the above-referenced prior art from Appendix C are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Xerox ParcTab System, or any reference evidencing that system, to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the Xerox ParcTab System in this manner for the reasons explained in Section IV.A and also because the Xerox ParcTab System and the above-referenced prior art from Appendix D are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Xerox ParcTab System, or any reference evidencing that system, to allow location requests from some resources while denying location requests from other resource, as described by the prior art from Appendix E, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the Xerox ParcTab System in this manner for the reasons explained in Section IV.A and also because the Xerox ParcTab System and the above-referenced prior art from Appendix E are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Xerox ParcTab System, or any reference evidencing that system, to use a profile to allow or deny a request for location information, as described by the prior art from Appendix F, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994;  U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; and U.S. Patent No. 6,360,102 to Havinis et al.  One of ordinary skill in the art would have been motivated to combine or modify the Xerox ParcTab System in

21

1  this manner for the reasons explained in Section IV.A and also because the Xerox

2  ParcTab System and the above-referenced prior art from Appendix F are all

3  directed towards wireless location determining and/or reporting technology.

4      As another example, it would have been obvious to combine or modify the

5  Xerox ParcTab System, or any reference evidencing that system, to continuously

6  track the location of a mobile unit, as described by the prior art from Appendix G,

7  including, for example, U.S. Patent No. 6,169,902; Andy Harter et al., "A

8  Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1,

9  1994; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to

10  Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692

11  to Theimer et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No.

12  5,365,451 to Wang et al.; and International PCT Application No. PCT/US97/11656

13  to Boltz et al.  One of ordinary skill in the art would have been motivated to

14  combine or modify the Xerox ParcTab System in this manner for the reasons

15  explained in Section IV.A and also because the Xerox ParcTab System and the

16  above-referenced prior art from Appendix G are all directed towards wireless

17  location determining and/or reporting technology.

18      As another example, it would have been obvious to combine or modify the

19  Xerox ParcTab System, or any reference evidencing that system, to detect an

20  absence of communication with a mobile unit, as described by the prior art from

21  Appendix H, including, for example, The ATIS Solution; U.S. Patent No.

22  5,504,491 to Chapman; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent

23  No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S.

24  Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.;

25  International PCT Application No. PCT/US97/11656 to Boltz et al.; the GSM

26  Specification; the TIA/EIA/IS-95-A Specification; M. Mouly, et al., "The GSM

27  System for Mobile Communications"; Roy Want et al., "The Active Badge

28  Location System," ACM Transactions on Information Systems, Vol. 10, Issue 1,

DEFENDANTS' AMENDED INVALIDITY
CONTENTIONS                                    22

1   January 1992; Roy Want et al., "An Overview of the ParcTab Ubiquitous
2   Computing Experiment," IEEE Personal Communications, December 1995; and JP
3   Patent Publication No. 9147291A to Yoshiyuki.  One of ordinary skill in the art
4   would have been motivated to combine or modify the Xerox ParcTab System in
5   this manner for the reasons explained in Section IV.A and also because the Xerox
6   ParcTab System and the above-referenced prior art from Appendix H are all
7   directed towards wireless location determining and/or reporting technology.

8       As another example, it would have been obvious to combine or modify the
9   Xerox ParcTab System, or any reference evidencing that system, to have a network
10  node allow or deny a request for location information, as described by the prior art
11  from Appendix I, including, for example, The ATIS Solution; U.S. Patent No.
12  6,169,902 to Kawamoto; U.S. Patent No. 5,950,137 to Kim; Andy Harter et al., "A
13  Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1,
14  1994; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to
15  Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Application
16  Serial No. 08/162,522 to Theimer et al.; International PCT Application No.
17  PCT/US97/11656 to Boltz et al.; and JP Patent Publication No. 6189359A to
18  Michihiro.  One of ordinary skill in the art would have been motivated to combine
19  or modify the Xerox ParcTab System in this manner for the reasons explained in
20  Section IV.A and also because the Xerox ParcTab System and the above-referenced
21  prior art from Appendix I are all directed towards wireless location determining
22  and/or reporting technology.

23      As another example, it would have been obvious to combine or modify the
24  Xerox ParcTab System, or any reference evidencing that system, to have a mobile
25  unit allow or deny a request for location information, as described by the prior art
26  from Appendix J, including, for example, U.S. Patent No. 6,442,391 to Johansson
27  et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 6,360,102 to
28  Havinis et al.; JP Patent Publication No. 6189359A to Michihiro; and JP Patent

1   Publication No. 9147291A to Yoshiyuki.  One of ordinary skill in the art would

2   have been motivated to combine or modify the Xerox ParcTab System in this

3   manner for the reasons explained in Section IV.A and also because the Xerox

4   ParcTab System and the above-referenced prior art from Appendix J are all directed

5   towards wireless location determining and/or reporting technology.

6       As another example, it would have been obvious to combine or modify the

7   Xerox ParcTab System, or any reference evidencing that system, to obtain the

8   identification of a mobile unit whose location has been requested, as described by

9   the prior art from Appendix K, including, for example, U.S. Patent No. 5,963,866

10  to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No.

11  6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S.

12  Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,493,692 to Theimer et al.;

13  U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 5,625,668 to Loomis et

14  al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent

15  Publication No. 6189359A to Michihiro; Mike Spreitzer et al., "Architectural

16  Considerations for Scalable, Secure, Mobile Computing with Location

17  Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994;

18  and the GSM Specification.  One of ordinary skill in the art would have been

19  motivated to combine or modify the Xerox ParcTab System in this manner for the

20  reasons explained in Section IV.A and also because the Xerox ParcTab System and

21  the above-referenced prior art from Appendix K are all directed towards wireless

22  location determining and/or reporting technology.

23      As another example, it would have been obvious to combine or modify the

24  Xerox ParcTab System, or any reference evidencing that system, to forward

25  information regarding whether to allow or deny a location request from a first node

26  to a second node, as described by the prior art from Appendix L, including, for

27  example,The ATIS Solution; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S.

28  Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et

al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the Xerox ParcTab System in this manner for the reasons explained in Section IV.A and also because the Xerox ParcTab System and the above-referenced prior art from Appendix L are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to apply or modify the Xerox ParcTab System, or any reference evidencing that system, to operate with a variety of mobile remote units, as described by the prior art from Appendix Q, including, for example, The ATIS Solution; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; Mike Spreitzer et al., "Providing Location Information in a Ubiquitous Computing Environment," SOSP '93 Proceedings of the Fourteenth ACM Symposium on Operating System Principles, 1993; Roy Want et al., "The Active Badge Location System," ACM Transactions on Information Systems, Vol. 10, Issue 1, January 1992; Roy Want et al., "An Overview of the ParcTab Ubiquitous Computing Experiment," IEEE Personal Communications, December 1995; U.S. Patent No. 5,493,692 to Theimer et al., entitled "Selective Delivery of Electronic Messages in a Multiple Computer System Based on Context and Environment of a User," issued February 20, 1996; U.S. Application Serial No. 08/162,522 to Theimer et al., entitled "Personal Privacy for Mobile Users in Distributed Computing Environments That Support Location Sensitive Applications," filed December 3, 1993; and U.S. Patent No. 5,564,070 to Want et al., entitled "Method and System for Maintaining Processing Continuity to Mobile Computers in a Wireless Network," issued October 8, 1996.   One of

1    ordinary skill in the art would have been motivated to combine or modify the Xerox

2    ParcTab System in this manner for the reasons explained in Section IV.A and also

3    because the Xerox ParcTab System and the above-referenced prior art from

4    Appendix Q are all directed towards wireless location determining and/or reporting

5    technology.

6        One of ordinary skill in the art would not have limited himself when making

7    modifications to the Xerox ParcTab System to concepts solely implemented in or

8    discussed with reference to the Xerox ParcTab System.  Rather, one of ordinary

9    skill also would have considered the concepts from other wireless location and/or

10   wireless communication solutions of the time.  This would have been a result of

11   ordinary innovation, ordinary skill, and common sense and would have been

12   obvious to try and predictable.  Moreover, design incentives and other market

13   forces would have prompted those endeavors.

14                        **2.      The Ericsson Solution**

15       The Ericsson Solution qualifies as prior art at least under 35 U.S.C. §§ 102(a)

16   and (g)(2) because it was known and/or used by others or made by others before the

17   earliest conception date that Plaintiff can establish for the Asserted Claims, and

18   under 35 U.S.C. § 102(e) because it was described in a patent granted on an

19   application for patent by another filed in the United States before the invention by

20   the Applicants.

21       Various references, including those identified below, disclose the features

22   and functionalities of the Ericsson Solution.  Each underlying reference evidencing

23   the Ericsson Solution also individually qualifies as prior art.  Exhibits 6-9 provide

24   examples of how the Ericsson Solution and associated references disclose, either

25   expressly or inherently, each element of the Asserted Claims, thereby anticipating

26   those claims under 35 U.S.C. § 102, using Plaintiff's apparent and overbroad

27   constructions of the claims.  The following references evidence the Ericsson

28   Solution:

| Exh. | EVIDENCE FOR THE PRIOR ART ERICSSON SOLUTION |
|---|---|
| 6 | U.S. Patent No. 6,442,391 to Johansson et al., entitled "Location Security for a Subscriber Unit in a Telecommunication System by Denying a Parties' Location Request," issued August 27, 2002 (the "Johansson Patent"). The Johansson Patent is entitled to a priority date of at least May 11, 1998. The Johansson Patent qualifies as prior art under at least 35 U.S.C. § 102(e). |
| 7 | U.S. Patent No. 6,138,003 to Kingdon et al., entitled "System and Method for Authorization of Location Services," issued October 24, 2000 (the "Kingdon Patent"). The Kingdon Patent is entitled to a priority date of at least November 26, 1997. The Kingdon Patent qualifies as prior art under at least 35 U.S.C. § 102(e). |
| 8 | U.S. Patent No. 6,360,102 to Havinis et al., entitled "System and Method for Defining a Subscriber Location Privacy Profile," issued March 19, 2002 (the "Havinis Patent"). The Havinis Patent is entitled to a priority date of at least September 10, 1998. The Havinis Patent qualifies as prior art under at least 35 U.S.C. § 102(e). |
| 9 | International PCT Application No. PCT/US97/11656 to Boltz et al., entitled "Method and Apparatus for Communicating Information on Mobile Station Position Within a Cellular Telephone Network," published January 8, 1998 (the "Boltz Application"). The Boltz Application is entitled to a priority date at least as early as July 1, 1996. The Boltz Application qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (e). |

Defendants reserve the right to contend that the references evidencing the Ericsson Solution constitute a single reference for purposes of anticipation. Defendants also reserve the right to contend that, if the Ericsson Solution references are considered individually, it would have been obvious to combine those references to render the Asserted Claims invalid, because those references, or the information contained therein, all discuss the same subject (*i.e.*, the Ericsson Solution).

To the extent any of the references evidencing the Ericsson Solution disclose a particular feature, it would have been obvious to combine that feature with other or all of the references evidencing the Ericsson Solution to render the Asserted

1   Claims invalid.  The reasons or motivation to modify the references evidencing the

2   Ericsson Solution in that manner include, for example, the fact that it would have

3   been common sense to apply concepts that were already being described in one

4   reference about the Ericsson Solution to another reference about the same solution.

5       To the extent Plaintiff asserts that the Ericsson Solution, or any reference

6   evidencing the Ericsson Solution, does not anticipate the Asserted Claims, it would

7   also have been obvious to combine or modify the Ericsson Solution, or any

8   reference evidencing the Ericsson Solution, with concepts from other prior art such

9   as, for example, other prior art identified in Section IV and/or Appendices A-R, to

10  render the Asserted Claims invalid, because all of that prior art relates to wireless

11  location and/or wireless communication technology.

12      For example, it would have been obvious to combine or modify the Ericsson

13  Solution, or any reference evidencing that solution, to identify the source of a

14  location request, as described by the prior art from Appendix B, including, for

15  example, U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to

16  Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No.

17  5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S.

18  Application Serial No. 08/162,522 to Theimer et al.; JP Patent Publication No.

19  6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations

20  for Scalable, Secure, Mobile Computing with Location Information," IEEE

21  Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary

22  skill in the art would have been motivated to combine or modify the Ericsson

23  Solution in this manner for the reasons explained in Section IV.A and also because

24  the Ericsson Solution and the above-referenced prior art from Appendix B are all

25  directed towards wireless location determining and/or reporting technology.

26      As another example, it would have been obvious to combine or modify the

27  Ericsson Solution, or any reference evidencing that solution, to transmit a location

28  request and the identification of the source of the request to a mobile unit and to

receive authorization from the mobile unit to allow or deny the request, as described by the prior art from Appendix C, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro.  One of ordinary skill in the art would have been motivated to combine or modify the Ericsson Solution in this manner for the reasons explained in Section IV.A and also because the Ericsson Solution and the above-referenced prior art from Appendix C are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Ericsson Solution, or any reference evidencing that solution, to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Ericsson Solution in this manner for the reasons explained in Section IV.A and also because the Ericsson Solution and the above-referenced prior art from

Appendix D are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Ericsson Solution, or any reference evidencing that solution, to allow location requests from some resources while denying location requests from other resource, as described by the prior art from Appendix E, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the Ericsson Solution in this manner for the reasons explained in Section IV.A and also because the Ericsson Solution and the above-referenced prior art from Appendix E are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Ericsson Solution, or any reference evidencing that solution, to use a profile to allow or deny a request for location information, as described by the prior art from Appendix F, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer

30

1   et al.; and U.S. Patent No. 6,360,102 to Havinis et al.  One of ordinary skill in the

2   art would have been motivated to combine or modify the Ericsson Solution in this

3   manner for the reasons explained in Section IV.A and also because the Ericsson

4   Solution and the above-referenced prior art from Appendix F are all directed

5   towards wireless location determining and/or reporting technology.

6       As another example, it would have been obvious to combine or modify the

7   Ericsson Solution, or any reference evidencing that solution, to continuously track

8   the location of a mobile unit, as described by the prior art from Appendix G,

9   including, for example, U.S. Patent No. 6,169,902; Andy Harter et al., "A

10  Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1,

11  1994; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to

12  Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692

13  to Theimer et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No.

14  5,365,451 to Wang et al.; and International PCT Application No. PCT/US97/11656

15  to Boltz et al.  One of ordinary skill in the art would have been motivated to

16  combine or modify the Ericsson Solution in this manner for the reasons explained

17  in Section IV.A and also because the Ericsson Solution and the above-referenced

18  prior art from Appendix G are all directed towards wireless location determining

19  and/or reporting technology.

20      As another example, it would have been obvious to combine or modify the

21  Ericsson Solution, or any reference evidencing that solution, to detect an absence of

22  communication with a mobile unit, as described by the prior art from Appendix H,

23  including, for example, The ATIS Solution; U.S. Patent No. 5,504,491 to Chapman;

24  U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to

25  Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No.

26  5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; International

27  PCT Application No. PCT/US97/11656 to Boltz et al.; the GSM Specification; the

28  TIA/EIA/IS-95-A Specification; M. Mouly, et al., "The GSM System for Mobile

Communications"; Roy Want et al., "The Active Badge Location System," ACM Transactions on Information Systems, Vol. 10, Issue 1, January 1992; Roy Want et al., "An Overview of the ParcTab Ubiquitous Computing Experiment," IEEE Personal Communications, December 1995; and JP Patent Publication No. 9147291A to Yoshiyuki.  One of ordinary skill in the art would have been motivated to combine or modify the Ericsson Solution in this manner for the reasons explained in Section IV.A and also because the Ericsson Solution and the above-referenced prior art from Appendix H are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Ericsson Solution, or any reference evidencing that solution, to have a network node allow or deny a request for location information, as described by the prior art from Appendix I, including, for example, The ATIS Solution; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,950,137 to Kim; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro.  One of ordinary skill in the art would have been motivated to combine or modify the Ericsson Solution in this manner for the reasons explained in Section IV.A and also because the Ericsson Solution and the above-referenced prior art from Appendix I are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Ericsson Solution, or any reference evidencing that solution, to have a mobile unit allow or deny a request for location information, as described by the prior art from Appendix J, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.;

1    U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 6,360,102 to Havinis
2    et al.; JP Patent Publication No. 6189359A to Michihiro; and JP Patent Publication
3    No. 9147291A to Yoshiyuki.  One of ordinary skill in the art would have been
4    motivated to combine or modify the Ericsson Solution in this manner for the
5    reasons explained in Section IV.A and also because the Ericsson Solution and the
6    above-referenced prior art from Appendix J are all directed towards wireless
7    location determining and/or reporting technology.

8        As another example, it would have been obvious to combine or modify the
9    Ericsson Solution, or any reference evidencing that solution, to forward information
10   regarding whether to allow or deny a location request from a first node to a second
11   node, as described by the prior art from Appendix L, including, for example,The
12   ATIS Solution; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No.
13   6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S.
14   Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,493,692 to Theimer et
15   al.; U.S. Patent No. 6,360,102 to Havinis et al.; JP Patent Publication No.
16   6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations
17   for Scalable, Secure, Mobile Computing with Location Information," IEEE
18   Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary
19   skill in the art would have been motivated to combine or modify the Ericsson
20   Solution in this manner for the reasons explained in Section IV.A and also because
21   the Ericsson Solution and the above-referenced prior art from Appendix L are all
22   directed towards wireless location determining and/or reporting technology.

23       One of ordinary skill in the art would not have limited himself when making
24   modifications to the Ericsson Solution to concepts solely implemented in or
25   discussed with reference to the Ericsson Solution.  Rather, one of ordinary skill also
26   would have considered the concepts from other wireless location and/or wireless
27   communication solutions of the time.  This would have been a result of ordinary
28   innovation, ordinary skill, and common sense and would have been obvious to try

1  and predictable.  Moreover, design incentives and other market forces would have

2  prompted those endeavors.

3           **3.      U.S. Patent No. 5,485,163 (Singer et al.)**

4           U.S. Patent No. 5,485,163 to Singer et al., entitled "Personal Locator

5  System," issued on January 16, 1996 (the "Singer Patent").  The Singer Patent is

6  entitled to a priority date at least as early as March 30, 1994.  The Singer Patent

7  qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b).  The chart attached

8  as Exhibit 10 provides examples of where the Singer Patent discloses, either

9  expressly or inherently, each element of the Asserted Claims, thereby anticipating

10  those claims.

11          To the extent Plaintiff asserts that the Singer Patent does not anticipate the

12  Asserted Claims, it would have been obvious to combine or modify the Singer

13  Patent with concepts from other prior art such as, for example, other prior art

14  identified in Section IV and/or Appendices A-R, to render the Asserted Claims

15  invalid, because all of that prior art relates to wireless location and/or wireless

16  communication technology.

17          For example, it would have been obvious to combine or modify the Singer

18  Patent to identify the source of a location request, as described by the prior art from

19  Appendix B, including, for example, U.S. Patent No. 6,138,003 to Kingdon et al.;

20  U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to

21  Foladare et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No.

22  6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et

23  al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al.,

24  "Architectural Considerations for Scalable, Secure, Mobile Computing with

25  Location Information," IEEE Distributed Computing Systems Conference, June 21-

26  24, 1994.  One of ordinary skill in the art would have been motivated to combine or

27  modify the Singer Patent in this manner for the reasons explained in Section IV.A

28  and also because the Singer Patent and the above-referenced prior art from

Appendix B are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Singer Patent to transmit a location request and the identification of the source of the request to a mobile unit and to receive authorization from the mobile unit to allow or deny the request, as described by the prior art from Appendix C, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro.  One of ordinary skill in the art would have been motivated to combine or modify the Singer Patent in this manner for the reasons explained in Section IV.A and also because the Singer Patent and the above-referenced prior art from Appendix C are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Singer Patent to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.

One of ordinary skill in the art would have been motivated to combine or modify the Singer Patent in this manner for the reasons explained in Section IV.A and also because the Singer Patent and the above-referenced prior art from Appendix D are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Singer Patent to allow location requests from some resources while denying location requests from other resource, as described by the prior art from Appendix E, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the Singer Patent in this manner for the reasons explained in Section IV.A and also because the Singer Patent and the above-referenced prior art from Appendix E are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Singer Patent to use a profile to allow or deny a request for location information, as described by the prior art from Appendix F, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,564,070 to

Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; and U.S. Patent No. 6,360,102 to Havinis et al.  One of ordinary skill in the art would have been motivated to combine or modify the Singer Patent in this manner for the reasons explained in Section IV.A and also because the Singer Patent and the above-referenced prior art from Appendix F are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Singer Patent to continuously track the location of a mobile unit, as described by the prior art from Appendix G, including, for example, U.S. Patent No. 6,169,902; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 5,365,451 to Wang et al.; and International PCT Application No. PCT/US97/11656 to Boltz et al.  One of ordinary skill in the art would have been motivated to combine or modify the Singer Patent in this manner for the reasons explained in Section IV.A and also because the Singer Patent and the above-referenced prior art from Appendix G are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Singer Patent to detect an absence of communication with a mobile unit, as described by the prior art from Appendix H, including, for example, The ATIS Solution; U.S. Patent No. 5,504,491 to Chapman; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; the GSM Specification; the TIA/EIA/IS-95-A Specification; M. Mouly, et al., "The GSM System for Mobile Communications"; Roy Want et al., "The Active Badge Location System," ACM Transactions on Information Systems, Vol. 10, Issue 1, January 1992; Roy Want et

37

al., "An Overview of the ParcTab Ubiquitous Computing Experiment," IEEE Personal Communications, December 1995; and JP Patent Publication No. 9147291A to Yoshiyuki.  One of ordinary skill in the art would have been motivated to combine or modify the Singer Patent in this manner for the reasons explained in Section IV.A and also because the Singer Patent and the above-referenced prior art from Appendix H are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Singer Patent to have a network node allow or deny a request for location information, as described by the prior art from Appendix I, including, for example, The ATIS Solution; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,950,137 to Kim; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro.  One of ordinary skill in the art would have been motivated to combine or modify the Singer Patent in this manner for the reasons explained in Section IV.A and also because the Singer Patent and the above-referenced prior art from Appendix I are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Singer Patent to have a mobile unit allow or deny a request for location information, as described by the prior art from Appendix J, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; JP Patent Publication No. 6189359A to Michihiro; and JP Patent Publication No. 9147291A to Yoshiyuki.  One of ordinary skill in the art would have been motivated to combine

38

1   or modify the Singer Patent in this manner for the reasons explained in Section

2   IV.A and also because the Singer Patent and the above-referenced prior art from

3   Appendix J are all directed towards wireless location determining and/or reporting

4   technology.

5        As another example, it would have been obvious to combine or modify the

6   Singer Patent to obtain the identification of a mobile unit whose location has been

7   requested, as described by the prior art from Appendix K, including, for example,

8   U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon

9   et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to

10  Foladare et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No.

11  5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent

12  No. 5,625,668 to Loomis et al.; International PCT Application No.

13  PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro;

14  Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile

15  Computing with Location Information," IEEE Distributed Computing Systems

16  Conference, June 21-24, 1994; and the GSM Specification.  One of ordinary skill in

17  the art would have been motivated to combine or modify the Singer Patent in this

18  manner for the reasons explained in Section IV.A and also because the Singer

19  Patent and the above-referenced prior art from Appendix K are all directed towards

20  wireless location determining and/or reporting technology.

21       As another example, it would have been obvious to combine or modify the

22  Singer Patent to forward information regarding whether to allow or deny a location

23  request from a first node to a second node, as described by the prior art from

24  Appendix L, including, for example,The ATIS Solution; U.S. Patent No. 6,138,003

25  to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No.

26  5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S.

27  Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.;

28  JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al.,

"Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Singer Patent in this manner for the reasons explained in Section IV.A and also because the Singer Patent and the above-referenced prior art from Appendix L are all directed towards wireless location determining and/or reporting technology.

As described above, one of ordinary skill in the art would not have limited himself to a specific technology when making modifications or improvements to the Singer Patent, but would have modified the Singer Patent with concepts from other wireless location and/or wireless communication solutions of the time.  This would have been a result of ordinary innovation, ordinary skill, and common sense and would have been obvious to try and predictable.  Moreover, design incentives and other market forces would have prompted those endeavors.

### 4.    U.S. Patent No. 5,625,668 (Loomis et al.)

U.S. Patent No. 5,625,668 to Loomis et al., entitled "Position Reporting Cellular Telephone," issued on April 29, 1997 (the "Loomis Patent").  The Loomis Patent is entitled to a priority date at least as early as April 12, 1994.  The Loomis Patent qualifies as prior art under at least 35 U.S.C. § 102(a).  The chart attached as Exhibit 11 provides examples of where the Loomis Patent discloses, either expressly or inherently, each element of the Asserted Claims, thereby anticipating those claims.

To the extent Plaintiff asserts that the Loomis Patent does not anticipate the Asserted Claims, it would have been obvious to combine or modify the Loomis Patent with concepts from other prior art such as, for example, other prior art identified in Section IV and/or Appendices A-R, to render the Asserted Claims invalid, because all of that prior art relates to wireless location and/or wireless communication technology.

1    For example, it would have been obvious to combine or modify the Loomis

2   Patent to identify the source of a location request, as described by the prior art from

3   Appendix B, including, for example, U.S. Patent No. 6,138,003 to Kingdon et al.;

4   U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to

5   Foladare et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No.

6   6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et

7   al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al.,

8   "Architectural Considerations for Scalable, Secure, Mobile Computing with

9   Location Information," IEEE Distributed Computing Systems Conference, June 21-

10   24, 1994.  One of ordinary skill in the art would have been motivated to combine or

11   modify the Loomis Patent in this manner for the reasons explained in Section IV.A

12   and also because the Loomis Patent and the above-referenced prior art from

13   Appendix B are all directed towards wireless location determining and/or reporting

14   technology.

15    As another example, it would have been obvious to combine or modify the

16   Loomis Patent to transmit a location request and the identification of the source of

17   the request to a mobile unit and to receive authorization from the mobile unit to

18   allow or deny the request, as described by the prior art from Appendix C, including,

19   for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No.

20   6,360,102 to Havinis et al.; International PCT Application No. PCT/US97/11656 to

21   Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro.  One of

22   ordinary skill in the art would have been motivated to combine or modify the

23   Loomis Patent in this manner for the reasons explained in Section IV.A and also

24   because the Loomis Patent and the above-referenced prior art from Appendix C are

25   all directed towards wireless location determining and/or reporting technology.

26    As another example, it would have been obvious to combine or modify the

27   Loomis Patent to use the methods of authentication described by the prior art from

28   Appendix D, including, for example, The ATIS Solution; U.S. Patent No.

5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Loomis Patent in this manner for the reasons explained in Section IV.A and also because the Loomis Patent and the above-referenced prior art from Appendix D are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Loomis Patent to allow location requests from some resources while denying location requests from other resource, as described by the prior art from Appendix E, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile

Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the Loomis Patent in this manner for the reasons explained in Section IV.A and also because the Loomis Patent and the above-referenced prior art from Appendix E are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Loomis Patent to use a profile to allow or deny a request for location information, as described by the prior art from Appendix F, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; and U.S. Patent No. 6,360,102 to Havinis et al. One of ordinary skill in the art would have been motivated to combine or modify the Loomis Patent in this manner for the reasons explained in Section IV.A and also because the Loomis Patent and the above-referenced prior art from Appendix F are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Loomis Patent to continuously track the location of a mobile unit, as described by the prior art from Appendix G, including, for example, U.S. Patent No. 6,169,902; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 5,365,451 to Wang et al.; and International PCT Application No. PCT/US97/11656 to Boltz et al. One of ordinary skill in the art would have

1    been motivated to combine or modify the Loomis Patent in this manner for the

2    reasons explained in Section IV.A and also because the Loomis Patent and the

3    above-referenced prior art from Appendix G are all directed towards wireless

4    location determining and/or reporting technology.

5         As another example, it would have been obvious to combine or modify the

6    Loomis Patent to detect an absence of communication with a mobile unit, as

7    described by the prior art from Appendix H, including, for example, The ATIS

8    Solution; U.S. Patent No. 5,504,491 to Chapman; U.S. Patent No. 6,442,391 to

9    Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No.

10   5,485,163 to Singer et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No.

11   5,493,692 to Theimer et al.; International PCT Application No. PCT/US97/11656

12   to Boltz et al.; the GSM Specification; the TIA/EIA/IS-95-A Specification; M.

13   Mouly, et al., "The GSM System for Mobile Communications"; Roy Want et al.,

14   "The Active Badge Location System," ACM Transactions on Information Systems,

15   Vol. 10, Issue 1, January 1992; Roy Want et al., "An Overview of the ParcTab

16   Ubiquitous Computing Experiment," IEEE Personal Communications, December

17   1995; and JP Patent Publication No. 9147291A to Yoshiyuki.  One of ordinary skill

18   in the art would have been motivated to combine or modify the Loomis Patent in

19   this manner for the reasons explained in Section IV.A and also because the Loomis

20   Patent and the above-referenced prior art from Appendix H are all directed towards

21   wireless location determining and/or reporting technology.

22        As another example, it would have been obvious to combine or modify the

23   Loomis Patent to have a network node allow or deny a request for location

24   information, as described by the prior art from Appendix I, including, for example,

25   The ATIS Solution; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No.

26   5,950,137 to Kim; Andy Harter et al., "A Distributed Location System for the

27   Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,138,003 to

28   Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No.

5,946,626 to Foladare et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro.  One of ordinary skill in the art would have been motivated to combine or modify the Loomis Patent in this manner for the reasons explained in Section IV.A and also because the Loomis Patent and the above-referenced prior art from Appendix I are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Loomis Patent to have a mobile unit allow or deny a request for location information, as described by the prior art from Appendix J, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; JP Patent Publication No. 6189359A to Michihiro; and JP Patent Publication No. 9147291A to Yoshiyuki.  One of ordinary skill in the art would have been motivated to combine or modify the Loomis Patent in this manner for the reasons explained in Section IV.A and also because the Loomis Patent and the above-referenced prior art from Appendix J are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Loomis Patent to forward information regarding whether to allow or deny a location request from a first node to a second node, as described by the prior art from Appendix L, including, for example, The ATIS Solution; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems

1    Conference, June 21-24, 1994.  One of ordinary skill in the art would have been

2    motivated to combine or modify the Loomis Patent in this manner for the reasons

3    explained in Section IV.A and also because the Loomis Patent and the above-

4    referenced prior art from Appendix L are all directed towards wireless location

5    determining and/or reporting technology.

6    As described above, one of ordinary skill in the art would not have limited

7    himself to a specific technology when making modifications or improvements to

8    the Loomis Patent, but would have modified the Loomis Patent with concepts from

9    other wireless location and/or wireless communication solutions of the time.  This

10   would have been a result of ordinary innovation, ordinary skill, and common sense

11   and would have been obvious to try and predictable.  Moreover, design incentives

12   and other market forces would have prompted those endeavors.

13   **5.      U.S. Patent No. 5,731,785 (Lemelson et al.)**

14   U.S. Patent No. 5,731,785 to Lemelson et al., entitled "System and Method

15   for Locating Objects Including an Inhibiting Feature," issued on March 24, 1998

16   (the "Lemelson Patent").  The Lemelson Patent is entitled to a priority date at least

17   as early as May 13, 1994.  The Lemelson Patent qualifies as prior art under at least

18   35 U.S.C. §§ 102(a) and (e).  The chart attached as Exhibit 12 provides examples of

19   where the Lemelson Patent discloses, either expressly or inherently, each element

20   of the Asserted Claims, thereby anticipating those claims.

21   To the extent Plaintiff asserts that the Lemelson Patent does not anticipate the

22   Asserted Claims, it would have been obvious to combine or modify the Lemelson

23   Patent with concepts from other prior art such as, for example, other prior art

24   identified in Section IV and/or Appendices A-R, to render the Asserted Claims

25   invalid, because all of that prior art relates to wireless location and/or wireless

26   communication technology.

27   For example, it would have been obvious to combine or modify the

28   Lemelson Patent to identify the source of a location request, as described by the

prior art from Appendix B, including, for example, U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Lemelson Patent in this manner for the reasons explained in Section IV.A and also because the Lemelson Patent and the above-referenced prior art from Appendix B are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Lemelson Patent to transmit a location request and the identification of the source of the request to a mobile unit and to receive authorization from the mobile unit to allow or deny the request, as described by the prior art from Appendix C, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro.  One of ordinary skill in the art would have been motivated to combine or modify the Lemelson Patent in this manner for the reasons explained in Section IV.A and also because the Lemelson Patent and the above-referenced prior art from Appendix C are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Lemelson Patent to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S.

1  Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et
2  al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins
3  et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to
4  Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No.
5  6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent
6  No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et
7  al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent
8  Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural
9  Considerations for Scalable, Secure, Mobile Computing with Location
10  Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.
11  One of ordinary skill in the art would have been motivated to combine or modify
12  the Lemelson Patent in this manner for the reasons explained in Section IV.A and
13  also because the Lemelson Patent and the above-referenced prior art from Appendix
14  D are all directed towards wireless location determining and/or reporting
15  technology.

16      As another example, it would have been obvious to combine or modify the
17  Lemelson Patent to allow location requests from some resources while denying
18  location requests from other resource, as described by the prior art from Appendix
19  E, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137; Andy
20  Harter et al., "A Distributed Location System for the Active Office," Network,
21  IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent
22  No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S.
23  Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,493,692 to Theimer et al.;
24  U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522
25  to Theimer et al.; and Mike Spreitzer et al., "Architectural Considerations for
26  Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed
27  Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art
28  would have been motivated to combine or modify the Lemelson Patent in this

manner for the reasons explained in Section IV.A and also because the Lemelson Patent and the above-referenced prior art from Appendix E are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Lemelson Patent to use a profile to allow or deny a request for location information, as described by the prior art from Appendix F, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; and U.S. Patent No. 6,360,102 to Havinis et al.  One of ordinary skill in the art would have been motivated to combine or modify the Lemelson Patent in this manner for the reasons explained in Section IV.A and also because the Lemelson Patent and the above-referenced prior art from Appendix F are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Lemelson Patent to continuously track the location of a mobile unit, as described by the prior art from Appendix G, including, for example, U.S. Patent No. 6,169,902; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 5,365,451 to Wang et al.; and International PCT Application No. PCT/US97/11656 to Boltz et al.  One of ordinary skill in the art would have been motivated to combine or modify the Lemelson Patent in this manner for the reasons explained in Section IV.A and also because the Lemelson Patent and the

1   above-referenced prior art from Appendix G are all directed towards wireless

2   location determining and/or reporting technology.

3        As another example, it would have been obvious to combine or modify the

4   Lemelson Patent to detect an absence of communication with a mobile unit, as

5   described by the prior art from Appendix H, including, for example, The ATIS

6   Solution; U.S. Patent No. 5,504,491 to Chapman; U.S. Patent No. 6,442,391 to

7   Johansson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No.

8   5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; International

9   PCT Application No. PCT/US97/11656 to Boltz et al.; the GSM Specification; the

10  TIA/EIA/IS-95-A Specification; M. Mouly, et al., "The GSM System for Mobile

11  Communications"; Roy Want et al., "The Active Badge Location System," ACM

12  Transactions on Information Systems, Vol. 10, Issue 1, January 1992; Roy Want et

13  al., "An Overview of the ParcTab Ubiquitous Computing Experiment," IEEE

14  Personal Communications, December 1995; and JP Patent Publication No.

15  9147291A to Yoshiyuki.  One of ordinary skill in the art would have been

16  motivated to combine or modify the Lemelson Patent in this manner for the reasons

17  explained in Section IV.A and also because the Lemelson Patent and the above-

18  referenced prior art from Appendix H are all directed towards wireless location

19  determining and/or reporting technology.

20       As another example, it would have been obvious to combine or modify the

21  Lemelson Patent to have a network node allow or deny a request for location

22  information, as described by the prior art from Appendix I, including, for example,

23  The ATIS Solution; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No.

24  5,950,137 to Kim; Andy Harter et al., "A Distributed Location System for the

25  Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,138,003 to

26  Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No.

27  5,946,626 to Foladare et al.; U.S. Application Serial No. 08/162,522 to Theimer et

28  al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP

1    Patent Publication No. 6189359A to Michihiro.  One of ordinary skill in the art

2    would have been motivated to combine or modify the Lemelson Patent in this

3    manner for the reasons explained in Section IV.A and also because the Lemelson

4    Patent and the above-referenced prior art from Appendix I are all directed towards

5    wireless location determining and/or reporting technology.

6        As another example, it would have been obvious to combine or modify the

7    Lemelson Patent to obtain the identification of a mobile unit whose location has

8    been requested, as described by the prior art from Appendix K, including, for

9    example, U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to

10   Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No.

11   5,946,626 to Foladare et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent

12   No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S.

13   Patent No. 5,625,668 to Loomis et al.; International PCT Application No.

14   PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro;

15   Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile

16   Computing with Location Information," IEEE Distributed Computing Systems

17   Conference, June 21-24, 1994; and the GSM Specification.  One of ordinary skill in

18   the art would have been motivated to combine or modify the Lemelson Patent in

19   this manner for the reasons explained in Section IV.A and also because the

20   Lemelson Patent and the above-referenced prior art from Appendix K are all

21   directed towards wireless location determining and/or reporting technology.

22       As another example, it would have been obvious to combine or modify the

23   Lemelson Patent to forward information regarding whether to allow or deny a

24   location request from a first node to a second node, as described by the prior art

25   from Appendix L, including, for example,The ATIS Solution; U.S. Patent No.

26   6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S.

27   Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,493,692 to Theimer et al.;

28   U.S. Patent No. 6,360,102 to Havinis et al.; JP Patent Publication No. 6189359A to

1    Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable,

2    Secure, Mobile Computing with Location Information," IEEE Distributed

3    Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art

4    would have been motivated to combine or modify the Lemelson Patent in this

5    manner for the reasons explained in Section IV.A and also because the Lemelson

6    Patent and the above-referenced prior art from Appendix L are all directed towards

7    wireless location determining and/or reporting technology.

8        As described above, one of ordinary skill in the art would not have limited

9    himself to a specific technology when making modifications or improvements to

10   the Lemelson Patent, but would have modified the Lemelson Patent with concepts

11   from other wireless location and/or wireless communication solutions of the time.

12   This would have been a result of ordinary innovation, ordinary skill, and common

13   sense and would have been obvious to try and predictable.  Moreover, design

14   incentives and other market forces would have prompted those endeavors.

15                   **6.      U.S. Patent No. 5,946,626 (Foladare et al.)**

16       U.S. Patent No. 5,946,626 to Foladare et al., entitled "Method and System for

17   Determining Location of Subscriber of Two-Way Paging Service," issued on

18   August 31, 1999 (the "Foladare Patent").  The Foladare Patent is entitled to a

19   priority date at least as early as December 26, 1995.  The Foladare Patent qualifies

20   as prior art under at least 35 U.S.C. §§ 102(e).  The chart attached as Exhibit 13

21   provides examples of where the Foladare Patent discloses, either expressly or

22   inherently, each element of the Asserted Claims, thereby anticipating those claims.

23       To the extent Plaintiff asserts that the Foladare Patent does not anticipate the

24   Asserted Claims, it would have been obvious to combine or modify the Foladare

25   Patent with concepts from other prior art such as, for example, other prior art

26   identified in Section IV and/or Appendices A-R, to render the Asserted Claims

27   invalid, because all of that prior art relates to wireless location and/or wireless

28   communication technology.

For example, it would have been obvious to combine or modify the Foladare Patent to transmit a location request and the identification of the source of the request to a mobile unit and to receive authorization from the mobile unit to allow or deny the request, as described by the prior art from Appendix C, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro.  One of ordinary skill in the art would have been motivated to combine or modify the Foladare Patent in this manner for the reasons explained in Section IV.A and also because the Foladare Patent and the above-referenced prior art from Appendix C are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Foladare Patent to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Foladare Patent in this manner for the reasons explained in Section IV.A and

1   also because the Foladare Patent and the above-referenced prior art from Appendix

2   D are all directed towards wireless location determining and/or reporting

3   technology.

4          As another example, it would have been obvious to combine or modify the

5   Foladare Patent to use a profile to allow or deny a request for location information,

6   as described by the prior art from Appendix F, including, for example, The ATIS

7   Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to

8   Kawamoto; Andy Harter et al., "A Distributed Location System for the Active

9   Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,138,003 to Kingdon

10  et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,564,070 to

11  Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; and U.S. Patent No.

12  6,360,102 to Havinis et al.  One of ordinary skill in the art would have been

13  motivated to combine or modify the Foladare Patent in this manner for the reasons

14  explained in Section IV.A and also because the Foladare Patent and the above-

15  referenced prior art from Appendix F are all directed towards wireless location

16  determining and/or reporting technology.

17         As another example, it would have been obvious to combine or modify the

18  Foladare Patent to continuously track the location of a mobile unit, as described by

19  the prior art from Appendix G, including, for example, U.S. Patent No. 6,169,902;

20  Andy Harter et al., "A Distributed Location System for the Active Office,"

21  Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,485,163 to Singer et al.; U.S.

22  Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.;

23  U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,486,794 to Calistro,

24  et al.; U.S. Patent No. 5,365,451 to Wang et al.; and International PCT Application

25  No. PCT/US97/11656 to Boltz et al.  One of ordinary skill in the art would have

26  been motivated to combine or modify the Foladare Patent in this manner for the

27  reasons explained in Section IV.A and also because the Foladare Patent and the

28

above-referenced prior art from Appendix G are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Foladare Patent to detect an absence of communication with a mobile unit, as described by the prior art from Appendix H, including, for example, The ATIS Solution; U.S. Patent No. 5,504,491 to Chapman; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; the GSM Specification; the TIA/EIA/IS-95-A Specification; M. Mouly, et al., "The GSM System for Mobile Communications"; Roy Want et al., "The Active Badge Location System," ACM Transactions on Information Systems, Vol. 10, Issue 1, January 1992; Roy Want et al., "An Overview of the ParcTab Ubiquitous Computing Experiment," IEEE Personal Communications, December 1995; and JP Patent Publication No. 9147291A to Yoshiyuki.  One of ordinary skill in the art would have been motivated to combine or modify the Foladare Patent in this manner for the reasons explained in Section IV.A and also because the Foladare Patent and the above-referenced prior art from Appendix H are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Foladare Patent to have a mobile unit allow or deny a request for location information, as described by the prior art from Appendix J, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; JP Patent Publication No. 6189359A to Michihiro; and JP Patent Publication No. 9147291A to Yoshiyuki.  One of ordinary skill in the art would have been motivated to combine or modify the Foladare Patent in this manner for the reasons explained in Section IV.A and also because the Foladare Patent and the above-referenced prior art from

1   Appendix J are all directed towards wireless location determining and/or reporting

2   technology.

3       As described above, one of ordinary skill in the art would not have limited

4   himself to a specific technology when making modifications or improvements to

5   the Foladare Patent, but would have modified the Foladare Patent with concepts

6   from other wireless location and/or wireless communication solutions of the time.

7   This would have been a result of ordinary innovation, ordinary skill, and common

8   sense and would have been obvious to try and predictable.   Moreover, design

9   incentives and other market forces would have prompted those endeavors.

10                  **7.    U.S. Patent No. 6,091,957 (Larkins et al.)**

11      U.S. Patent No. 6,091,957 to Larkins et al., entitled "System and Method for

12  Providing a Geographic Location of a Mobile Telecommunications Unit," issued on

13  July 18, 2000 (the "Larkins Patent").   The Larkins Patent is entitled to a priority

14  date at least as early as June 12, 1997.   The Larkins Patent qualifies as prior art

15  under at least 35 U.S.C. § 102(e).   The chart attached as Exhibit 14 provides

16  examples of where the Larkins Patent discloses, either expressly or inherently, each

17  element of the Asserted Claims, thereby anticipating those claims.

18      To the extent Plaintiff asserts that the Larkins Patent does not anticipate the

19  Asserted Claims, it would have been obvious to combine or modify the Larkins

20  Patent with concepts from other prior art such as, for example, other prior art

21  identified in Section IV and/or Appendices A-R, to render the Asserted Claims

22  invalid, because all of that prior art relates to wireless location and/or wireless

23  communication technology.

24      For example, it would have been obvious to combine or modify the Larkins

25  Patent to identify the source of a location request, as described by the prior art from

26  Appendix B, including, for example, U.S. Patent No. 6,138,003 to Kingdon et al.;

27  U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to

28  Foladare et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No.

6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Larkins Patent in this manner for the reasons explained in Section IV.A and also because the Larkins Patent and the above-referenced prior art from Appendix B are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Larkins Patent to transmit a location request and the identification of the source of the request to a mobile unit and to receive authorization from the mobile unit to allow or deny the request, as described by the prior art from Appendix C, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro.   One of ordinary skill in the art would have been motivated to combine or modify the Larkins Patent in this manner for the reasons explained in Section IV.A and also because the Larkins Patent and the above-referenced prior art from Appendix C are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Larkins Patent to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to

Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the Larkins Patent in this manner for the reasons explained in Section IV.A and also because the Larkins Patent and the above-referenced prior art from Appendix D are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Larkins Patent to allow location requests from some resources while denying location requests from other resource, as described by the prior art from Appendix E, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the Larkins Patent in this manner for the reasons explained in Section IV.A and also because the Larkins Patent and the above-referenced prior art from Appendix E are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Larkins Patent to use a profile to allow or deny a request for location information, as described by the prior art from Appendix F, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; and U.S. Patent No. 6,360,102 to Havinis et al.   One of ordinary skill in the art would have been motivated to combine or modify the Larkins Patent in this manner for the reasons explained in Section IV.A and also because the Larkins Patent and the above-referenced prior art from Appendix F are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Larkins Patent to detect an absence of communication with a mobile unit, as described by the prior art from Appendix H, including, for example, The ATIS Solution; U.S. Patent No. 5,504,491 to Chapman; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; the GSM Specification; the TIA/EIA/IS-95-A Specification; M. Mouly, et al., "The GSM System for Mobile Communications"; Roy Want et al., "The Active Badge Location System," ACM Transactions on Information Systems, Vol. 10, Issue 1, January 1992; Roy Want et al., "An Overview of the ParcTab Ubiquitous Computing Experiment," IEEE Personal Communications, December 1995; and JP Patent Publication No. 9147291A to Yoshiyuki.  One of ordinary skill in the art would have been motivated to combine or modify the Larkins Patent in this manner for the reasons explained in Section IV.A and also because the Larkins

1    Patent and the above-referenced prior art from Appendix H are all directed towards
2    wireless location determining and/or reporting technology.

3         As another example, it would have been obvious to combine or modify the
4    Larkins Patent to have a network node allow or deny a request for location
5    information, as described by the prior art from Appendix I, including, for example,
6    The ATIS Solution; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No.
7    5,950,137 to Kim; Andy Harter et al., "A Distributed Location System for the
8    Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,138,003 to
9    Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No.
10   5,946,626 to Foladare et al.; U.S. Application Serial No. 08/162,522 to Theimer et
11   al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP
12   Patent Publication No. 6189359A to Michihiro.  One of ordinary skill in the art
13   would have been motivated to combine or modify the Larkins Patent in this manner
14   for the reasons explained in Section IV.A and also because the Larkins Patent and
15   the above-referenced prior art from Appendix I are all directed towards wireless
16   location determining and/or reporting technology.

17        As another example, it would have been obvious to combine or modify the
18   Larkins Patent to have a mobile unit allow or deny a request for location
19   information, as described by the prior art from Appendix J, including, for example,
20   U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to
21   Lemelson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; JP Patent Publication
22   No. 6189359A to Michihiro; and JP Patent Publication No. 9147291A to
23   Yoshiyuki.  One of ordinary skill in the art would have been motivated to combine
24   or modify the Larkins Patent in this manner for the reasons explained in Section
25   IV.A and also because the Larkins Patent and the above-referenced prior art from
26   Appendix J are all directed towards wireless location determining and/or reporting
27   technology.

28

DEFENDANTS' AMENDED INVALIDITY
CONTENTIONS                                          60                    (2:11-CV-05210-FMO (AGRX))

1    As another example, it would have been obvious to combine or modify the

2   Larkins Patent to forward information regarding whether to allow or deny a

3   location request from a first node to a second node, as described by the prior art

4   from Appendix L, including, for example,The ATIS Solution; U.S. Patent No.

5   6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S.

6   Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et

7   al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to

8   Havinis et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike

9   Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile

10  Computing with Location Information," IEEE Distributed Computing Systems

11  Conference, June 21-24, 1994.  One of ordinary skill in the art would have been

12  motivated to combine or modify the Larkins Patent in this manner for the reasons

13  explained in Section IV.A and also because the Larkins Patent and the above-

14  referenced prior art from Appendix L are all directed towards wireless location

15  determining and/or reporting technology.

16   As described above, one of ordinary skill in the art would not have limited

17  himself to a specific technology when making modifications or improvements to

18  the Larkins Patent, but would have modified the Larkins Patent with concepts from

19  other wireless location and/or wireless communication solutions of the time.  This

20  would have been a result of ordinary innovation, ordinary skill, and common sense

21  and would have been obvious to try and predictable.  Moreover, design incentives

22  and other market forces would have prompted those endeavors.

23          **8.     U.S. Patent No. 6,924,748 (Obradovich et al.)**

24   U.S. Patent No. 6,924,748 to Obradovich et al., entitled "Personal

25  Communication and Positioning System," issued on August 2, 2005 (the

26  "Obradovich Patent").  The Obradovich Patent is entitled to a priority date at least

27  as early as June 20, 1997.  The Obradovich Patent qualifies as prior art under at

28  least 35 U.S.C. § 102(e).  The chart attached as Exhibit 15 provides examples of

DEFENDANTS' AMENDED INVALIDITY
CONTENTIONS                                    61

where the Obradovich Patent discloses, either expressly or inherently, each element of the Asserted Claims, thereby anticipating those claims.

To the extent Plaintiff asserts that the Obradovich Patent does not anticipate the Asserted Claims, it would have been obvious to combine or modify the Obradovich Patent with concepts from other prior art such as, for example, other prior art identified in Section IV and/or Appendices A-R, to render the Asserted Claims invalid, because all of that prior art relates to wireless location and/or wireless communication technology.

For example, it would have been obvious to combine or modify the Obradovich Patent to identify the source of a location request, as described by the prior art from Appendix B, including, for example, U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Obradovich Patent in this manner for the reasons explained in Section IV.A and also because the Obradovich Patent and the above-referenced prior art from Appendix B are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Obradovich Patent to transmit a location request and the identification of the source of the request to a mobile unit and to receive authorization from the mobile unit to allow or deny the request, as described by the prior art from Appendix C, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; International PCT Application No. PCT/US97/11656 to

1  Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro.   One of

2  ordinary skill in the art would have been motivated to combine or modify the

3  Obradovich Patent in this manner for the reasons explained in Section IV.A and

4  also because the Obradovich Patent and the above-referenced prior art from

5  Appendix C are all directed towards wireless location determining and/or reporting

6  technology.

7       As another example, it would have been obvious to combine or modify the

8  Obradovich Patent to use the methods of authentication described by the prior art

9  from Appendix D, including, for example, The ATIS Solution; U.S. Patent No.

10  5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No.

11  5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S.

12  Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et

13  al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to

14  Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070

15  to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No.

16  6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent

17  No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S.

18  Application Serial No. 08/162,522 to Theimer et al.; International PCT Application

19  No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to

20  Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable,

21  Secure, Mobile Computing with Location Information," IEEE Distributed

22  Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art

23  would have been motivated to combine or modify the Obradovich Patent in this

24  manner for the reasons explained in Section IV.A and also because the Obradovich

25  Patent and the above-referenced prior art from Appendix D are all directed towards

26  wireless location determining and/or reporting technology.

27       As another example, it would have been obvious to combine or modify the

28  Obradovich Patent to allow location requests from some resources while denying

1    location requests from other resource, as described by the prior art from Appendix

2    E, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137; Andy

3    Harter et al., "A Distributed Location System for the Active Office," Network,

4    IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent

5    No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S.

6    Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et

7    al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to

8    Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; and Mike

9    Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile

10   Computing with Location Information," IEEE Distributed Computing Systems

11   Conference, June 21-24, 1994.  One of ordinary skill in the art would have been

12   motivated to combine or modify the Obradovich Patent in this manner for the

13   reasons explained in Section IV.A and also because the Obradovich Patent and the

14   above-referenced prior art from Appendix E are all directed towards wireless

15   location determining and/or reporting technology.

16        As another example, it would have been obvious to combine or modify the

17   Obradovich Patent to use a profile to allow or deny a request for location

18   information, as described by the prior art from Appendix F, including, for example,

19   The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902

20   to Kawamoto; Andy Harter et al., "A Distributed Location System for the Active

21   Office," Network, IEEE Vol. 8 No. 1, 1994;  U.S. Patent No. 6,138,003 to Kingdon

22   et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,564,070 to

23   Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; and U.S. Patent No.

24   6,360,102 to Havinis et al.  One of ordinary skill in the art would have been

25   motivated to combine or modify the Obradovich Patent in this manner for the

26   reasons explained in Section IV.A and also because the Obradovich Patent and the

27   above-referenced prior art from Appendix F are all directed towards wireless

28   location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Obradovich Patent, or any reference evidencing that system, to continuously track the location of a mobile unit, as described by the prior art from Appendix G, including, for example, U.S. Patent No. 6,169,902; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 5,365,451 to Wang et al.; and International PCT Application No. PCT/US97/11656 to Boltz et al. One of ordinary skill in the art would have been motivated to combine or modify the Obradovich Patent in this manner for the reasons explained in Section IV.A and also because the Obradovich Patent and the above-referenced prior art from Appendix G are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Obradovich Patent to detect an absence of communication with a mobile unit, as described by the prior art from Appendix H, including, for example, The ATIS Solution; U.S. Patent No. 5,504,491 to Chapman; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; the GSM Specification; the TIA/EIA/IS-95-A Specification; M. Mouly, et al., "The GSM System for Mobile Communications"; Roy Want et al., "The Active Badge Location System," ACM Transactions on Information Systems, Vol. 10, Issue 1, January 1992; Roy Want et al., "An Overview of the ParcTab Ubiquitous Computing Experiment," IEEE Personal Communications, December 1995; and JP Patent Publication No. 9147291A to Yoshiyuki. One of ordinary skill in the art would have been motivated to combine or modify the Obradovich Patent

1  in this manner for the reasons explained in Section IV.A and also because the

2  Obradovich Patent and the above-referenced prior art from Appendix H are all

3  directed towards wireless location determining and/or reporting technology.

4       As another example, it would have been obvious to combine or modify the

5  Obradovich Patent to have a network node allow or deny a request for location

6  information, as described by the prior art from Appendix I, including, for example,

7  The ATIS Solution; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No.

8  5,950,137 to Kim; Andy Harter et al., "A Distributed Location System for the

9  Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,138,003 to

10 Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No.

11 5,946,626 to Foladare et al.; U.S. Application Serial No. 08/162,522 to Theimer et

12 al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP

13 Patent Publication No. 6189359A to Michihiro.  One of ordinary skill in the art

14 would have been motivated to combine or modify the Obradovich Patent in this

15 manner for the reasons explained in Section IV.A and also because the Obradovich

16 Patent and the above-referenced prior art from Appendix I are all directed towards

17 wireless location determining and/or reporting technology.

18      As another example, it would have been obvious to combine or modify the

19 Obradovich Patent to forward information regarding whether to allow or deny a

20 location request from a first node to a second node, as described by the prior art

21 from Appendix L, including, for example,The ATIS Solution; U.S. Patent No.

22 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S.

23 Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et

24 al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to

25 Havinis et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike

26 Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile

27 Computing with Location Information," IEEE Distributed Computing Systems

28 Conference, June 21-24, 1994.  One of ordinary skill in the art would have been

1    motivated to combine or modify the Obradovich Patent in this manner for the

2    reasons explained in Section IV.A and also because the Obradovich Patent and the

3    above-referenced prior art from Appendix L are all directed towards wireless

4    location determining and/or reporting technology.

5        As described above, one of ordinary skill in the art would not have limited

6    himself to a specific technology when making modifications or improvements to

7    the Obradovich Patent, but would have modified the Obradovich Patent with

8    concepts from other wireless location and/or wireless communication solutions of

9    the time.  This would have been a result of ordinary innovation, ordinary skill, and

10   common sense and would have been obvious to try and predictable.  Moreover,

11   design incentives and other market forces would have prompted those endeavors.

12                **9.    JP Patent Publication No. 6189359A (Michihiro)**

13       JP Patent Publication No. 6189359A to Michihiro, entitled "Position

14   Notification Telephone System," was published on July 8, 1994 (the "Michihiro

15   Patent").  The Michihiro Patent is entitled to a priority date at least as early as

16   December 16, 1992.  The Michihiro Patent qualifies as prior art under at least 35

17   U.S.C. §§ 102(a) and (b).  The chart attached as Exhibit 16 provides examples of

18   where the Michihiro Patent discloses, either expressly or inherently, each element

19   of the Asserted Claims, thereby anticipating those claims.

20       To the extent Plaintiff asserts that the Michihiro Patent does not anticipate

21   the Asserted Claims, it would have been obvious to combine or modify the

22   Michihiro Patent with concepts from other prior art such as, for example, other

23   prior art identified in Section IV and/or Appendices A-R, to render the Asserted

24   Claims invalid, because all of that prior art relates to wireless location and/or

25   wireless communication technology.

26       For example, it would have been obvious to combine or modify the

27   Michihiro Patent to use the methods of authentication described by the prior art

28   from Appendix D, including, for example, The ATIS Solution; U.S. Patent No.

1    5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No.
2    5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S.
3    Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et
4    al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to
5    Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070
6    to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No.
7    6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent
8    No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S.
9    Application Serial No. 08/162,522 to Theimer et al.; International PCT Application
10   No. PCT/US97/11656 to Boltz et al.; and Mike Spreitzer et al., "Architectural
11   Considerations for Scalable, Secure, Mobile Computing with Location
12   Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.
13   One of ordinary skill in the art would have been motivated to combine or modify
14   the Michihiro Patent in this manner for the reasons explained in Section IV.A and
15   also because the Michihiro Patent and the above-referenced prior art from
16   Appendix D are all directed towards wireless location determining and/or reporting
17   technology.

18        As another example, it would have been obvious to combine or modify the
19   Michihiro Patent to allow location requests from some resources while denying
20   location requests from other resource, as described by the prior art from Appendix
21   E, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137; Andy
22   Harter et al., "A Distributed Location System for the Active Office," Network,
23   IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent
24   No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S.
25   Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et
26   al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to
27   Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; and Mike
28   Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile

Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Michihiro Patent in this manner for the reasons explained in Section IV.A and also because the Michihiro Patent and the above-referenced prior art from Appendix E are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Michihiro Patent to use a profile to allow or deny a request for location information, as described by the prior art from Appendix F, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994;  U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; and U.S. Patent No. 6,360,102 to Havinis et al.  One of ordinary skill in the art would have been motivated to combine or modify the Michihiro Patent in this manner for the reasons explained in Section IV.A and also because the Michihiro Patent and the above-referenced prior art from Appendix F are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Michihiro Patent to continuously track the location of a mobile unit, as described by the prior art from Appendix G, including, for example, U.S. Patent No. 6,169,902; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 5,365,451 to Wang et al.; and International PCT Application No. PCT/US97/11656 to Boltz et al.  One of ordinary skill in the art would have

1    been motivated to combine or modify the Michihiro Patent in this manner for the

2    reasons explained in Section IV.A and also because the Michihiro Patent and the

3    above-referenced prior art from Appendix G are all directed towards wireless

4    location determining and/or reporting technology.

5         As another example, it would have been obvious to combine or modify the

6    Michihiro Patent to detect an absence of communication with a mobile unit, as

7    described by the prior art from Appendix H, including, for example, The ATIS

8    Solution; U.S. Patent No. 5,504,491 to Chapman; U.S. Patent No. 6,442,391 to

9    Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No.

10   5,485,163 to Singer et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No.

11   5,493,692 to Theimer et al.; International PCT Application No. PCT/US97/11656

12   to Boltz et al.; the GSM Specification; the TIA/EIA/IS-95-A Specification; M.

13   Mouly, et al., "The GSM System for Mobile Communications"; Roy Want et al.,

14   "The Active Badge Location System," ACM Transactions on Information Systems,

15   Vol. 10, Issue 1, January 1992; Roy Want et al., "An Overview of the ParcTab

16   Ubiquitous Computing Experiment," IEEE Personal Communications, December

17   1995; and JP Patent Publication No. 9147291A to Yoshiyuki.  One of ordinary skill

18   in the art would have been motivated to combine or modify the Michihiro Patent in

19   this manner for the reasons explained in Section IV.A and also because the

20   Michihiro Patent and the above-referenced prior art from Appendix H are all

21   directed towards wireless location determining and/or reporting technology.

22        As described above, one of ordinary skill in the art would not have limited

23   himself to a specific technology when making modifications or improvements to

24   the Michihiro Patent, but would have modified the Michihiro Patent with concepts

25   from other wireless location and/or wireless communication solutions of the time.

26   This would have been a result of ordinary innovation, ordinary skill, and common

27   sense and would have been obvious to try and predictable.  Moreover, design

28   incentives and other market forces would have prompted those endeavors.

### 10.    The ATIS Solution

The Alliance for Telecommunications Industry Solutions references (the "ATIS Solution") qualifies as prior art at least under 35 U.S.C. §§ 102(a) and (g)(2) because it was known and/or used by others or made by others before the earliest conception date that Plaintiff can establish for the Asserted Claims, and under 35 U.S.C. § 102(b) because it was in public use and/or offered for sale more than one year prior to the   priority date of the Asserted Patents.   In addition, the ATIS Solution describes systems incorporating elements of the ATIS Solution that qualify as prior art under 35 U.S.C. § 102(g)(2).    The ATIS Solution further describes work done by other standard-setting organizations, such as the Telecommunications Industry Association and the European Telecommunications Standards Institute, that qualifies as prior art under at least  U.S.C. §§ 102(a) and (b).

Various references, including those identified below, disclose the features and functionalities of the ATIS Solution.  Each underlying reference evidencing the ATIS Solution also individually qualifies as prior art.   Exhibits 24-25 and 38 provide examples of how the ATIS Solution and associated references disclose, either expressly or inherently, each element of the Asserted Claims, thereby anticipating those claims under 35 U.S.C. § 102, using Plaintiff's apparent and overbroad constructions of the claims.  The following references evidence the ATIS Solution:

| Exh. | EVIDENCE FOR THE PRIOR ART ATIS SOLUTION |
|------|-------------------------------------------|
| 24 | The ATIS Solution |
| 24 | Maya Roel-Ng, "Functional Model for GSM Location Services," T1P1.5, 10/6/1997 (the "T1P1.5 97-375 Contribution"). The T1P1.5 97-375 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |

| Exh. | EVIDENCE FOR THE PRIOR ART ATIS SOLUTION |
|---|---|
| 24 | ETSI SMG1 Plenary, "Service Requirements for a Mobile Location Service," ESTI SMG1, March 1997 (the "T1P1.5 97-126 Contribution"). The T1P1.5 97-126 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 24 | Stephen Hayes, et al. "Network Architecture for GSM Location Services," T1P1.5, 12/1/1997 (the "T1P1.5 97-474 Contribution"). The T1P1.5 97-474 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 24 | Siemens Telecom Networks, "Location Services Stage 2 Functional Description Proposal", T1P1.5, 12/2/1997 (the "T1P1.5 97-496 Contribution"). The T1P1.5 97-496 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 24 | GSM NA Data/API Sub Group, "Stage 0 Requirements for PCS1900 Value Added Data Services", T1P1.5, 10/9/1997, (the "T1P1.5 97-338 Contribution"). The T1P1.5 97-338 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 24 | Siemens Stromberg-Carlson, "Realization of PCS1900 Delats", T1P1.5, 5/27/1997, (the "T1P1.5 97-232 Contribution"). The T1P1.5 97-232 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 24 | John Hastings, "Recommended GPS Changes to contribution 187R3", T1P1.5, 8/6/1999, (the "T1P1.5 99-545R0 Contribution"). The T1P1.5 99-545R0 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a). |
| 24 | Stephen Hayes, "Comments on LCS Stage 0", T1P1.5, 12/1/1997, (the "T1P1.5 97-471 Contribution"). The T1P1.5 97-471 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 24 | Don Zelmer, "Liason Statement", T1P1.5, 4/30/1999 (the "T1P1.5 99-297R1 Contribution"). The T1P1.5 99-297R1 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a). |

| Exh. | EVIDENCE FOR THE PRIOR ART ATIS SOLUTION |
|---|---|
| 24 | Stephen Hayes, "Comments on LCS Stage 1", T1P1.5, 12/1/1997, (the "T1P1.5 97-472 Contribution").  The T1P1.5 97-472 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 24 | Bilal Saleh, "Enhanced CAMEL Architecture for Emergency Calls and Location Servoces Support", T1P1.5 June, 1997 (the "T1P1.5 97-310 Contribution").  The T1P1.5 97-310 Contribution qualifies as prior art at least under 35 U.S.C. §§ 102(a) and (b). |
| 25 | Christopher Kingdon et al., "Location Services and Architecture Proposal", T1P1.5, 5/27/1997, (the "T1P1.5 97-211 Contribution").  The T1P1.5 97-211 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 25 | Christopher Kingdon et al., "Location Services and Architecture Proposal", T1P1.5, 7/28/1997, (the "T1P1.5 97-211R1 Contribution").  The T1P1.5 97-211R1 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 25 | T1P1.5, "Location Services (LCS); Service description, Stage 1", T1P1.5, 7/1997, (the "T1P1.5 97-211R3 Contribution").  The T1P1.5 97-211R3 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 25 | T1P1.5, "Location Services (LCS); Service description, Stage 1", T1P1.5, 10/1997, (the " T1P1.5 97-211R5 Contribution"). The T1P1.5 97-211R5 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 25 | Christopher Kingdon, "Comments on LCS Stage 1", T1P1.5, 10/6/1997, (the "T1P1.5 97-374 Contribution").   The T1P1.5 97-374 Contribution qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). |
| 38 | T1P1.5, "Location Services (LCS); Service description, Stage 1," T1P1.5/98-104r4, June 1998 (the "T1P1.5/98-104r4 Contribution"). The T1P1.5/98-104r4 Contribution qualifies as prior art at least under 35 U.S.C. § 102(a). |

| Exh. | EVIDENCE FOR THE PRIOR ART ATIS SOLUTION |
|------|------------------------------------------|
| 38 | Vodafone, "Pre-Update Location Service Enquiry (PULSE)" ETSI EP SMG3/SA, 26-28 August 1997 (the "SMG3/SA Contribution"). The SMG3/SA Contribution is prior art under at least 35 U.S.C. § 103. |
| 38 | T1P1.5, "Location Services (LCS); Funcational description - Stage 2," T1P1.5/98-105r4, June 1998 (the "T1P1.5/98-105r4 Contribution"). The T1P1.5/98-105r4 Contribution qualifies as prior art under at least 35 U.S.C. § 102(a). |
| 38 | T1P1.5, "Location Services (LCS); Functional description - Stage 2," T1P1.5/98-105r9, 1998 (the "T1P1.5/98-105r9 Contribution"). The T1P1.5/98-105r9 Contribution qualifies as prior art under at least 35 U.S.C. § 102(a). |

Defendants reserve the right to contend that the references evidencing the ATIS Solution constitute a single reference for purposes of anticipation. Defendants also reserve the right to contend that, if the ATIS Solution references are considered individually, it would have been obvious to combine those references to render the Asserted Claims invalid, because those references, or the information contained therein, all discuss the same subject (*i.e.*, the ATIS Solution).

To the extent any of the references evidencing the ATIS Solution disclose a particular feature, it would have been obvious to combine that feature with other or all of the references evidencing the ATIS Solution to render the Asserted Claims invalid. The reasons or motivation to modify the references evidencing the ATIS Solution in that manner include, for example, the fact that it would have been common sense to apply concepts that were already being described in one reference about the ATIS Solution to another reference about the same solution.

To the extent Plaintiff asserts that the ATIS Solution, or any reference evidencing the ATIS Solution, does not anticipate the Asserted Claims, it would also have been obvious to combine or modify the ATIS Solution, or any reference evidencing the ATIS Solution, with concepts from other prior art such as, for

1   example, other prior art identified in Section IV and/or Appendices A-R, to render

2   the Asserted Claims invalid, because all of that prior art relates to wireless location

3   and/or wireless communication technology.

4        As another example, it would have been obvious to combine or modify the

5   ATIS Solution, or any reference evidencing that system, to identify the source of a

6   location request, as described by the prior art from Appendix B, including, for

7   example, U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to

8   Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No.

9   5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S.

10  Application Serial No. 08/162,522 to Theimer et al.; JP Patent Publication No.

11  6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations

12  for Scalable, Secure, Mobile Computing with Location Information," IEEE

13  Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary

14  skill in the art would have been motivated to combine or modify the ATIS Solution

15  in this manner for the reasons explained in Section IV.A and also because the ATIS

16  Solution and the above-referenced prior art from Appendix B are all directed

17  towards wireless location determining and/or reporting technology.

18       As another example, it would have been obvious to combine or modify the

19  ATIS Solution, or any reference evidencing that system, to transmit a location

20  request and the identification of the source of the request to a mobile unit and to

21  receive authorization from the mobile unit to allow or deny the request, as

22  described by the prior art from Appendix C, including, for example, U.S. Patent

23  No. 6,442,391 to Johansson et al.; U.S. Patent No. 6,360,102 to Havinis et al.;

24  International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP Patent

25  Publication No. 6189359A to Michihiro.  One of ordinary skill in the art would

26  have been motivated to combine or modify the ATIS Solution in this manner for the

27  reasons explained in Section IV.A and also because the ATIS Solution and the

28

1    above-referenced prior art from Appendix C are all directed towards wireless

2    location determining and/or reporting technology.

3         As another example, it would have been obvious to combine or modify the

4    ATIS Solution, or any reference evidencing that system, to use the methods of

5    authentication described by the prior art from Appendix D, including, for example,

6    U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S.

7    Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et

8    al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to

9    Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No.

10   5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent

11   No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S.

12   Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.;

13   U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.;

14   U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT

15   Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No.

16   6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations

17   for Scalable, Secure, Mobile Computing with Location Information," IEEE

18   Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary

19   skill in the art would have been motivated to combine or modify the ATIS Solution

20   in this manner for the reasons explained in Section IV.A and also because the ATIS

21   Solution and the above-referenced prior art from Appendix D are all directed

22   towards wireless location determining and/or reporting technology.

23        As another example, it would have been obvious to combine or modify the

24   ATIS Solution, or any reference evidencing that system, to allow location requests

25   from some resources while denying location requests from other resource, as

26   described by the prior art from Appendix E, including, for example, U.S. Patent No.

27   5,950,137; Andy Harter et al., "A Distributed Location System for the Active

28   Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,963,866 to Palamara

1    et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to

2    Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No.

3    5,731,785 to Lemelson et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S.

4    Patent No. 6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to

5    Theimer et al.; and Mike Spreitzer et al., "Architectural Considerations for

6    Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed

7    Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art

8    would have been motivated to combine or modify the ATIS Solution in this manner

9    for the reasons explained in Section IV.A and also because the ATIS Solution and

10   the above-referenced prior art from Appendix E are all directed towards wireless

11   location determining and/or reporting technology.

12        As another example, it would have been obvious to combine or modify the

13   ATIS Solution, or any reference evidencing that system, to use a profile to allow or

14   deny a request for location information, as described by the prior art from Appendix

15   F, including, for example, U.S. Patent No. 5,950,137 to Kim; U.S. Patent No.

16   6,169,902 to Kawamoto; Andy Harter et al., "A Distributed Location System for

17   the Active Office," Network, IEEE Vol. 8 No. 1, 1994;  U.S. Patent No. 6,138,003

18   to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No.

19   5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; and U.S.

20   Patent No. 6,360,102 to Havinis et al.  One of ordinary skill in the art would have

21   been motivated to combine or modify the ATIS Solution in this manner for the

22   reasons explained in Section IV.A and also because the ATIS Solution and the

23   above-referenced prior art from Appendix F are all directed towards wireless

24   location determining and/or reporting technology.

25        As another example, it would have been obvious to combine or modify the

26   ATIS Solution, or any reference evidencing that system, to continuously track the

27   location of a mobile unit, as described by the prior art from Appendix G, including,

28   for example, U.S. Patent No. 6,169,902; Andy Harter et al., "A Distributed

1 | Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S.
2 | Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.;
3 | U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et
4 | al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 5,365,451 to Wang
5 | et al.; and International PCT Application No. PCT/US97/11656 to Boltz et al. One
6 | of ordinary skill in the art would have been motivated to combine or modify the
7 | ATIS Solution in this manner for the reasons explained in Section IV.A and also
8 | because the ATIS Solution and the above-referenced prior art from Appendix G are
9 | all directed towards wireless location determining and/or reporting technology.

10 | As another example, it would have been obvious to combine or modify the
11 | ATIS Solution, or any reference evidencing that system, to detect an absence of
12 | communication with a mobile unit, as described by the prior art from Appendix H,
13 | including, for example, U.S. Patent No. 5,504,491 to Chapman; U.S. Patent No.
14 | 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S.
15 | Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S.
16 | Patent No. 5,493,692 to Theimer et al.; International PCT Application No.
17 | PCT/US97/11656 to Boltz et al.; the GSM Specification; the TIA/EIA/IS-95-A
18 | Specification; M. Mouly, et al., "The GSM System for Mobile Communications";
19 | Roy Want et al., "The Active Badge Location System," ACM Transactions on
20 | Information Systems, Vol. 10, Issue 1, January 1992; Roy Want et al., "An
21 | Overview of the ParcTab Ubiquitous Computing Experiment," IEEE Personal
22 | Communications, December 1995; and JP Patent Publication No. 9147291A to
23 | Yoshiyuki. One of ordinary skill in the art would have been motivated to combine
24 | or modify the ATIS Solution in this manner for the reasons explained in Section
25 | IV.A and also because the ATIS Solution and the above-referenced prior art from
26 | Appendix H are all directed towards wireless location determining and/or reporting
27 | technology.

28 |

As another example, it would have been obvious to combine or modify the ATIS Solution, or any reference evidencing that system, to have a network node allow or deny a request for location information, as described by the prior art from Appendix I, including, for example, U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,950,137 to Kim; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro. One of ordinary skill in the art would have been motivated to combine or modify the ATIS Solution in this manner for the reasons explained in Section IV.A and also because the ATIS Solution and the above-referenced prior art from Appendix I are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the ATIS Solution, or any reference evidencing that system, to have a mobile unit allow or deny a request for location information, as described by the prior art from Appendix J, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; JP Patent Publication No. 6189359A to Michihiro; and JP Patent Publication No. 9147291A to Yoshiyuki. One of ordinary skill in the art would have been motivated to combine or modify the ATIS Solution in this manner for the reasons explained in Section IV.A and also because the ATIS Solution and the above-referenced prior art from Appendix J are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the ATIS Solution, or any reference evidencing that system, to obtain the identification of a mobile unit whose location has been requested, as described by the prior art

from Appendix K, including, for example, U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 5,625,668 to Loomis et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994; and the GSM Specification. One of ordinary skill in the art would have been motivated to combine or modify the ATIS Solution in this manner for the reasons explained in Section IV.A and also because the ATIS Solution and the above-referenced prior art from Appendix K are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the ATIS Solution, or any reference evidencing that system, to forward information regarding whether to allow or deny a location request from a first node to a second node, as described by the prior art from Appendix L, including, for example, U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the ATIS Solution in this manner for the reasons explained in Section IV.A and also because the ATIS Solution and the above-

referenced prior art from Appendix L are all directed towards wireless location determining and/or reporting technology.

One of ordinary skill in the art would not have limited himself when making modifications to the ATIS Solution to concepts solely implemented in or discussed with reference to the ATIS Solution.  Rather, one of ordinary skill also would have considered the concepts from other wireless location and/or wireless communication solutions of the time.  This would have been a result of ordinary innovation, ordinary skill, and common sense and would have been obvious to try and predictable.  Moreover, design incentives and other market forces would have prompted those endeavors.

### 11.    U.S. Patent No. 5,950,137 (Kim)

U.S. Patent No. 5,950,137 to Kim entitled "Method for Supplying Subscriber Location Information in a Mobile Communications System," issued on September 7, 1997 (the "Kim Patent").  The Kim Patent is entitled to a priority date at least as early as September 16, 1997.  The Kim Patent qualifies as prior art under at least 35 U.S.C. § 102(e).  The chart attached as Exhibit 26 provides examples of where the Kim Patent discloses, either expressly or inherently, each element of the Asserted Claims, thereby anticipating those claims.

To the extent Plaintiff asserts that the Kim Patent does not anticipate the Asserted Claims, it would have been obvious to combine or modify the Kim Patent with concepts from other prior art such as, for example, other prior art identified in Section IV and/or Appendices A-R, to render the Asserted Claims invalid, because all of that prior art relates to wireless location and/or wireless communication technology.

For example, it would have been obvious to combine or modify the Kim Patent to identify the source of a location request, as described by the prior art from Appendix B, including, for example, U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to

Foladare et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Kim Patent in this manner for the reasons explained in Section IV.A and also because the Kim Patent and the above-referenced prior art from Appendix B are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Kim Patent to transmit a location request and the identification of the source of the request to a mobile unit and to receive authorization from the mobile unit to allow or deny the request, as described by the prior art from Appendix C, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro.  One of ordinary skill in the art would have been motivated to combine or modify the Kim Patent in this manner for the reasons explained in Section IV.A and also because the Kim Patent and the above-referenced prior art from Appendix C are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Kim Patent to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to

Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the Kim Patent in this manner for the reasons explained in Section IV.A and also because the Kim Patent and the above-referenced prior art from Appendix D are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Kim Patent to use a profile to allow or deny a request for location information, as described by the prior art from Appendix F, including, for example, The ATIS Solution; U.S. Patent No. 6,169,902 to Kawamoto; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994;  U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; and U.S. Patent No. 6,360,102 to Havinis et al.  One of ordinary skill in the art would have been motivated to combine or modify the Kim Patent in this manner for the reasons explained in Section IV.A and also because the Kim Patent and the above-referenced prior art from Appendix F are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Kim Patent, or any reference evidencing that system, to continuously track the location of a mobile unit, as described by the prior art from Appendix G, including, for example, U.S. Patent No. 6,169,902; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S.

1   Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.;

2   U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et

3   al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 5,365,451 to Wang

4   et al.; and International PCT Application No. PCT/US97/11656 to Boltz et al.  One

5   of ordinary skill in the art would have been motivated to combine or modify the

6   Kim Patent in this manner for the reasons explained in Section IV.A and also

7   because the ATIS Solution and the above-referenced prior art from Appendix G are

8   all directed towards wireless location determining and/or reporting technology.

9       As another example, it would have been obvious to combine or modify the

10  Kim Patent to detect an absence of communication with a mobile unit, as described

11  by the prior art from Appendix H, including, for example, The ATIS Solution; U.S.

12  Patent No. 5,504,491 to Chapman; U.S. Patent No. 6,442,391 to Johansson et al.;

13  U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer

14  et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to

15  Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.;

16  the GSM Specification; the TIA/EIA/IS-95-A Specification; M. Mouly, et al., "The

17  GSM System for Mobile Communications"; Roy Want et al., "The Active Badge

18  Location System," ACM Transactions on Information Systems, Vol. 10, Issue 1,

19  January 1992; Roy Want et al., "An Overview of the ParcTab Ubiquitous

20  Computing Experiment," IEEE Personal Communications, December 1995; and JP

21  Patent Publication No. 9147291A to Yoshiyuki.  One of ordinary skill in the art

22  would have been motivated to combine or modify the Kim Patent in this manner for

23  the reasons explained in Section IV.A and also because the Kim Patent and the

24  above-referenced prior art from Appendix H are all directed towards wireless

25  location determining and/or reporting technology.

26      As another example, it would have been obvious to combine or modify the

27  Kim Patent, or any reference evidencing that system, to have a mobile unit allow or

28  deny a request for location information, as described by the prior art from Appendix

DEFENDANTS' AMENDED INVALIDITY
CONTENTIONS                                    84                    (2:11-CV-05210-FMO (AGRX))

1   J, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent
2   No. 5,731,785 to Lemelson et al.; U.S. Patent No. 6,360,102 to Havinis et al.; JP
3   Patent Publication No. 6189359A to Michihiro; and JP Patent Publication No.
4   9147291A to Yoshiyuki.   One of ordinary skill in the art would have been
5   motivated to combine or modify the Kim Patent in this manner for the reasons
6   explained in Section IV.A and also because the Kim Patent and the above-
7   referenced prior art from Appendix J are all directed towards wireless location
8   determining and/or reporting technology.

9       As another example, it would have been obvious to combine or modify the
10   Kim Patent to forward information regarding whether to allow or deny a location
11   request from a first node to a second node, as described by the prior art from
12   Appendix L, including, for example,The ATIS Solution; U.S. Patent No. 6,138,003
13   to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No.
14   5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S.
15   Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.;
16   JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al.,
17   "Architectural Considerations for Scalable, Secure, Mobile Computing with
18   Location Information," IEEE Distributed Computing Systems Conference, June 21-
19   24, 1994.  One of ordinary skill in the art would have been motivated to combine or
20   modify the Kim Patent in this manner for the reasons explained in Section IV.A and
21   also because the Kim Patent and the above-referenced prior art from Appendix L
22   are all directed towards wireless location determining and/or reporting technology.

23       As described above, one of ordinary skill in the art would not have limited
24   himself to a specific technology when making modifications or improvements to
25   the Kim Patent, but would have modified the Kim Patent with concepts from other
26   wireless location and/or wireless communication solutions of the time.  This would
27   have been a result of ordinary innovation, ordinary skill, and common sense and

28

1    would have been obvious to try and predictable.  Moreover, design incentives and

2    other market forces would have prompted those endeavors.

3    ### 12.    U.S. Patent No. 6,169,902 (Kawamoto)

4        U.S. Patent No. 6,169,902 to Kawamoto entitled "Information Terminal,

5    Processing Method by Information Terminal, Information Providing Apparatus and

6    Information Network System," issued on January 2, 2001 (the "Kawamoto

7    Patent").  The Kawamoto Patent is entitled to a priority date at least as early as

8    April 8, 1998.  The Kawamoto Patent qualifies as prior art under at least 35 U.S.C.

9    § 102(e).  The chart attached as Exhibit 27 provides examples of where the

10   Kawamoto Patent discloses, either expressly or inherently, each element of the

11   Asserted Claims, thereby anticipating those claims.

12       To the extent Plaintiff asserts that the Kawamoto Patent does not anticipate

13   the Asserted Claims, it would have been obvious to combine or modify the

14   Kawamoto Patent with concepts from other prior art such as, for example, other

15   prior art identified in Section IV and/or Appendices A-R, to render the Asserted

16   Claims invalid, because all of that prior art relates to wireless location and/or

17   wireless communication technology.

18       As another example, it would have been obvious to combine or modify the

19   Kawamoto Patent to transmit a location request and the identification of the source

20   of the request to a mobile unit and to receive authorization from the mobile unit to

21   allow or deny the request, as described by the prior art from Appendix C, including,

22   for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No.

23   6,360,102 to Havinis et al.; International PCT Application No. PCT/US97/11656 to

24   Boltz et al.; and JP Patent Publication No. 6189359A to Michihiro.  One of

25   ordinary skill in the art would have been motivated to combine or modify the

26   Kawamoto Patent in this manner for the reasons explained in Section IV.A and also

27   because the Kawamoto Patent and the above-referenced prior art from Appendix C

28   are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Kawamoto Patent to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the Kawamoto Patent in this manner for the reasons explained in Section IV.A and also because the Kawamoto Patent and the above-referenced prior art from Appendix D are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Kawamoto Patent to allow location requests from some resources while denying location requests from other resource, as described by the prior art from Appendix E, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et

al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Kawamoto Patent in this manner for the reasons explained in Section IV.A and also because the Kawamoto Patent and the above-referenced prior art from Appendix E are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Kawamoto Patent to use a profile to allow or deny a request for location information, as described by the prior art from Appendix F, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994;  U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; and U.S. Patent No. 6,360,102 to Havinis et al.  One of ordinary skill in the art would have been motivated to combine or modify the Kawamoto Patent in this manner for the reasons explained in Section IV.A and also because the Kawamoto Patent and the above-referenced prior art from Appendix F are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Kawamoto Patent, or any reference evidencing that system, to continuously track the location of a mobile unit, as described by the prior art from Appendix G, including, for example, Andy Harter et al., "A Distributed Location System for the Active Office," Network, IEEE Vol. 8 No. 1, 1994; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No.

6,486,794 to Calistro, et al.; U.S. Patent No. 5,365,451 to Wang et al.; and International PCT Application No. PCT/US97/11656 to Boltz et al.  One of ordinary skill in the art would have been motivated to combine or modify the Kawamoto Patent in this manner for the reasons explained in Section IV.A and also because the Kawamoto Patent and the above-referenced prior art from Appendix G are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Kawamoto Patent to detect an absence of communication with a mobile unit, as described by the prior art from Appendix H, including, for example, The ATIS Solution; U.S. Patent No. 5,504,491 to Chapman; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; the GSM Specification; the TIA/EIA/IS-95-A Specification; M. Mouly, et al., "The GSM System for Mobile Communications"; Roy Want et al., "The Active Badge Location System," ACM Transactions on Information Systems, Vol. 10, Issue 1, January 1992; Roy Want et al., "An Overview of the ParcTab Ubiquitous Computing Experiment," IEEE Personal Communications, December 1995; and JP Patent Publication No. 9147291A to Yoshiyuki.  One of ordinary skill in the art would have been motivated to combine or modify the Kawamoto Patent in this manner for the reasons explained in Section IV.A and also because the Kawamoto Patent and the above-referenced prior art from Appendix H are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Kawamoto Patent, or any reference evidencing that system, to have a mobile unit allow or deny a request for location information, as described by the prior art from Appendix J, including, for example, U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 6,360,102 to Havinis

89

1    et al.; JP Patent Publication No. 6189359A to Michihiro; and JP Patent Publication

2    No. 9147291A to Yoshiyuki.  One of ordinary skill in the art would have been

3    motivated to combine or modify the Kawamoto Patent in this manner for the

4    reasons explained in Section IV.A and also because the Kawamoto Patent and the

5    above-referenced prior art from Appendix J are all directed towards wireless

6    location determining and/or reporting technology.

7           As another example, it would have been obvious to combine or modify the

8    Kawamoto Patent, or any reference evidencing that system, to obtain the

9    identification of a mobile unit whose location has been requested, as described by

10   the prior art from Appendix K, including, for example, U.S. Patent No. 5,963,866

11   to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No.

12   6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S.

13   Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,493,692 to Theimer et al.;

14   U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 5,625,668 to Loomis et

15   al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent

16   Publication No. 6189359A to Michihiro; Mike Spreitzer et al., "Architectural

17   Considerations   for   Scalable,   Secure,   Mobile   Computing   with   Location

18   Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994;

19   and the GSM Specification.  One of ordinary skill in the art would have been

20   motivated to combine or modify the Kawamoto Patent in this manner for the

21   reasons explained in Section IV.A and also because the Kawamoto Patent and the

22   above-referenced prior art from Appendix K are all directed towards wireless

23   location determining and/or reporting technology.

24          As described above, one of ordinary skill in the art would not have limited

25   himself to a specific technology when making modifications or improvements to

26   the Kawamoto Patent, but would have modified the Kawamoto Patent with

27   concepts from other wireless location and/or wireless communication solutions of

28   the time.  This would have been a result of ordinary innovation, ordinary skill, and

1   common sense and would have been obvious to try and predictable.  Moreover,

2   design incentives and other market forces would have prompted those endeavors.

3   **13.    U.S. Patent No. 5,504,491 (Chapman)**

4   U.S. Patent No. 5,504,491 to Chapman entitled "Global Status  and Position

5   Reporting System," issued on April 2, 1996 (the "Chapman Patent").    The

6   Chapman Patent is entitled to a priority date at least as early as April 25, 1994.  The

7   Chapman Patent qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b).

8   The chart attached as Exhibit 28 provides examples of where the Chapman Patent

9   discloses, either expressly or inherently, each element of the Asserted Claims,

10  thereby anticipating those claims.

11  To the extent Plaintiff asserts that the Chapman Patent does not anticipate the

12  Asserted Claims, it would have been obvious to combine or modify the Chapman

13  Patent with concepts from other prior art such as, for example, other prior art

14  identified in Section IV and/or Appendices A-R, to render the Asserted Claims

15  invalid, because all of that prior art relates to wireless location and/or wireless

16  communication technology.

17  As described above, one of ordinary skill in the art would not have limited

18  himself to a specific technology when making modifications or improvements to

19  the Chapman Patent, but would have modified the Chapman Patent with concepts

20  from other wireless location and/or wireless communication solutions of the time.

21  This would have been a result of ordinary innovation, ordinary skill, and common

22  sense and would have been obvious to try and predictable.  Moreover, design

23  incentives and other market forces would have prompted those endeavors.

24

25

26

27

28

**E.     The Asserted Claims of the '273 Patent are Invalid Based on the Prior Art**

**1.     U.S. Patent No. 5,365,451 (Wang et al.)**

U.S. Patent No. 5,365,451 to Wang et al., entitled "Mobile Unit Tracking System," issued on November 15, 1994 (the "Wang Patent"). The Wang Patent is entitled to a priority date at least as early as December 9, 1991. The Wang Patent qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b). The chart attached as Exhibit 17 provides examples of where the Wang Patent discloses, either expressly or inherently, each element of the Asserted Claims, thereby anticipating those claims.

To the extent Plaintiff asserts that the Wang Patent does not anticipate the Asserted Claims, it would have been obvious to combine or modify the Wang Patent with concepts from other prior art such as, for example, other prior art identified in Section IV and/or Appendices A-R, to render the Asserted Claims invalid, because all of that prior art relates to wireless location and/or wireless communication technology.

For example, it would have been obvious to combine or modify the Wang Patent to receive a request for location information, as described by the prior art from Appendix A, including, for example, U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 5,625,668 to Loomis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations

for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Wang Patent in this manner for the reasons explained in Section IV.A and also because the Wang Patent and the above-referenced prior art from Appendix A are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Wang Patent to identify the source of a location request, as described by the prior art from Appendix B, including, for example, U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Wang Patent in this manner for the reasons explained in Section IV.A and also because the Wang Patent and the above-referenced prior art from Appendix B are all directed towards wireless location determining and/or reporting technology.

As described above, one of ordinary skill in the art would not have limited himself to a specific technology when making modifications or improvements to the Wang Patent, but would have modified the Wang Patent with concepts from other wireless location and/or wireless communication solutions of the time.  This would have been a result of ordinary innovation, ordinary skill, and common sense and would have been obvious to try and predictable.  Moreover, design incentives and other market forces would have prompted those endeavors.

## 2.      U.S. Patent No. 5,732,387 (Armbruster et al.)

U.S. Patent No. 5,732,387 to Armbruster et al., entitled "Method and Apparatus for Call Establishment in a Satellite Communication System," issued on March 24, 1998 (the "Armbruster Patent").  The Armbruster Patent is entitled to a priority date at least as early as December 4, 1995.  The Armbruster Patent qualifies as prior art under at least 35 U.S.C. § 102(e).  The chart attached as Exhibit 18 provides examples of where the Armbruster Patent discloses, either expressly or inherently, each element of the Asserted Claims, thereby anticipating those claims.

To the extent Plaintiff asserts that the Armbruster Patent does not anticipate the Asserted Claims, it would have been obvious to combine or modify the Armbruster Patent with concepts from other prior art such as, for example, other prior art identified in Section IV and/or Appendices A-R, to render the Asserted Claims invalid, because all of that prior art relates to wireless location and/or wireless communication technology.

For example, it would have been obvious to combine or modify the Armbruster Patent to receive a request for location information, as described by the prior art from Appendix A, including, for example, U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 5,625,668 to Loomis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.

One of ordinary skill in the art would have been motivated to combine or modify the Armbruster Patent in this manner for the reasons explained in Section IV.A and also because the Armbruster Patent and the above-referenced prior art from Appendix A are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Armbruster Patent to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.  It would also have been obvious to combine or modify the Armbruster Patent to use the methods of authentication described by the prior art from Appendix R, including, for example, U.S. Patent No. 7,643,834 to Ioppe, U.S. Patent No. 8,023,958 to Wang, W.O Publication No. 2001/031965 to Willehadson, U.S. Patent Publication No. 2009/0098857 to De Atley, and W.O. Publication No. 2002/017567 to Spaargaren. One of ordinary skill in the art would have been motivated to combine or modify the Armbruster Patent in this manner for the reasons explained in Section IV.A and

1  also because the Armbruster Patent and the above-referenced prior art from
2  Appendices D and R are all directed towards wireless location determining and/or
3  reporting technology.

4      As another example, it would have been obvious to combine or modify the
5  Armbruster Patent to have a mobile unit verify when it last provided its location
6  information to a communication system, as described by the prior art from
7  Appendix M, including, for example, U.S. Patent Publication No. 2003/0101225 to
8  Han; U.S. Patent Publication No. 2009/0098857 to De Atley; W.O Publication No.
9  2001/031965 to Willehadson; U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No.
10 7,277,714 to Mikan; U.S. Patent No. 7,643,834 to Ioppe; U.S. Patent No. 8,023,958
11 to Wang;  U.S. Patent No. 5,365,451 to Wang et al.  One of ordinary skill in the art
12 would have been motivated to combine or modify the Armbruster Patent in this
13 manner for the reasons explained in Section IV.A and also because the Armbruster
14 Patent and the above-referenced prior art from Appendix M are all directed towards
15 wireless location determining and/or reporting technology.

16     As described above, one of ordinary skill in the art would not have limited
17 himself to a specific technology when making modifications or improvements to
18 the Armbruster Patent, but would have modified the Armbruster Patent with
19 concepts from other wireless location and/or wireless communication solutions of
20 the time.  This would have been a result of ordinary innovation, ordinary skill, and
21 common sense and would have been obvious to try and predictable.  Moreover,
22 design incentives and other market forces would have prompted those endeavors.

23     **3.    U.S. Patent No. 5,774,802 (Tell et al.)**

24     U.S. Patent No. 5,774,802 to Tell et al., entitled "Apparatus and Method for
25 Billing in a Wireless Communication System," issued on June 30, 1998 (the "Tell
26 Patent").  The Tell Patent is entitled to a priority date at least as early as April 10,
27 1996.  The Tell Patent qualifies as prior art under at least 35 U.S.C. § 102(e).  The
28 chart attached as Exhibit 19 provides examples of where the Tell Patent discloses,

1  either expressly or inherently, each element of the Asserted Claims, thereby
2  anticipating those claims.

3      To the extent Plaintiff asserts that the Tell Patent does not anticipate the
4  Asserted Claims, it would have been obvious to combine or modify the Tell Patent
5  with concepts from other prior art such as, for example, other prior art identified in
6  Section IV and/or Appendices A-R, to render the Asserted Claims invalid, because
7  all of that prior art relates to wireless location and/or wireless communication
8  technology.

9      For example, it would have been obvious to combine or modify the Tell
10 Patent to receive a request for location information, as described by the prior art
11 from Appendix A, including, for example, U.S. Patent No. 5,963,866 to Palamara et
12 al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to
13 Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No.
14 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent
15 No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S.
16 Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 5,625,668 to Loomis et al.;
17 U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger
18 et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT
19 Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No.
20 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations
21 for Scalable, Secure, Mobile Computing with Location Information," IEEE
22 Distributed Computing Systems Conference, June 21-24, 1994.  One of ordinary
23 skill in the art would have been motivated to combine or modify the Tell Patent in
24 this manner for the reasons explained in Section IV.A and also because the Tell
25 Patent and the above-referenced prior art from Appendix A are all directed towards
26 wireless location determining and/or reporting technology.

27     As another example, it would have been obvious to combine or modify the
28 Tell Patent to use the methods of authentication described by the prior art from

Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. It would also have been obvious to combine or modify the Tell Patent to use the methods of authentication described by the prior art from Appendix R, including, for example, U.S. Patent No. 7,643,834 to Ioppe, U.S. Patent No. 8,023,958 to Wang, W.O Publication No. 2001/031965 to Willehadson, U.S. Patent Publication No. 2009/0098857 to De Atley, and W.O. Publication No. 2002/017567 to Spaargaren.  One of ordinary skill in the art would have been motivated to combine or modify the Tell Patent in this manner for the reasons explained in Section IV.A and also because the Tell Patent and the above-referenced prior art from Appendices D and R are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Tell Patent to have a mobile unit verify when it last provided its location information to a communication system, as described by the prior art from Appendix M, including, for example, U.S. Patent Publication No. 2003/0101225 to Han; U.S. Patent Publication No. 2009/0098857 to De Atley; W.O Publication No.

1   2001/031965 to Willehadson; U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No.

2   7,277,714 to Mikan; U.S. Patent No. 7,643,834 to Ioppe; U.S. Patent No. 8,023,958

3   to Wang;  U.S. Patent No. 5,365,451 to Wang et al.  One of ordinary skill in the art

4   would have been motivated to combine or modify the Tell Patent in this manner for

5   the reasons explained in Section IV.A and also because the Tell Patent and the

6   above-referenced prior art from Appendix M are all directed towards wireless

7   location determining and/or reporting technology.

8        As described above, one of ordinary skill in the art would not have limited

9   himself to a specific technology when making modifications or improvements to

10  the Tell Patent, but would have modified the Tell Patent with concepts from other

11  wireless location and/or wireless communication solutions of the time.  This would

12  have been a result of ordinary innovation, ordinary skill, and common sense and

13  would have been obvious to try and predictable.  Moreover, design incentives and

14  other market forces would have prompted those endeavors.

15       **4.     U.S. Patent No. 6,199,045 (Giniger et al.)**

16       U.S. Patent No. 6,199,045 to Giniger et al., entitled "Method and Apparatus

17  for Providing Position-Related Information to Mobile Recipients," issued on March

18  6, 2001 (the "Giniger Patent").  The Giniger Patent is entitled to a priority date at

19  least as early as August 15, 1996.  The Giniger Patent qualifies as prior art under at

20  least 35 U.S.C. § 102(e).  The chart attached as Exhibit 20 provides examples of

21  where the Giniger Patent discloses, either expressly or inherently, each element of

22  the Asserted Claims, thereby anticipating those claims.

23       To the extent Plaintiff asserts that the Giniger Patent does not anticipate the

24  Asserted Claims, it would have been obvious to combine or modify the Giniger

25  Patent with concepts from other prior art such as, for example, other prior art

26  identified in Section IV and/or Appendices A-R, to render the Asserted Claims

27  invalid, because all of that prior art relates to wireless location and/or wireless

28  communication technology.

For example, it would have been obvious to combine or modify the Giniger Patent to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. It would also have been obvious to combine or modify the Giniger Patent to use the methods of authentication described by the prior art from Appendix R, including, for example, U.S. Patent No. 7,643,834 to Ioppe, U.S. Patent No. 8,023,958 to Wang, W.O Publication No. 2001/031965 to Willehadson, U.S. Patent Publication No. 2009/0098857 to De Atley, and W.O. Publication No. 2002/017567 to Spaargaren.  One of ordinary skill in the art would have been motivated to combine or modify the Giniger Patent in this manner for the reasons explained in Section IV.A and also because the Giniger Patent and the above-referenced prior art from Appendices D and R are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Giniger Patent to have a mobile unit verify when it last provided its location information to a communication system, as described by the prior art from

1   Appendix M, including, for example, U.S. Patent Publication No. 2003/0101225 to

2   Han; U.S. Patent Publication No. 2009/0098857 to De Atley; W.O Publication No.

3   2001/031965 to Willehadson; U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No.

4   7,277,714 to Mikan; U.S. Patent No. 7,643,834 to Ioppe; U.S. Patent No. 8,023,958

5   to Wang;  U.S. Patent No. 5,365,451 to Wang et al.  One of ordinary skill in the art

6   would have been motivated to combine or modify the Giniger Patent in this manner

7   for the reasons explained in Section IV.A and also because the Giniger Patent and

8   the above-referenced prior art from Appendix M are all directed towards wireless

9   location determining and/or reporting technology.

10       As another example, it would have been obvious to combine or modify the

11   Giniger Patent to use a time stamp to verify that a predetermined period of time has

12   lapsed since the location information of a mobile unit was last updated, as described

13   by the prior art from Appendix O, including, for example, U.S. Patent No.

14   7,970,415 to Mikan; U.S. Patent No. 7,277,714 to Mikan; U.S. Patent No.

15   7,643,834 to Ioppe; W.O. Publication No. 2002/017567 A3R4 to Spaargaren; U.S.

16   Patent No. 5,774,802 to Tell et al.; U.S. Patent No. 5,365,451 to Wang et al.; U.S.

17   Patent No. 5,732,387 to Armbruster et al.; and Yi-Bing Lin, "Determining the User

18   Locations for Personal Communications Services Networks," IEEE Transactions on

19   Vehicular Technology, Vol. 43, August 1994.  One of ordinary skill in the art

20   would have been motivated to combine or modify the Giniger Patent in this manner

21   for the reasons explained in Section IV.A and also because the Giniger Patent and

22   the above-referenced prior art from Appendix O are all directed towards wireless

23   location determining and/or reporting technology.

24       As described above, one of ordinary skill in the art would not have limited

25   himself to a specific technology when making modifications or improvements to

26   the Giniger Patent, but would have modified the Giniger Patent with concepts from

27   other wireless location and/or wireless communication solutions of the time.  This

28   would have been a result of ordinary innovation, ordinary skill, and common sense

1 and would have been obvious to try and predictable. Moreover, design incentives

2 and other market forces would have prompted those endeavors.

3 **5. U.S. Patent No. 6,486,794 (Calistro et al.)**

4 U.S. Patent No. 6,486,794 to Calistro et al., entitled "Method of Locating a

5 Subscriber Unit Within the Coverage Area of a Communication System," issued on

6 November 26, 2002 (the "Calistro Patent"). The Calistro Patent is entitled to a

7 priority date at least as early as February 26, 1996. The Calistro Patent qualifies as

8 prior art under at least 35 U.S.C. § 102(e). The chart attached as Exhibit 21

9 provides examples of where the Calistro Patent discloses, either expressly or

10 inherently, each element of the Asserted Claims, thereby anticipating those claims.

11 To the extent Plaintiff asserts that the Calistro Patent does not anticipate the

12 Asserted Claims, it would have been obvious to combine or modify the Calistro

13 Patent with concepts from other prior art such as, for example, other prior art

14 identified in Section IV and/or Appendices A-R, to render the Asserted Claims

15 invalid, because all of that prior art relates to wireless location and/or wireless

16 communication technology.

17 For example, it would have been obvious to combine or modify the Calistro

18 Patent to use the methods of authentication described by the prior art from

19 Appendix D, including, for example, The ATIS Solution; U.S. Patent No.

20 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No.

21 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S.

22 Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et

23 al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to

24 Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070

25 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No.

26 6,360,102 to Havinis et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent

27 No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et

28 al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent

1   Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural
2   Considerations for Scalable, Secure, Mobile Computing with Location
3   Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.
4   It would also have been obvious to combine or modify the Calistro Patent to use the
5   methods of authentication described by the prior art from Appendix R, including,
6   for example, U.S. Patent No. 7,643,834 to Ioppe, U.S. Patent No. 8,023,958 to
7   Wang, W.O Publication No. 2001/031965 to Willehadson, U.S. Patent Publication
8   No. 2009/0098857 to De Atley, and W.O. Publication No. 2002/017567 to
9   Spaargaren.  One of ordinary skill in the art would have been motivated to combine
10  or modify the Calistro Patent in this manner for the reasons explained in Section
11  IV.A and also because the Calistro Patent and the above-referenced prior art from
12  Appendices D and R are all directed towards wireless location determining and/or
13  reporting technology.

14          As another example, it would have been obvious to combine or modify the
15  Calistro Patent to have a mobile unit verify when it last provided its location
16  information to a communication system, as described by the prior art from
17  Appendix M, including, for example, U.S. Patent Publication No. 2003/0101225 to
18  Han; U.S. Patent Publication No. 2009/0098857 to De Atley; W.O Publication No.
19  2001/031965 to Willehadson; U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No.
20  7,277,714 to Mikan; U.S. Patent No. 7,643,834 to Ioppe; U.S. Patent No. 8,023,958
21  to Wang;  U.S. Patent No. 5,365,451 to Wang et al.  One of ordinary skill in the art
22  would have been motivated to combine or modify the Calistro Patent in this manner
23  for the reasons explained in Section IV.A and also because the Calistro Patent and
24  the above-referenced prior art from Appendix M are all directed towards wireless
25  location determining and/or reporting technology.

26          As another example, it would have been obvious to combine or modify the
27  Calistro Patent to determine when the location information of a mobile unit has not
28  been established for a period of time, as described by the prior art from Appendix

N, including, for example, U.S. Patent No. 8,023,958 to Wang; U.S. Patent Publication No. 2003/0101225 to Han; W.O Publication No. 2001/031965 to Willehadson; U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No. 7,277,714 to Mikan; U.S. Patent No. 7,643,834 to Ioppe; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Patent No. 5,365,451 to Wang et al.; U.S. Patent No. 5,732,387 to Armbruster et al.; and Yi-Bing Lin, "Determining the User Locations for Personal Communications Services Networks," IEEE Transactions on Vehicular Technology, Vol. 43, August 1994. One of ordinary skill in the art would have been motivated to combine or modify the Calistro Patent in this manner for the reasons explained in Section IV.A and also because the Calistro Patent and the above-referenced prior art from Appendix N are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Calistro Patent to use a time stamp to verify that a predetermined period of time has lapsed since the location information of a mobile unit was last updated, as described by the prior art from Appendix O, including, for example, U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No. 7,277,714 to Mikan; U.S. Patent No. 7,643,834 to Ioppe; W.O. Publication No. 2002/017567 A3R4 to Spaargaren; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Patent No. 5,365,451 to Wang et al.; U.S. Patent No. 5,732,387 to Armbruster et al.; and Yi-Bing Lin, "Determining the User Locations for Personal Communications Services Networks," IEEE Transactions on Vehicular Technology, Vol. 43, August 1994. One of ordinary skill in the art would have been motivated to combine or modify the Calistro Patent in this manner for the reasons explained in Section IV.A and also because the Calistro Patent and the above-referenced prior art from Appendix O are all directed towards wireless location determining and/or reporting technology.

1      As another example, it would have been obvious to combine or modify the

2  Calistro Patent to request that the location information of a mobile unit be

3  established after verifying when the mobile unit last provided its location

4  information, as described by the prior art from Appendix P, including, for example,

5  U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.;

6  U.S. Patent No. 5,365,451 to Wang et al.; U.S. Patent No. 5,732,387 to Armbruster

7  et al.; U.S. Patent No. 8,023,958 to Wang et al.; W.O. Publication No. 2002/017567

8  A3R4 to Spaargaren; and U.S. Patent Publication No. 2003/0101225 to Han et al.

9  One of ordinary skill in the art would have been motivated to combine or modify

10 the Calistro Patent in this manner for the reasons explained in Section IV.A and

11 also because the Calistro Patent and the above-referenced prior art from Appendix

12 P are all directed towards wireless location determining and/or reporting

13 technology.

14      As described above, one of ordinary skill in the art would not have limited

15 himself to a specific technology when making modifications or improvements to

16 the Calistro Patent, but would have modified the Calistro Patent with concepts from

17 other wireless location and/or wireless communication solutions of the time.  This

18 would have been a result of ordinary innovation, ordinary skill, and common sense

19 and would have been obvious to try and predictable.  Moreover, design incentives

20 and other market forces would have prompted those endeavors.

21                    **6.    The Lin Article**

22      The publication by Yi-Bing Lin, entitled "Determining the User Locations

23 for Personal Communications Services Networks," was published in August of

24 1994 in volume 43 of the IEEE Transactions on Vehicular Technology (the "Lin

25 Article").  The Lin Article qualifies as prior art under at least 35 U.S.C. §§ 102(a)

26 and (b).  The chart attached as Exhibit 22 provides examples of where the Lin

27 Article discloses, either expressly or inherently, each element of the Asserted

28 Claims, thereby anticipating those claims.

To the extent Plaintiff asserts that the Lin Article does not anticipate the Asserted Claims, it would have been obvious to combine or modify the Lin Article with concepts from other prior art such as, for example, other prior art identified in Section IV and/or Appendices A-R, to render the Asserted Claims invalid, because all of that prior art relates to wireless location and/or wireless communication technology.

For example, it would have been obvious to combine or modify the Lin Article to receive a request for location information, as described by the prior art from Appendix A, including, for example, U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 5,625,668 to Loomis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. One of ordinary skill in the art would have been motivated to combine or modify the Lin Article in this manner for the reasons explained in Section IV.A and also because the Lin Article and the above-referenced prior art from Appendix A are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Lin Article to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No.

5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,486,794 to Calistro, et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. It would also have been obvious to combine or modify the Lin Article to use the methods of authentication described by the prior art from Appendix R, including, for example, U.S. Patent No. 7,643,834 to Ioppe, U.S. Patent No. 8,023,958 to Wang, W.O Publication No. 2001/031965 to Willehadson, U.S. Patent Publication No. 2009/0098857 to De Atley, and W.O. Publication No. 2002/017567 to Spaargaren.    One of ordinary skill in the art would have been motivated to combine or modify the Lin Article in this manner for the reasons explained in Section IV.A and also because the Lin Article and the above-referenced prior art from Appendices D and R are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Lin Article to have a mobile unit verify when it last provided its location information to a communication system, as described by the prior art from Appendix M, including, for example, U.S. Patent Publication No. 2003/0101225 to Han; U.S. Patent Publication No. 2009/0098857 to De Atley; W.O Publication No. 2001/031965 to Willehadson; U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No. 7,277,714 to Mikan; U.S. Patent No. 7,643,834 to Ioppe; U.S. Patent No. 8,023,958

to Wang;  U.S. Patent No. 5,365,451 to Wang et al.  One of ordinary skill in the art would have been motivated to combine or modify the Lin Article in this manner for the reasons explained in Section IV.A and also because the Lin Article and the above-referenced prior art from Appendix M are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Lin Article to request that the location information of a mobile unit be established after verifying when the mobile unit last provided its location information, as described by the prior art from Appendix P, including, for example, U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Patent No. 5,365,451 to Wang et al.; U.S. Patent No. 5,732,387 to Armbruster et al.; U.S. Patent No. 8,023,958 to Wang et al.; W.O. Publication No. 2002/017567 A3R4 to Spaargaren; and U.S. Patent Publication No. 2003/0101225 to Han et al.  One of ordinary skill in the art would have been motivated to combine or modify the Lin Article in this manner for the reasons explained in Section IV.A and also because the Lin Article and the above-referenced prior art from Appendix P are all directed towards wireless location determining and/or reporting technology.

As described above, one of ordinary skill in the art would not have limited himself to a specific technology when making modifications or improvements to the Lin Article, but would have modified the Lin Article with concepts from other wireless location and/or wireless communication solutions of the time.  This would have been a result of ordinary innovation, ordinary skill, and common sense and would have been obvious to try and predictable.  Moreover, design incentives and other market forces would have prompted those endeavors.

### 7.     U.S. Patent No. 7,277,714 (Mikan et al.)

U.S. Patent No. 7,277,714 to Mikan et al., entitled "Location Caching and Extrapolation Based on Speed," issued on October 2, 2007 (the "Mikan Patent I").  The Mikan Patent I is entitled to a priority date at least as early as August 3, 2005.

108

1    The Mikan Patent I qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (e).

2    The chart attached as Exhibit 29 provides examples of where the Mikan Patent I

3    discloses, either expressly or inherently, each element of the Asserted Claims,

4    thereby anticipating those claims.

5         To the extent Plaintiff asserts that the Mikan Patent I does not anticipate the

6    Asserted Claims, it would have been obvious to combine or modify the Mikan

7    Patent I with concepts from other prior art such as, for example, other prior art

8    identified in Section IV and/or Appendices A-R, to render the Asserted Claims

9    invalid, because all of that prior art relates to wireless location and/or wireless

10   communication technology.

11        For example, it would have been obvious to combine or modify the Mikan

12   Patent I to use the methods of authentication described by the prior art from

13   Appendix D, including, for example, The ATIS Solution; U.S. Patent No.

14   5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No.

15   5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S.

16   Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et

17   al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to

18   Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070

19   to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No.

20   6,360,102 to Havinis et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent

21   No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et

22   al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent

23   Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural

24   Considerations for Scalable, Secure, Mobile Computing with Location

25   Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994.

26   It would also have been obvious to combine or modify the Mikan Patent I to use the

27   methods of authentication described by the prior art from Appendix R, including,

28   for example, U.S. Patent No. 7,643,834 to Ioppe, U.S. Patent No. 8,023,958 to

Wang, W.O Publication No. 2001/031965 to Willehadson, U.S. Patent Publication No. 2009/0098857 to De Atley, and W.O. Publication No. 2002/017567 to Spaargaren.   One of ordinary skill in the art would have been motivated to combine or modify the Mikan Patent I in this manner for the reasons explained in Section IV.A and also because the Mikan Patent I and the above-referenced prior art from Appendices D and R are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Mikan Patent I to request that the location information of a mobile unit be established after verifying when the mobile unit last provided its location information, as described by the prior art from Appendix P, including, for example, U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Patent No. 5,365,451 to Wang et al.; U.S. Patent No. 5,732,387 to Armbruster et al.; U.S. Patent No. 8,023,958 to Wang et al.; W.O. Publication No. 2002/017567 A3R4 to Spaargaren; and U.S. Patent Publication No. 2003/0101225 to Han et al. One of ordinary skill in the art would have been motivated to combine or modify the Mikan Patent I in this manner for the reasons explained in Section IV.A and also because the Mikan Patent I and the above-referenced prior art from Appendix P are all directed towards wireless location determining and/or reporting technology.

As described above, one of ordinary skill in the art would not have limited himself to a specific technology when making modifications or improvements to the Mikan Patent I, but would have modified the Mikan Patent I with concepts from other wireless location and/or wireless communication solutions of the time.  This would have been a result of ordinary innovation, ordinary skill, and common sense and would have been obvious to try and predictable.  Moreover, design incentives and other market forces would have prompted those endeavors.

### 8.    U.S. Patent No. 7,970,415 (Mikan et al.)

U.S. Patent No. 7,970,415 to Mikan et al., entitled "Location Caching with Expiration Based on Location," issued on June 28, 2011 (the "Mikan Patent II"). The Mikan Patent II is entitled to a priority date at least as early as August 3, 2005. The Mikan Patent II qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (e). The chart attached as Exhibit 30 provides examples of where the Mikan Patent II discloses, either expressly or inherently, each element of the Asserted Claims, thereby anticipating those claims.

To the extent Plaintiff asserts that the Mikan Patent II does not anticipate the Asserted Claims, it would have been obvious to combine or modify the Mikan Patent II with concepts from other prior art such as, for example, other prior art identified in Section IV and/or Appendices A-R, to render the Asserted Claims invalid, because all of that prior art relates to wireless location and/or wireless communication technology.

For example, it would have been obvious to combine or modify the Mikan Patent II to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations    for    Scalable,    Secure,    Mobile    Computing    with    Location

Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. It would also have been obvious to combine or modify the Mikan Patent II to use the methods of authentication described by the prior art from Appendix R, including, for example, U.S. Patent No. 7,643,834 to Ioppe, U.S. Patent No. 8,023,958 to Wang, W.O Publication No. 2001/031965 to Willehadson, U.S. Patent Publication No. 2009/0098857 to De Atley, and W.O. Publication No. 2002/017567 to Spaargaren.    One of ordinary skill in the art would have been motivated to combine or modify the Mikan Patent II in this manner for the reasons explained in Section IV.A and also because the Mikan Patent II and the above-referenced prior art from Appendices D and R are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Mikan Patent II to request that the location information of a mobile unit be established after verifying when the mobile unit last provided its location information, as described by the prior art from Appendix P, including, for example, U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Patent No. 5,365,451 to Wang et al.; U.S. Patent No. 5,732,387 to Armbruster et al.; U.S. Patent No. 8,023,958 to Wang et al.; W.O. Publication No. 2002/017567 A3R4 to Spaargaren; and U.S. Patent Publication No. 2003/0101225 to Han et al. One of ordinary skill in the art would have been motivated to combine or modify the Mikan Patent II in this manner for the reasons explained in Section IV.A and also because the Mikan Patent II and the above-referenced prior art from Appendix P are all directed towards wireless location determining and/or reporting technology.

As described above, one of ordinary skill in the art would not have limited himself to a specific technology when making modifications or improvements to the Mikan Patent II, but would have modified the Mikan Patent II with concepts from other wireless location and/or wireless communication solutions of the time.

1    This would have been a result of ordinary innovation, ordinary skill, and common

2    sense and would have been obvious to try and predictable.   Moreover, design

3    incentives and other market forces would have prompted those endeavors.

4              **9.    U.S. Patent No. 7,643,834 (Ioppe et al.)**

5         U.S. Patent No. 7,643,834 to Ioppe et al., entitled "System for Providing

6    Alert-Based Services to Mobile Stations in a Wireless Communications Network,"

7    issued on January 5, 2010 (the "Ioppe Patent").   The Ioppe Patent is entitled to a

8    priority date at least as early as July 16, 2001.   The Ioppe Patent qualifies as prior

9    art under at least 35 U.S.C. §§ 102(a), (b), and (e).   The chart attached as Exhibit 31

10   provides examples of where the Ioppe Patent discloses, either expressly or

11   inherently, each element of the Asserted Claims, thereby anticipating those claims.

12        To the extent Plaintiff asserts that the Ioppe Patent does not anticipate the

13   Asserted Claims, it would have been obvious to combine or modify the Ioppe

14   Patent with concepts from other prior art such as, for example, other prior art

15   identified in Section IV and/or Appendices A-R, to render the Asserted Claims

16   invalid, because all of that prior art relates to wireless location and/or wireless

17   communication technology.

18        For example, it would have been obvious to combine or modify the Ioppe

19   Patent to use the methods of authentication described by the prior art from

20   Appendix D, including, for example, The ATIS Solution; U.S. Patent No.

21   5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No.

22   5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S.

23   Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et

24   al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to

25   Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070

26   to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No.

27   6,360,102 to Havinis et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent

28   No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et

al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. It would also have been obvious to combine or modify the Ioppe Patent to use the methods of authentication described by the prior art from Appendix R, including, for example, U.S. Patent No. 8,023,958 to Wang, W.O Publication No. 2001/031965 to Willehadson, U.S. Patent Publication No. 2009/0098857 to De Atley, and W.O. Publication No. 2002/017567 to Spaargaren.    One of ordinary skill in the art would have been motivated to combine or modify the Ioppe Patent in this manner for the reasons explained in Section IV.A and also because the Ioppe Patent and the above-referenced prior art from Appendices D and R are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Ioppe Patent to request that the location information of a mobile unit be established after verifying when the mobile unit last provided its location information, as described by the prior art from Appendix P, including, for example, U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Patent No. 5,365,451 to Wang et al.; U.S. Patent No. 5,732,387 to Armbruster et al.; U.S. Patent No. 8,023,958 to Wang et al.; W.O. Publication No. 2002/017567 A3R4 to Spaargaren; and U.S. Patent Publication No. 2003/0101225 to Han et al.  One of ordinary skill in the art would have been motivated to combine or modify the Ioppe Patent in this manner for the reasons explained in Section IV.A and also because the Ioppe Patent and the above-referenced prior art from Appendix P are all directed towards wireless location determining and/or reporting technology.

As described above, one of ordinary skill in the art would not have limited himself to a specific technology when making modifications or improvements to the Ioppe Patent, but would have modified the Ioppe Patent with concepts from

1   other wireless location and/or wireless communication solutions of the time.  This

2   would have been a result of ordinary innovation, ordinary skill, and common sense

3   and would have been obvious to try and predictable.  Moreover, design incentives

4   and other market forces would have prompted those endeavors.

5   ### 10.   U.S. Patent No. 8,023,958 (Wang et al.)

6   U.S. Patent No. 8,023,958 to Wang et al., entitled "User Plane-Based

7   Location Services (LCS) System, Method and Appartus," issued on September 20,

8   2011 (the "Wang Patent").  The Wang Patent is entitled to a priority date at least as

9   early as March 5, 2003.  The Wang Patent qualifies as prior art under at least 35

10  U.S.C. §§ 102(a), (b), and (e).  The chart attached as Exhibit 32 provides examples

11  of where the Wang Patent discloses, either expressly or inherently, each element of

12  the Asserted Claims, thereby anticipating those claims.

13  To the extent Plaintiff asserts that the Wang Patent does not anticipate the

14  Asserted Claims, it would have been obvious to combine or modify the Wang

15  Patent with concepts from other prior art such as, for example, other prior art

16  identified in Section IV and/or Appendices A-R, to render the Asserted Claims

17  invalid, because all of that prior art relates to wireless location and/or wireless

18  communication technology.

19  For example, it would have been obvious to combine or modify the Wang

20  Patent to use the methods of authentication described by the prior art from

21  Appendix D, including, for example, The ATIS Solution; U.S. Patent No.

22  5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No.

23  5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S.

24  Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et

25  al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to

26  Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070

27  to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No.

28  6,360,102 to Havinis et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent

No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. It would also have been obvious to combine or modify the Wang Patent to use the methods of authentication described by the prior art from Appendix R, including, for example, U.S. Patent No. 7,643,834 to Ioppe, W.O Publication No. 2001/031965 to Willehadson, U.S. Patent Publication No. 2009/0098857 to De Atley, and W.O. Publication No. 2002/017567 to Spaargaren.  One of ordinary skill in the art would have been motivated to combine or modify the Wang Patent in this manner for the reasons explained in Section IV.A and also because the Wang Patent and the above-referenced prior art from Appendices D and R are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Wang Patent to use a time stamp to verify that a predetermined period of time has lapsed since the location information of a mobile unit was last updated, as described by the prior art from Appendix O, including, for example, U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No. 7,277,714 to Mikan; U.S. Patent No. 7,643,834 to Ioppe; W.O. Publication No. 2002/017567 A3R4 to Spaargaren; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Patent No. 5,365,451 to Wang et al.; U.S. Patent No. 5,732,387 to Armbruster et al.; and Yi-Bing Lin, "Determining the User Locations for Personal Communications Services Networks," IEEE Transactions on Vehicular Technology, Vol. 43, August 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Wang Patent in this manner for the reasons explained in Section IV.A and also because the Wang Patent and the above-referenced prior art from Appendix O are all directed towards wireless location determining and/or reporting technology.

As described above, one of ordinary skill in the art would not have limited himself to a specific technology when making modifications or improvements to the Wang Patent, but would have modified the Wang Patent with concepts from other wireless location and/or wireless communication solutions of the time.  This would have been a result of ordinary innovation, ordinary skill, and common sense and would have been obvious to try and predictable.  Moreover, design incentives and other market forces would have prompted those endeavors.

### 11.   W.O. Publication No. 2002/017567 (Spaargaren et al.)

W.O. Publication No. 2002/017567 A3R4 to Spaargaren entitled "Wireless Communications System with Location-Dependent Services" (the "Spaargaren Publication").  The Spaargaren Publication is entitled to a priority date at least as early as August 28, 2001.  The Spaargaren Publication qualifies as prior art under at least 35 U.S.C. §§ 102(a) and (b).  The chart attached as Exhibit 33 provides examples of where the Spaargaren Publication discloses, either expressly or inherently, each element of the Asserted Claims, thereby anticipating those claims.

To the extent Plaintiff asserts that the Spaargaren Publication does not anticipate the Asserted Claims, it would have been obvious to combine or modify the Spaargaren Publication with concepts from other prior art such as, for example, other prior art identified in Section IV and/or Appendices A-R, to render the Asserted Claims invalid, because all of that prior art relates to wireless location and/or wireless communication technology.

For example, it would have been obvious to combine or modify the Spaargaren Publication to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to

117

Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. It would also have been obvious to combine or modify the Spaargaren Publication to use the methods of authentication described by the prior art from Appendix R, including, for example, U.S. Patent No. 7,643,834 to Ioppe, U.S. Patent No. 8,023,958 to Wang, W.O Publication No. 2001/031965 to Willehadson, and U.S. Patent Publication No. 2009/0098857 to De Atley.  One of ordinary skill in the art would have been motivated to combine or modify the Spaargaren Publication in this manner for the reasons explained in Section IV.A and also because the Spaargaren Publication and the above-referenced prior art from Appendices D and R are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Spaargaren Publication to have a mobile unit verify when it last provided its location information to a communication system, as described by the prior art from Appendix M, including, for example, U.S. Patent Publication No. 2003/0101225 to Han; U.S. Patent Publication No. 2009/0098857 to De Atley; W.O Publication No. 2001/031965 to Willehadson; U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No. 7,277,714 to Mikan; U.S. Patent No. 7,643,834 to Ioppe; U.S. Patent No. 8,023,958 to Wang;  U.S. Patent No. 5,365,451 to Wang et al.  One of ordinary skill in the art would have been motivated to combine or modify the Spaargaren Publication in this manner for the reasons explained in Section IV.A and also because the

1  Spaargaren Publication and the above-referenced prior art from Appendix M are all

2  directed towards wireless location determining and/or reporting technology.

3      As another example, it would have been obvious to combine or modify the

4  Spaargaren Publication to determine when the location information of a mobile unit

5  has not been established for a period of time, as described by the prior art from

6  Appendix N, including, for example, U.S. Patent No. 8,023,958 to Wang; U.S.

7  Patent Publication No. 2003/0101225 to Han; W.O Publication No. 2001/031965 to

8  Willehadson; U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No. 7,277,714 to

9  Mikan; U.S. Patent No. 7,643,834 to Ioppe;  U.S. Patent No. 6,199,045 to Giniger

10  et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Patent No. 5,365,451 to Wang

11  et al.; U.S. Patent No. 5,732,387 to Armbruster et al.; and Yi-Bing Lin,

12  "Determining the User Locations for Personal Communications Services

13  Networks," IEEE Transactions on Vehicular Technology, Vol. 43, August 1994.

14  One of ordinary skill in the art would have been motivated to combine or modify

15  the Spaargaren Publication in this manner for the reasons explained in Section IV.A

16  and also because the Spaargaren Publication and the above-referenced prior art

17  from Appendix N are all directed towards wireless location determining and/or

18  reporting technology.

19      As another example, it would have been obvious to combine or modify the

20  Spaargaren Publication to use a time stamp to verify that a predetermined period of

21  time has lapsed since the location information of a mobile unit was last updated, as

22  described by the prior art from Appendix O, including, for example, U.S. Patent

23  No. 7,970,415 to Mikan; U.S. Patent No. 7,277,714 to Mikan; U.S. Patent No.

24  7,643,834 to Ioppe; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Patent No.

25  5,365,451 to Wang et al.; U.S. Patent No. 5,732,387 to Armbruster et al.; and Yi-

26  Bing Lin, "Determining the User Locations for Personal Communications Services

27  Networks," IEEE Transactions on Vehicular Technology, Vol. 43, August 1994.

28  One of ordinary skill in the art would have been motivated to combine or modify

1    the Spaargaren Publication in this manner for the reasons explained in Section IV.A

2    and also because the Spaargaren Publication and the above-referenced prior art

3    from Appendix O are all directed towards wireless location determining and/or

4    reporting technology.

5         As described above, one of ordinary skill in the art would not have limited

6    himself to a specific technology when making modifications or improvements to

7    the Spaargaren Publication, but would have modified the Spaargaren Publication

8    with concepts from other wireless location and/or wireless communication

9    solutions of the time.  This would have been a result of ordinary innovation,

10   ordinary skill, and common sense and would have been obvious to try and

11   predictable.  Moreover, design incentives and other market forces would have

12   prompted those endeavors.

13        **12.    W.O. Publication No. 2001/031965 (Willehadson et al.)**

14        W.O. Publication 2001/031965 by Willehadson et al., entitled "Multiple

15   Source Location Method" (the "Willehadson Publication").  The Willehadson

16   Publication is entitled to a priority date at least as early as October 30, 2000.  The

17   Willehadson Publication qualifies as prior art under at least 35 U.S.C. §§ 102(a)

18   and (b).  The chart attached as Exhibit 34 provides examples of where the

19   Willehadson Publication discloses, either expressly or inherently, each element of

20   the Asserted Claims, thereby anticipating those claims.

21        To the extent Plaintiff asserts that the Willehadson Publication does not

22   anticipate the Asserted Claims, it would have been obvious to combine or modify

23   the Willehadson Publication with concepts from other prior art such as, for

24   example, other prior art identified in Section IV and/or Appendices A-R, to render

25   the Asserted Claims invalid, because all of that prior art relates to wireless location

26   and/or wireless communication technology.

27        For example, it would have been obvious to combine or modify the

28   Willehadson Publication to use the methods of authentication described by the prior

art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. It would also have been obvious to combine or modify the Willehadson Publication to use the methods of authentication described by the prior art from Appendix R, including, for example, U.S. Patent No. 7,643,834 to Ioppe, U.S. Patent No. 8,023,958 to Wang, U.S. Patent Publication No. 2009/0098857 to De Atley, and W.O. Publication No. 2002/017567 to Spaargaren.   One of ordinary skill in the art would have been motivated to combine or modify the Willehadson Publication in this manner for the reasons explained in Section IV.A and also because the Willehadson Publication and the above-referenced prior art from Appendices D and R are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Willehadson Publication to use a time stamp to verify that a predetermined period of time has lapsed since the location information of a mobile unit was last updated, as described by the prior art from Appendix O, including, for example, U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No. 7,277,714 to Mikan; U.S. Patent No.

1   7,643,834 to Ioppe; W.O. Publication No. 2002/017567 A3R4 to Spaargaren; U.S.

2   Patent No. 5,774,802 to Tell et al.; U.S. Patent No. 5,365,451 to Wang et al.; U.S.

3   Patent No. 5,732,387 to Armbruster et al.; and Yi-Bing Lin, "Determining the User

4   Locations for Personal Communications Services Networks," IEEE Transactions on

5   Vehicular Technology, Vol. 43, August 1994.   One of ordinary skill in the art

6   would have been motivated to combine or modify the Willehadson Publication in

7   this manner for the reasons explained in Section IV.A and also because the

8   Willehadson Publication and the above-referenced prior art from Appendix O are

9   all directed towards wireless location determining and/or reporting technology.

10       As another example, it would have been obvious to combine or modify the

11  Willehadson Publication to request that the location information of a mobile unit be

12  established after verifying when the mobile unit last provided its location

13  information, as described by the prior art from Appendix P, including, for example,

14  U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.;

15  U.S. Patent No. 5,365,451 to Wang et al.; U.S. Patent No. 5,732,387 to Armbruster

16  et al.; U.S. Patent No. 8,023,958 to Wang et al.; W.O. Publication No. 2002/017567

17  A3R4 to Spaargaren; and U.S. Patent Publication No. 2003/0101225 to Han et al.

18  One of ordinary skill in the art would have been motivated to combine or modify

19  the Willehadson Publication in this manner for the reasons explained in Section

20  IV.A and also because the Willehadson Publication and the above-referenced prior

21  art from Appendix P are all directed towards wireless location determining and/or

22  reporting technology.

23       As described above, one of ordinary skill in the art would not have limited

24  himself to a specific technology when making modifications or improvements to

25  the Willehadson Publication, but would have modified the Willehadson Publication

26  with concepts from other wireless location and/or wireless communication

27  solutions of the time.   This would have been a result of ordinary innovation,

28  ordinary skill, and common sense and would have been obvious to try and

predictable.   Moreover, design incentives and other market forces would have prompted those endeavors.

### 13.   U.S. Publication No. 2003/0101225 (Han et al.)

U.S. Patent Publication No. 2003/0101225 of Han et al., entitled "Method and System for Providing Location-Based Event Service," (the "Han Patent Publication").   The Han Patent Publication is entitled to a priority date at least as early as November 27, 2001.   The Han Patent Publication qualifies as prior art under at least 35 U.S.C. § 102(a), (b), and (e).   The chart attached as Exhibit 35 provides examples of where the Han Patent Publication discloses, either expressly or inherently, each element of the Asserted Claims, thereby anticipating those claims.

To the extent Plaintiff asserts that the Han Patent Publication does not anticipate the Asserted Claims, it would have been obvious to combine or modify the Han Patent Publication with concepts from other prior art such as, for example, other prior art identified in Section IV and/or Appendices A-R, to render the Asserted Claims invalid, because all of that prior art relates to wireless location and/or wireless communication technology.

For example, it would have been obvious to combine or modify the Han Patent Publication to use the methods of authentication described by the prior art from Appendix D, including, for example, The ATIS Solution; U.S. Patent No. 5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No. 5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S. Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et

al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. It would also have been obvious to combine or modify the Han Patent Publication to use the methods of authentication described by the prior art from Appendix R, including, for example, U.S. Patent No. 7,643,834 to Ioppe, U.S. Patent No. 8,023,958 to Wang, W.O Publication No. 2001/031965 to Willehadson, U.S. Patent Publication No. 2009/0098857 to De Atley, and W.O. Publication No. 2002/017567 to Spaargaren.  One of ordinary skill in the art would have been motivated to combine or modify the Han Patent Publication in this manner for the reasons explained in Section IV.A and also because the Han Patent Publication and the above-referenced prior art from Appendices D and R are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the Han Patent Publication to use a time stamp to verify that a predetermined period of time has lapsed since the location information of a mobile unit was last updated, as described by the prior art from Appendix O, including, for example, U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No. 7,277,714 to Mikan; U.S. Patent No. 7,643,834 to Ioppe; W.O. Publication No. 2002/017567 A3R4 to Spaargaren; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Patent No. 5,365,451 to Wang et al.; U.S. Patent No. 5,732,387 to Armbruster et al.; and Yi-Bing Lin, "Determining the User Locations for Personal Communications Services Networks," IEEE Transactions on Vehicular Technology, Vol. 43, August 1994.  One of ordinary skill in the art would have been motivated to combine or modify the Han Patent Publication in this manner for the reasons explained in Section IV.A and also because the Han Patent Publication and the above-referenced prior art from Appendix O are all directed towards wireless location determining and/or reporting technology.

1    As described above, one of ordinary skill in the art would not have limited

2    himself to a specific technology when making modifications or improvements to

3    the Han Patent Publication, but would have modified the Han Patent Publication

4    with concepts from other wireless location and/or wireless communication

5    solutions of the time.   This would have been a result of ordinary innovation,

6    ordinary skill, and common sense and would have been obvious to try and

7    predictable.   Moreover, design incentives and other market forces would have

8    prompted those endeavors.

9    **14.    U.S. Publication No. 2009/0098857 (De Atley et al.)**

10    U.S. Patent Publication No. 2009/0098857 by De Atley entitled "Securely

11    Locating a Device," (the "De Atley Patent Publication").   The De Atley Patent

12    Publication is entitled to a priority date at least as early as October 10, 2007.   The

13    De Atley Patent Publication qualifies as prior art under at least 35 U.S.C. § 102(e).

14    The chart attached as Exhibit 36 provides examples of where the De Atley Patent

15    Publication discloses, either expressly or inherently, each element of the Asserted

16    Claims, thereby anticipating those claims.

17    To the extent Plaintiff asserts that the De Atley Patent Publication does not

18    anticipate the Asserted Claims, it would have been obvious to combine or modify

19    the De Atley Patent Publication with concepts from other prior art such as, for

20    example, other prior art identified in Section IV and/or Appendices A-R, to render

21    the Asserted Claims invalid, because all of that prior art relates to wireless location

22    and/or wireless communication technology.

23    For example, it would have been obvious to combine or modify the De Atley

24    Patent Publication to use the methods of authentication described by the prior art

25    from Appendix D, including, for example, The ATIS Solution; U.S. Patent No.

26    5,950,137 to Kim; U.S. Patent No. 6,169,902 to Kawamoto; U.S. Patent No.

27    5,963,866 to Palamara et al.; U.S. Patent No. 6,138,003 to Kingdon et al.; U.S.

28    Patent No. 6,442,391 to Johansson et al.; U.S. Patent No. 5,946,626 to Foladare et

al.; U.S. Patent No. 5,731,785 to Lemelson et al.; U.S. Patent No. 5,485,163 to Singer et al.; U.S. Patent No. 6,091,957 to Larkins et al.; U.S. Patent No. 5,564,070 to Want et al.; U.S. Patent No. 5,493,692 to Theimer et al.; U.S. Patent No. 6,360,102 to Havinis et al.; U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Application Serial No. 08/162,522 to Theimer et al.; International PCT Application No. PCT/US97/11656 to Boltz et al.; JP Patent Publication No. 6189359A to Michihiro; and Mike Spreitzer et al., "Architectural Considerations for Scalable, Secure, Mobile Computing with Location Information," IEEE Distributed Computing Systems Conference, June 21-24, 1994. It would also have been obvious to combine or modify the De Atley Patent Publication to use the methods of authentication described by the prior art from Appendix R, including, for example, U.S. Patent No. 7,643,834 to Ioppe, U.S. Patent No. 8,023,958 to Wang, W.O Publication No. 2001/031965 to Willehadson, and W.O. Publication No. 2002/017567 to Spaargaren.  One of ordinary skill in the art would have been motivated to combine or modify the De Atley Patent Publication in this manner for the reasons explained in Section IV.A and also because the De Atley Patent Publication and the above-referenced prior art from Appendices D and R are all directed towards wireless location determining and/or reporting technology.

As another example, it would have been obvious to combine or modify the De Atley Patent Publication to determine when the location information of a mobile unit has not been established for a period of time, as described by the prior art from Appendix N, including, for example, U.S. Patent No. 8,023,958 to Wang; U.S. Patent Publication No. 2003/0101225 to Han; W.O Publication No. 2001/031965 to Willehadson; U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No. 7,277,714 to Mikan; U.S. Patent No. 7,643,834 to Ioppe;  U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Patent No. 5,365,451 to Wang et al.; U.S. Patent No. 5,732,387 to Armbruster et al.; and Yi-Bing Lin,

1  "Determining the User Locations for Personal Communications Services

2  Networks," IEEE Transactions on Vehicular Technology, Vol. 43, August 1994.

3  One of ordinary skill in the art would have been motivated to combine or modify

4  the De Atley Patent Publication in this manner for the reasons explained in Section

5  IV.A and also because the De Atley Patent Publication and the above-referenced

6  prior art from Appendix N are all directed towards wireless location determining

7  and/or reporting technology.

8          As another example, it would have been obvious to combine or modify the

9  De Atley Patent Publication to use a time stamp to verify that a predetermined

10  period of time has lapsed since the location information of a mobile unit was last

11  updated, as described by the prior art from Appendix O, including, for example,

12  U.S. Patent No. 7,970,415 to Mikan; U.S. Patent No. 7,277,714 to Mikan; U.S.

13  Patent No. 7,643,834 to Ioppe; W.O. Publication No. 2002/017567 A3R4 to

14  Spaargaren; U.S. Patent No. 5,774,802 to Tell et al.; U.S. Patent No. 5,365,451 to

15  Wang et al.; U.S. Patent No. 5,732,387 to Armbruster et al.; and Yi-Bing Lin,

16  "Determining the User Locations for Personal Communications Services

17  Networks," IEEE Transactions on Vehicular Technology, Vol. 43, August 1994.

18  One of ordinary skill in the art would have been motivated to combine or modify

19  the De Atley Patent Publication in this manner for the reasons explained in Section

20  IV.A and also because the De Atley Patent Publication and the above-referenced

21  prior art from Appendix O are all directed towards wireless location determining

22  and/or reporting technology.

23          As another example, it would have been obvious to combine or modify the

24  De Atley Patent Publication to request that the location information of a mobile unit

25  be established after verifying when the mobile unit last provided its location

26  information, as described by the prior art from Appendix P, including, for example,

27  U.S. Patent No. 6,199,045 to Giniger et al.; U.S. Patent No. 5,774,802 to Tell et al.;

28  U.S. Patent No. 5,365,451 to Wang et al.; U.S. Patent No. 5,732,387 to Armbruster

et al.; U.S. Patent No. 8,023,958 to Wang et al.; W.O. Publication No. 2002/017567 A3R4 to Spaargaren; and U.S. Patent Publication No. 2003/0101225 to Han et al. One of ordinary skill in the art would have been motivated to combine or modify the De Atley Patent Publication in this manner for the reasons explained in Section IV.A and also because the De Atley Patent Publication and the above-referenced prior art from Appendix P are all directed towards wireless location determining and/or reporting technology.

As described above, one of ordinary skill in the art would not have limited himself to a specific technology when making modifications or improvements to the De Atley Patent Publication, but would have modified the De Atley Patent Publication with concepts from other wireless location and/or wireless communication solutions of the time. This would have been a result of ordinary innovation, ordinary skill, and common sense and would have been obvious to try and predictable. Moreover, design incentives and other market forces would have prompted those endeavors.

## V.   THE ASSERTED CLAIMS ARE INVALID UNDER 35 U.S.C. § 112 [P.R. 3-3(D)]

Pursuant to Patent Rule 3-3(d), Defendants provide the following grounds of invalidity of the Asserted Claims based on indefiniteness under 35 U.S.C. § 112, ¶ 2, and for lack of written description and/or enablement under 35 U.S.C. § 112, ¶ 1. Defendants reserve the right to supplement, modify, or otherwise amend their Amended Invalidity Contentions under 35 U.S.C. § 112, ¶¶ 1 and 2 based on a change in Plaintiff's apparent claim constructions, on Plaintiff's claim construction arguments, or on the Court's claim construction ruling when issued.

### A.   35 U.S.C. § 112, ¶ 2:  Indefiniteness

The Asserted Claims are each invalid for failure to comply with the definiteness requirement of 35 U.S.C. § 112, ¶ 2.  The Asserted Claims fail to

1  particularly point out and distinctly claim the subject matter which the Applicants

2  regarded as their alleged invention such that one skilled in the relevant art would be

3  reasonably apprised of the bounds of the Asserted Claims when read in light of the

4  specification of the Asserted Patents.  To the extent the below discussion focuses on

5  any asserted independent claims, the deficiencies which render the independent

6  claims invalid under § 112, ¶ 1 also infect and thus invalidate the claims depending

7  therefrom.

8      The phrase "receiving authorization at the network to block or divulge the

9  location of information the remote receiving unit from the remote receiving unit,"

10  as recited by Claim 13 of the '461 Patent, renders Claim 13 indefinite under 35

11  U.S.C. § 112, ¶ 2 because the scope of the phrase "the location of information the

12  remote receiving unit" is insolubly ambiguous.

13      The phrase "wherein the step of exposing the location disclosure information

14  (iii) may also include forwarding the specified location disclosure information to a

15  second communication node," as recited by Claim 19 of the '461 Patent, renders

16  Claim 19 indefinite under 35 U.S.C. § 112, ¶ 2 because it is insolubly ambiguous

17  whether the step of "forwarding the specified location disclosure information" is an

18  optional or mandatory step required by Claim 19.

19      The phrase "wherein the step of querying at the network for information

20  disclosure instruction for the mobile remote unit may further include transmitting

21  the identification of the source of request to the mobile remote receiving unit and

22  obtaining information disclosure instruction from the mobile remote receiving

23  unit," as recited by Claim 12 of the '461 Patent, renders Claim 12 indefinite under

24  35 U.S.C. § 112, ¶ 2 because it is insolubly ambiguous whether the step of

25  "transmitting the identification of the source of request to the mobile remote

26  receiving unit and obtaining information disclosure instruction from the mobile

27  remote receiving unit" is an optional or mandatory step required by Claim 12.

28

1    The phrase "at the network," as recited by Claims 1, 6, 11, 12, 13, 18, 19, 25,

2    and 28 of the '461 Patent, renders these claims indefinite under 35 U.S.C. § 112, ¶

3    2 because the scope of the phrase "at the network" is insolubly ambiguous.

4    The phrase "continuously tracked," as recited by Claims 1 and 6 of the '461

5    Patent, renders these claims indefinite under 35 U.S.C. § 112, ¶ 2 because the scope

6    of the phrase "continuously tracked" is insolubly ambiguous.

7    The phrase "wherein the location of the mobile is continuously tracked

8    within the system," as recited by Claim 6 of the '461 Patent, renders Claim 6

9    indefinite under 35 U.S.C. § 112, ¶ 2 because the scope of the phrase "the mobile"

10   is insolubly ambiguous.

11   The terms "pre-authorized," "preauthorized," and "preauthorizing," as recited

12   by Claims 1, 6, 11, 18, 25, and 28 of the '461 Patent, renders these claims indefinite

13   under 35 U.S.C. § 112, ¶ 2 because the scope of these terms is insolubly

14   ambiguous.

15   The phrase "exposing the location disclosure information (iii) at the

16   network," as recited by Claim 18 of the '461 Patent, renders Claim 18 indefinite

17   under 35 U.S.C. § 112, ¶ 2 because it is insolubly ambiguous as to how the location

18   disclosure information is "exposed."

19   The phrase "said establish mobile remote location information" and "said

20   establish mobile remote unit location information," as recited by Claim 25 of the

21   '461 Patent, render Claim 25 indefinite under 35 U.S.C. § 112, ¶ 2 because the

22   scope of these phrases is insolubly ambiguous.

23   The phrase "receiving a request to provide the location information of the

24   mobile remote unit to an authorized resource," as recited by Claim 1 of the '273

25   Patent, renders Claim 1 indefinite under 35 U.S.C. § 112, ¶ 2 because the scope of

26   the phrase "authorized resource" is insolubly ambiguous.

27   The phrase "determining that the location information of said mobile remote

28   unit has not been established within said communication system for a time after

said verification of (a)," as recited by Claim 1 of the '273 Patent, renders Claim 1 indefinite under 35 U.S.C. § 112, ¶ 2 because it is insolubly ambiguous whether the phrase "after said verification of (a)" refers to when the "determining" step is performed or refers to the time that the location information has not been established within the communication system.

The phrase "requesting that the location information of said mobile remote unit be established after said verification of (a) within said communication system," as recited by Claim 1 of the '273 Patent, renders Claim 1 indefinite under 35 U.S.C. § 112, ¶ 2 because it is insolubly ambiguous whether the "requesting" step may be performed after step (a) but before step (b) or whether it may only be performed after step (b).

The following phrases render the Asserted Claims in which those phrases appear indefinite under 35 U.S.C. § 112, ¶ 2 due to the lack of a proper antecedent basis:

- "the source of the request," as recited by Claim 13 of the '461 Patent
- "the location information," as recited by Claims 6, 13, 18, and 25 of the '461 Patent
- "the location," as recited by Claims 6 and 18 of the '461 Patent
- "the identity," as recited by Claim 28 of the '461 Patent

Claim 6 of the '461 Patent is indefinite under 35 U.S.C. § 112, ¶ 2 for reciting both apparatus and process limitations and therefore impermissibly mixing two statutory classes of patentable subject matter. For example, Claim 6 of the '461 Patent, which is directed towards a "communication system," recites the method step of "preauthorizing some of the communication resources to be able to obtain the location of the mobile remote unit at a given time wherein the location of the mobile is continuously tracked within the system."

Claim 10 of the '461 Patent is indefinite under 35 U.S.C. § 112 ¶ 2 because the specification of the '461 Patent fails to identify structure corresponding to the

1   "means for detecting an absence of communication with the remote receiving unit"

2   recited by Claim 10.

3   As such, the Asserted Claims fail to particularly point out and distinctly

4   claim the subject matter which the Applicants regarded as their alleged invention,

5   rendering the Asserted Claims invalid for failure to comply with the definiteness

6   requirement of 35 U.S.C. § 112, ¶ 2.

7   **B.      35 U.S.C. § 112, ¶ 1: Insufficient Written Description**

8   The Asserted Claims are each invalid for failure to comply with the written

9   description requirement under 35 U.S.C. § 112, ¶ 1.   To the extent the below

10   discussion focuses on any asserted independent claims, the deficiencies which

11   render the independent claims invalid under § 112, ¶ 1 also infect and thus

12   invalidate the claims depending therefrom.

13   The specification of the Asserted Patents does not contain written description

14   support at least for the following terms and/or phrases, rendering the claims of the

15   Asserted Patents in which those terms and/or phrases appear invalid under § 112, ¶

16   1:

17   • "continuously tracked," as recited by Claims 1 and 6 of the '461 Patent

18   • "location disclosure instruction," as recited by Claim 6 of the '461
19   Patent

20   • "location information disclosure instruction," as recited by Claim 11 of
     the '461 Patent

21   • "location disclosure information," as recited by Claims 18 and 19 of
22   the '461 Patent

23   • "location access field," as recited by Claim 28 of the '461 Patent

24   • "pre-authorized," "preauthorized," and "preauthorizing," as recited by
     Claims 1, 6, 11, 18, 25, and 28 of the '461 Patent

25   • "authorization," as recited by Claim 13 of the '461 Patent

26   • "the control unit able to utilize said location disclosure instruction for
27   the mobile remote unit to allow the provision of mobile remote unit
     location information to certain network resources of step (iii) while

28

blocking such information from being divulged to other network resources (iii) at the given time," as recited by Claim 6 of the '461 Patent

- "the mobile remote unit able to deny the provision of said establish mobile remote unit location information to a pre-authorized communication resource selected from the network of pre-authorized communication resources during a period time when access to mobile remote unit location information has been granted to another preauthorized communication resource at the network," as recited by Claim 25 of the '461 Patent

- "wherein at least a profile is maintained by the system, said profile containing the identity of a preauthorized resource, identity of the first communication resource and a location access field indicating whether said preauthorized resource identified in the profile should be allowed/disallowed to access the location information of the first communication resource identified in said profile," as recited by Claim 28 of the '461 Patent

- "the system able to use the location access field of a first profile to deny the location information of the first communication resource to the preauthorized resource identified in said first profile while allowing another preauthorized resource identified in a second profile to access the location information of the first communication resource during the time that access is being denied to the preauthorized resource identified in said first profile," as recited by Claim 28 of the '461 Patent

- "means for detecting an absence of communication with the remote receiving unit," as recited by Claim 10 of the '461 Patent

- "selecting a pre-authorized communication resource from the said network of pre-authorized communication resources," as recited by Claim 18 of the '461 Patent

- "exposing the location disclosure information (iii) at the network," as recited by Claim 18 of the '461 Patent

- "forwarding the specified location disclosure information to a second communication node at the network," as recited by Claim 19 of the '461 Patent

- "a mobile remote receiving unit located at a first network node," as recited by Claim 6 of the '461 Patent

- "transmitting the identification of the source of request to the mobile remote receiving unit," as recited by Claim 12 of the '461 Patent

- "transmitting the request and the identification of the source of the request by the network to the remote receiving unit," as recited by Claim 13 of the '461 Patent

- "a pool of signal transmitting and receiving units from the network some of which are pre-authorized to be able to access the location of the mobile remote unit at the network for a time," as recited by Claim 1 of the '461 Patent

- "wherein the location of the mobile remote unit is continuously tracked during the time that the location is being denied to said network resource selected from said pool of preauthorized signal transmitting and receiving units," as recited by Claim 1 of the '461 Patent

- "preauthorizing some of the communication resources to be able to obtain the location of the mobile remote unit at a given time wherein the location of the mobile is continuously tracked within the system," as recited by Claim 6 of the '461 Patent

- "querying for mobile remote unit location disclosure instruction at the network," as recited by Claim 6 of the '461 Patent

- "the control unit able to utilize said location disclosure instruction for the mobile remote unit to allow the provision of mobile remote unit location information to certain network resources of step (iii) while blocking such information from being divulged to other network resources (iii) at the given time," as recited by Claim 6 of the '461 Patent

- "identifying the source of request," as recited by Claims 11 and 13 of the '461 Patent

- "verifying that the source of request is pre-authorized to access location information of the mobile remote receiving unit at the network," as recited by Claim 11 of the '461 Patent

- "querying at the network for location information disclosure instruction for the mobile remote receiving unit," as recited by Claim 11 of the '461 Patent

- "using said instruction (v) to allow or block mobile remote receiving unit location information to the pre-authorized source of request," as recited by Claim 11 of the '461 Patent

DEFENDANTS' AMENDED INVALIDITY
CONTENTIONS

134

(2:11-CV-05210-FMO (AGRX))

- "receiving authorization at the network to block or divulge the location of information the remote receiving unit from the remote receiving unit," as recited by Claim 13 of the '461 Patent

- "specifying by way of a location disclosure information for the mobile remote unit, whether the pre-authorized communication resource of step (ii) should be disallowed or allowed to access the location information of the remote unit at the network," as recited by Claim 18 of the '461 Patent

- "using for a time the exposed location disclosure information at the network to limit access to the location information of the remote unit to the pre-authorized communication resource of step (ii)," as recited by Claim 18 of the '461 Patent

- "a network of communication resources also associated with the system and some of which are pre-authorized to obtain said establish mobile remote location information from the system," as recited by Claim 25 of the '461 Patent

- "the mobile remote unit being able to accept or deny the provision of its location information to the requestor," as recited by Claim 27 of the '461 Patent

- "authorized resource," as recited by Claim 1 of the '273 Patent

- "verifying when the mobile remote unit last provided its location information to said communication system," as recited by Claim 1 of the '273 Patent

- "determining that the location information of said mobile remote unit has not been established within said communication system for a time after said verification of (a)," as recited by Claim 1 of the '273 Patent

- "(i) maintaining a time stamp of when the location information of said mobile remote unit was last updated within said communication system," as recited by Claim 1 of the '273 Patent

- "using said time stamp to verify that a predetermined time interval has passed since the location information of said mobile remote unit was last updated within said communication system and returning a result of the verification to said communication system," as recited by Claim 1 of the '273 Patent

As such, the specification of the Asserted Patents does not contain written description support for the Asserted Claims, rendering the Asserted Claims invalid

for failure to comply with the written description requirement under 35 U.S.C. § 112, ¶ 1.  In addition to the lack of written description support for the specific terms and/or phrases identified above, the specification fails to convey to those skilled in the art that the inventors were in possession as of the filing date of the particular combinations of limitations recited in the asserted claims.   Accordingly, the Asserted Claims are invalid under 35 U.S.C. § 112, ¶ 1.

### C.    35 U.S.C. § 112, ¶ 1:  Lack of Enablement

The Asserted Claims are each invalid for failure to comply with the enablement requirement under 35 U.S.C. § 112, ¶ 1.  The specification of the Asserted Patents fails to provide an enabling disclosure of the Asserted Claims to the full extent of the claim scope as apparently asserted and applied in Plaintiff's Infringement Contentions.   To the extent the below discussion focuses on any asserted independent claims, the deficiencies which render the independent claims invalid under § 112, ¶ 1 also infect and thus invalidate the claims depending therefrom.

The specification of the Asserted Patents fails to provide an enabling disclosure of the Asserted Claims with respect to the following terms and/or phrases, rendering the claims of the Asserted Patents in which those phrases appear invalid for failing to comply with the enablement requirement under 35 U.S.C. § 112, ¶ 1:

- "continuously tracked," as recited by Claims 1 and 6 of the '461 Patent
- "location disclosure instruction," as recited by Claim 6 of the '461 Patent
- "location information disclosure instruction," as recited by Claim 11 of the '461 Patent
- "location disclosure information," as recited by Claims 18 and 19 of the '461 Patent
- "location access field," as recited by Claim 28 of the '461 Patent

- "pre-authorized," "preauthorized," and "preauthorizing," as recited by Claims 1, 6, 11, 18, 25, and 28 of the '461 Patent

- "authorization," as recited by Claim 13 of the '461 Patent

- "the control unit able to utilize said location disclosure instruction for the mobile remote unit to allow the provision of mobile remote unit location information to certain network resources of step (iii) while blocking such information from being divulged to other network resources (iii) at the given time," as recited by Claim 6 of the '461 Patent

- "the mobile remote unit able to deny the provision of said establish mobile remote unit location information to a pre-authorized communication resource selected from the network of pre-authorized communication resources during a period time when access to mobile remote unit location information has been granted to another preauthorized communication resource at the network," as recited by Claim 25 of the '461 Patent

- "wherein at least a profile is maintained by the system, said profile containing the identity of a preauthorized resource, identity of the first communication resource and a location access field indicating whether said preauthorized resource identified in the profile should be allowed/disallowed to access the location information of the first communication resource identified in said profile," as recited by Claim 28 of the '461 Patent

- "the system able to use the location access field of a first profile to deny the location information of the first communication resource to the preauthorized resource identified in said first profile while allowing another preauthorized resource identified in a second profile to access the location information of the first communication resource during the time that access is being denied to the preauthorized resource identified in said first profile," as recited by Claim 28 of the '461 Patent

- "means for detecting an absence of communication with the remote receiving unit," as recited by Claim 10 of the '461 Patent

- "selecting a pre-authorized communication resource from the said network of pre-authorized communication resources," as recited by Claim 18 of the '461 Patent

- "exposing the location disclosure information (iii) at the network," as recited by Claim 18 of the '461 Patent

- "forwarding the specified location disclosure information to a second communication node at the network," as recited by Claim 19 of the '461 Patent

- "a mobile remote receiving unit located at a first network node," as recited by Claim 6 of the '461 Patent

- "transmitting the identification of the source of request to the mobile remote receiving unit," as recited by Claim 12 of the '461 Patent

- "transmitting the request and the identification of the source of the request by the network to the remote receiving unit," as recited by Claim 13 of the '461 Patent

- "a pool of signal transmitting and receiving units from the network some of which are pre-authorized to be able to access the location of the mobile remote unit at the network for a time," as recited by Claim 1 of the '461 Patent

- "wherein the location of the mobile remote unit is continuously tracked during the time that the location is being denied to said network resource selected from said pool of preauthorized signal transmitting and receiving units," as recited by Claim 1 of the '461 Patent

- "preauthorizing some of the communication resources to be able to obtain the location of the mobile remote unit at a given time wherein the location of the mobile is continuously tracked within the system," as recited by Claim 6 of the '461 Patent

- "querying for mobile remote unit location disclosure instruction at the network," as recited by Claim 6 of the '461 Patent

- "the control unit able to utilize said location disclosure instruction for the mobile remote unit to allow the provision of mobile remote unit location information to certain network resources of step (iii) while blocking such information from being divulged to other network resources (iii) at the given time," as recited by Claim 6 of the '461 Patent

- "identifying the source of request," as recited by Claims 11 and 13 of the '461 Patent

- "verifying that the source of request is pre-authorized to access location information of the mobile remote receiving unit at the network," as recited by Claim 11 of the '461 Patent

- "querying at the network for location information disclosure instruction for the mobile remote receiving unit," as recited by Claim 11 of the '461 Patent

- "using said instruction (v) to allow or block mobile remote receiving unit location information to the pre-authorized source of request," as recited by Claim 11 of the '461 Patent

- "receiving authorization at the network to block or divulge the location of information the remote receiving unit from the remote receiving unit," as recited by Claim 13 of the '461 Patent

- "specifying by way of a location disclosure information for the mobile remote unit, whether the pre-authorized communication resource of step (ii) should be disallowed or allowed to access the location information of the remote unit at the network," as recited by Claim 18 of the '461 Patent

- "using for a time the exposed location disclosure information at the network to limit access to the location information of the remote unit to the pre-authorized communication resource of step (ii)," as recited by Claim 18 of the '461 Patent

- "a network of communication resources also associated with the system and some of which are pre-authorized to obtain said establish mobile remote location information from the system," as recited by Claim 25 of the '461 Patent

- "the mobile remote unit being able to accept or deny the provision of its location information to the requestor," as recited by Claim 27 of the '461 Patent

- "authorized resource," as recited by Claim 1 of the '273 Patent

- "verifying when the mobile remote unit last provided its location information to said communication system," as recited by Claim 1 of the '273 Patent

- "determining that the location information of said mobile remote unit has not been established within said communication system for a time after said verification of (a)," as recited by Claim 1 of the '273 Patent

- "(i) maintaining a time stamp of when the location information of said mobile remote unit was last updated within said communication system," as recited by Claim 1 of the '273 Patent

- "using said time stamp to verify that a predetermined time interval has passed since the location information of said mobile remote unit was

last updated within said communication system and returning a result of the verification to said communication system," as recited by Claim 1 of the '273 Patent

As such, the specification of the Asserted Patents fails to disclose in full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains how to make and use the claimed inventions of the Asserted Claims, rendering the Asserted Claims invalid for failure to comply with the enablement requirement under 35 U.S.C. § 112, ¶ 1.

### D.   Additional Invalidity Positions Under 35 U.S.C. § 112

Precise identification of all of the bases upon which the Asserted Claims are invalid under 35 U.S.C. § 112 are likely to be revealed only after further developments in the case, including fact and expert discovery.  Defendants reserve the right to supplement, modify, or otherwise amend these Amended Invalidity Contentions to include any invalidity arguments under 35 U.S.C. § 112 that become apparent in view of any relevant facts and information revealed during fact or expert discovery.

### VI.   ADDITIONAL INVALIDITY CONTENTIONS

Without conceding whether Patent Rule 3-3 requires the disclosure of Invalidity Contentions that are not expressly discussed in the rule, Defendants provide notice below of additional invalidity defenses under 35 U.S.C. § 101. Notwithstanding these voluntary disclosures, Defendants reserve the right to assert any additional invalidity defenses that are not expressly referenced in Patent Rule 3-3.

### A.   Invalidity Under 35 U.S.C. § 101

Claim 6 of the '461 Patent is invalid under 35 U.S.C. § 101 because, as set forth above in Section V.A, which is incorporated as if fully set forth herein, Claim 6 recites both apparatus and process limitations, and therefore impermissibly mixes two statutory classes of patentable subject matter permitted by 35 U.S.C. § 101,

which provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor."  The combination of apparatus and process limitations renders Claim 6 invalid under § 101 (in addition to being invalid under § 112, ¶ 2 for indefiniteness, as described above in Section V.A).

**B.     Additional Invalidity Positions**

Precise identification of all of the bases upon which the Asserted Claims are invalid and/or unenforceable, including such based as improper inventorship and the judicially-created non-statutory obviousness-type double patenting doctrine, are likely to be revealed only after further developments in the case, including fact and expert discovery.  Defendants reserve the right to supplement, modify, or otherwise amend these Amended Invalidity Contentions to address any additional invalidity arguments that become apparent in view of any relevant facts and information revealed during discovery or to otherwise seek to invalidate the Asserted Claims on any basis that is not required to be disclosed under Patent Rule 3-3.