**BAKER BOTTS L.L.P.**
Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Eliot D. Williams (SBN 290780)
eliot.williams@bakerbotts.com
Kevin E. Cadwell (SBN 255794)
kevin.cadwell@bakerbotts.com
Jon V. Swenson (SBN 233054)
jon.swenson@bakerbotts.com
Elizabeth K. Boggs (SBN 280555)
elizabeth.boggs@bakerbotts.com
1001 Page Mill Road, Building One
Palo Alto, CA 94304
Telephone: 650.739.7500
Facsimile:  650.739.7699

Russell J. Crain (*pro hac vice*)
russ.crain@bakerbotts.com
Brian D. Johnston (*pro hac vice*)
brian.johnston@bakerbotts.com
2001 Ross Avenue
Dallas, TX 75201
Telephone: 214.953.6500
Facsimile:  214.953.6503

*Attorneys for Defendants and Counterclaimants*
*AT&T MOBILITY LLC and AT&T MOBILITY II LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOVSYS LLC,<br><br>          Plaintiff,<br><br>     vs.<br><br>AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>          Defendants. | Case No.: 2:11-CV-05210-FMO(AGRx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE OVERBROAD FINANCIAL INFORMATION** |
| AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>          Counterclaimants,<br><br>     vs.<br><br>ENOVSYS LLC,<br><br>          Counterdefendant. | Hearing Date: March 21, 2014<br>Hearing Time: 10:00 AM<br><br>Honorable Judge Fernando M. Olguin<br><br>**Trial Date: April 8, 2014** |

1  **PLEASE TAKE NOTICE THAT** Defendants AT&T Mobility LLC and AT&T Mobility II LLC ("AT&T") move in limine to prevent Enovsys from referencing or introducing evidence of irrelevant and overbroad financial information about AT&T.

Subject to the Court's availability, the motions will be heard on March 21, 2014, at 10:00 am, before the Honorable Judge Fernando M. Olguin.  Defendants base their motion on the memorandum of points and authorities set forth below, any subsequently filed supplemental briefing and accompanying papers, the pleadings and papers filed in this action, and any other arguments, evidence, and matters submitted to the Court, at the hearing or otherwise.

# MEMORANDUM OF POINT AND AUTHORITIES

## I. INTRODUCTION

AT&T Mobility and AT&T Mobility II ("AT&T") move in limine to exclude irrelevant information regarding their financial status from evidence at trial. The categories of evidence listed below are irrelevant to the issues before the jury and would result in substantial prejudice to AT&T if they are introduced. Thus, AT&T requests an in limine ruling that they be excluded.

## II. ANALYSIS

AT&T seeks an order from the Court excluding evidence of or reference to the following financial information:

1. AT&T's net worth;
2. AT&T's net or gross profits or revenue for providing wireless, wireline, and internet data services, including foreign revenue;
3. AT&T's net or gross profits or revenue derived from handset sales;
4. AT&T's net or gross profits or revenues from wireless data services; and
5. AT&T's net or gross profits or revenue from any product or service not discussed in Enovsys's technical expert reports.

The first three categories of financial information (AT&T's net worth, overall service revenue, and revenue from handset sales) have no relevance to this matter whatsoever and should be excluded. *See* Fed R. Evid. 402; *Wrather v. Farnam Companies, Inc.*, No SACV 03-967 JVS (RCx), 2003 WL 25667639 at *1 (C.D. Cal. Nov. 3, 2003) (granting motion in limine to exclude evidence of wealth and holdings unrelated to the asserted claims citing irrelevance). Enovsys does not use any of these categories of information in calculating its requested damages in this case and thus they have no relevance to Enovsys's requested royalty.

Even if the above-mentioned classes of financial information were to be deemed relevant in some way, such evidence would result in undue prejudice by confusing of the issues and misleading of the jury. *See* Fed. R. Evid. 403. Permitting evidence and testimony regarding overbroad financial information about AT&T will likely induce the jury to draw impermissible prejudicial conclusions regarding AT&T's being a large company that can easily afford to (or, worse, should be made to) pay large sums to a small plaintiff. *See Wrather*, 2003 WL 25667639 at *1 ("Justice should be the same for the rich and the poor."). In *Uniloc U.S.A., Inc. v. Microsoft Corp.*, the Federal Circuit acknowledged the unique prejudice large corporations face as defendants in patent infringement suits and restricted admissibility to revenue related to the accused products. *See* 632 F.3d 1292, 1312 (Fed. Cir. 2011). Courts in this Circuit have followed the Federal Circuit's mandate and excluded the overbroad financial information in patent infringement suits citing undue prejudice to the defendant corporation. *See, e.g., HTC Corp. v. Tech. Properties Ltd.*, No. 5:08-CV-00882-PSG, 2013 WL 478259 at *6 (N.D. Cal. Sept. 6, 2013) ("[T]he probative value of evidence related to HTC's size, wealth or overall revenues is substantially outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury necessitating exclusion under Rule 403."). Accordingly, AT&T respectfully requests that the Court exclude any reference to: (1) AT&T's net worth; (2) AT&T's net or gross profits or revenue for providing wireless, wireline and internet data services, including foreign revenue; and (3) AT&T's net or gross profits or revenue derived from handset sales.

With respect to the last two categories of evidence (AT&T's data revenue and revenues for LBS products not identified in expert reports), those should be excluded as well because they are irrelevant. AT&T's *Daubert* motion to exclude the opinions Enovsys's damages expert Dr. Parr explains how these categories cannot be used to calculate damages in this case. For example, Dr. Parr seeks to

1  capture a percentage of the entire market value of AT&T's wireless data revenue,
2  yet he makes no attempt to show that the Accused Patents drive demand for that
3  revenue.  Defendants' Motion to Exclude the Opinions of Russell Parr ("Parr
4  Daubert") (filed concurrently with this motion) at 5-6.  Likewise, Dr. Parr seeks to
5  recover damages for products that Enovsys has not identified as infringing in its
6  expert reports.  As explained in AT&T's *Daubert* motion, Dr. Parr's opinions on
7  unidentified products must be excluded, and so must the underlying facts for those
8  opinions because they have no relevance to any issues the jury must decide.  Parr
9  Daubert at 12-13.  In particular, Dr. Parr attempts to collect a royalty on revenue
10 derived from the sale of certain location-based services applications despite a lack
11 of any explanation from Enovsys's technical experts as to whether or how these
12 applications infringe.  *Id.*
13      Should Enovsys be allowed unfairly to prejudice the jury with large revenue
14 numbers associated with AT&T's data revenue and products that are not accused
15 of infringing, the jury will likely use this irrelevant information to award excessive
16 and unsupported damages.  Rule 403 requires the exclusion of such irrelevant and
17 unfairly prejudicial information.

18 **III.   CONCLUSION**

19      In light of the foregoing, AT&T respectfully requests that the Court grant its
20 order excluding evidence of or reference to the aforementioned categories of
21 overbroad financial information.

| | | |
|---|---|---|
| 1 | Dated: February 28, 2014 | Respectfully submitted, |
| 2 | | BAKER BOTTS L.L.P. |
| 3 | | |
| 4 | | */s/ Eliot D. Williams* |
| 5 | | Eliot D. Williams |
| 6 | | |
| 7 | | Attorney for Defendants and Counterclaimants |
| 8 | | AT&T MOBILITY LLC and AT&T MOBILITY II LLC |

DEFENDANTS' MOTION IN LIMINE NO. 3                5                CASE NO. 2:11-CV-05210-FMO (AGRX)