**BAKER BOTTS L.L.P.**
Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Eliot D. Williams (SBN 290780)
eliot.williams@bakerbotts.com
Kevin E. Cadwell (SBN 255794)
kevin.cadwell@bakerbotts.com
Jon V. Swenson (SBN 233054)
jon.swenson@bakerbotts.com
Elizabeth K. Boggs (SBN 280555)
elizabeth.boggs@bakerbotts.com
1001 Page Mill Road, Building One
Palo Alto, CA 94304
Telephone: 650.739.7500
Facsimile: 650.739.7699

Russell J. Crain (*pro hac vice*)
russ.crain@bakerbotts.com
Brian D. Johnston (*pro hac vice*)
brian.johnston@bakerbotts.com
2001 Ross Avenue
Dallas, TX 75201
Telephone: 214.953.6500
Facsimile: 214.953.6503

*Attorneys for Defendants and Counterclaimants*
*AT&T MOBILITY LLC and AT&T MOBILITY II LLC*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOVSYS LLC,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>Defendants.<br><br>AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>Counterclaimants,<br><br>vs.<br><br>ENOVSYS LLC,<br><br>Counterdefendant. | Case No.: 2:11-CV-05210-FMO (AGRx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 TO EXCLUDE REFERENCES TO OTHER LITIGATIONS INVOLVING AT&T**<br><br>Hearing Date: March 21, 2014<br>Hearing Time: 10:00 AM<br><br>Honorable Judge Fernando M. Olguin<br><br>**Trial Date: April 8, 2014** |

**PLEASE TAKE NOTICE THAT** Defendants AT&T Mobility LLC and AT&T Mobility II LLC ("AT&T") move in limine to prevent Enovsys from arguing or introducing evidence relating to other litigations involving AT&T.

Subject to the Court's availability, the motions will be heard on March 21, 2014, at 10:00 am, before the Honorable Judge Fernando M. Olguin. Defendants base their motion on the memorandum of points and authorities set forth below, any subsequently filed supplemental briefing and accompanying papers, the pleadings and papers filed in this action, and any other arguments, evidence, and matters submitted to the Court, at the hearing or otherwise.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

AT&T Mobility and AT&T Mobility II ("AT&T") request that the Court exclude evidence or argument referring to any reference to or mention of any other litigation involving AT&T as improper character evidence under Federal Rule of Evidence 404 and unduly prejudicial and confusing under Rule 403.

## II. ARGUMENT

Federal Rule of Evidence 404 expressly prohibits parties from drawing conclusions as to what occurred in a particular instance from character evidence or past acts. *See* Fed R. Evid. 404(a)(1) (character evidence is "not admissible to prove that on a particular occasion the person acted in accordance with the character or trait"); Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character or trait."). Therefore, outside of the litigation settlement agreements that AT&T has produced in this case, Enovsys should not be allowed to make any reference to previous litigations or accusations of infringement related to AT&T before the jury.[1]

Rule 403 also mandates the exclusion of references to other litigations involving AT&T on the ground of undue prejudice. *See* Fed. R. Evid. 403. Allowing references to separate proceedings involving AT&T will result in unfair prejudice to AT&T by raising an inference that AT&T must be guilty in this action because it has been sued previously for patent infringement. That evidence is improper for the jury to consider under Rule 401 and unduly prejudicial under Rule 403 because it could impact the outcome of the current lawsuit. Accordingly, AT&T respectfully requests that the Court grant its motion to exclude any

---

[1] AT&T produced settlement agreements with Tendler Cellular and EMSAT in this case. AT&T does not seek to exclude otherwise admissible evidence or testimony regarding these agreements through this motion in limine.

reference to or mention of separate proceedings involving AT&T outside of reference to the settlement agreements AT&T produced in this litigation.

### III.  CONCLUSION

AT&T Mobility respectfully requests that the Court grant its motion to exclude at trial any reference to or mention of any other litigation involving AT&T.

Dated: February 28, 2014

Respectfully submitted,
BAKER BOTTS L.L.P.

*/s/ Eliot D. Williams*
Eliot D. Williams

Attorney for Defendants and Counterclaimants
AT&T MOBILITY LLC and AT&T MOBILITY II LLC