**BAKER BOTTS L.L.P.**
Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Eliot D. Williams (SBN 290780)
eliot.williams@bakerbotts.com
Kevin E. Cadwell (SBN 255794)
kevin.cadwell@bakerbotts.com
Jon V. Swenson (SBN 233054)
jon.swenson@bakerbotts.com
Elizabeth K. Boggs (SBN 280555)
elizabeth.boggs@bakerbotts.com
1001 Page Mill Road, Building One
Palo Alto, CA 94304
Telephone: 650.739.7500
Facsimile:  650.739.7699

Russell J. Crain (*pro hac vice*)
russ.crain@bakerbotts.com
Brian D. Johnston (*pro hac vice*)
brian.johnston@bakerbotts.com
2001 Ross Avenue
Dallas, TX  75201
Telephone: 214.953.6500
Facsimile:  214.953.6503

*Attorneys for Defendants and Counterclaimants*
*AT&T MOBILITY LLC and AT&T MOBILITY II LLC*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOVSYS LLC,<br><br>  Plaintiff,<br><br>  vs.<br><br>AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>  Defendants. | Case No.: 2:11-CV-05210-FMO (AGRx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 6 TO EXCLUDE ANY EXPERT OPINIONS NOT DISCLOSED IN THE 26(a)(2)(B) REPORTS OF ENOVSYS'S EXPERT WITNESSES**<br><br>**[REDACTED]**<br><br>Hearing Date: March 21, 2014<br>Hearing Time: 10:00 AM |
| AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>  Counterclaimants,<br><br>  vs.<br><br>ENOVSYS LLC,<br><br>  Counterdefendant. | Honorable Judge Fernando M. Olguin<br><br>**Trial Date: April 8, 2014** |

**PLEASE TAKE NOTICE THAT** Defendants AT&T Mobility LLC and AT&T Mobility II LLC ("AT&T") move in limine to prevent Enovsys from introducing or eliciting expert opinions not contained in Enovsys's expert reports.

Subject to the Court's availability, the motions will be heard on March 21, 2014, at 10:00 am, before the Honorable Judge Fernando M. Olguin. Defendants base their motion on the contemporaneously filed memorandum of points and authorities and supporting evidence set forth in the declaration of Jon V. Swenson, and any subsequently filed supplemental briefing and accompanying papers, the pleadings and papers filed in this action, and any other arguments, evidence, and matters submitted to the Court, at the hearing or otherwise.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 37, AT&T Mobility and AT&T Mobility II ("AT&T") move in limine to exclude expert testimony from Enovsys on opinions not contained in its experts' reports. In particular, AT&T seeks to exclude opinions from Enovsys's experts Mr. Russell Parr (damages expert), Dr. Christopher Rose (infringement and validity expert), and Dr. Marco Gruteser (infringement expert) that were not disclosed in their expert reports. Also, AT&T moves in limine to exclude any opinions regarding indirect infringement or divided infringement as none were presented in Enovsys's expert reports.

## II. ANALYSIS

Fed. R. Civ. P. 26 ensures fairness through notice (in this context, to the defendant accused of infringement) by requiring that expert reports contain "a complete statement of all opinions the witness will express and the basis and reason for them." Fed. R. Civ. P. 26(a)(2)(B)(i); *see also Ellis v. Penn. Higher Educ. Assistance Agency*, No. CV 07-04498 DDP (CTx), 2008 WL 5458997 at *7 (C.D. Cal. Oct. 3, 2008) ("The reason for requiring expert reports is 'the elimination of unfair surprise to the opposing party and the conservation of resources.'"). "Rule 37(c)(1) gives teeth to [Rule 26(a)'s] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also Pickern v. Pier 1 Imports (U .S.), Inc.*, 457 F.3d 963, 969, n.5 (9th Cir. 2006) (affirming the exclusion of expert opinions disclosed after the scheduling deadline); Fed. R. Civ. P. 37(c)(1).

Enovsys has already evidenced a willingness to violate Rule 26 by seeking to rely on untimely opinions from its expert witnesses during summary judgment

1  that are unsupported by their respective written reports.  It should not be permitted
2  to do so at trial.

### A. Mr. Parr's opinions that are not contained in his expert reports should be excluded

Enovsys retained Russell Parr to offer expert opinions on damages in this case.  Despite assuming infringement of both patents, Mr. Parr nowhere in his report affirmatively ties damages to the '273 patent.  Rather, all of Mr. Parr's opinions relating to damages for the '273 patent are based on his unsubstantiated "assum[ption] that AT&T would have insisted at the hypothetical negotiation on a license to the '273 patent as part of any license with Enovsys."  Swenson Decl., Ex. M, Parr Report at 24 ¶ 96.  Mr. Parr further concedes that his opinion is not based on any data that "would enable [him] to calculate the quantity of data traffic" attributable to the '273 patent.  *See id.* at ¶ 97.  Rule 26 requires expert reports to contain a "complete statement of all opinions the witness will express and the basis and reasons for them" and places expert witnesses under an obligation to supplement incomplete or incorrect assertions contained in their reports.  *See* Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added); Fed R. Civ. P. 26(e)(2).  Though Mr. Parr complained in his report that he lacked information he desired for his analysis, Enovsys did not file a motion to compel additional information from AT&T (which Enovsys could have done if there were any basis to Mr. Parr's complaint).  In light of the requirements of Rule 26, Mr. Parr's allegation that AT&T "prevented any analysis" of "the independent value of the '273" is unavailing.  *See* Swenson Decl., Ex. M, Parr Report at 24 ¶ 97.  The deadline to supplement expert reports is long gone. Because his report contains no analysis of the value of a license to the '273 Patent, Mr. Parr should not be permitted to opine on a value for a license the '273 Patent.

### B. Dr. Rose's opinions that are not contained in his expert report should be excluded

Enovsys should not be permitted to present opinions or elicit testimony from its infringement and invalidity expert, Dr. Rose, not contained in his report. Although the plain language of Rule 37 is clear, Enovsys has shown a repeated willingness to defy the Rule's prohibitions.

For example, Dr. Rose's declaration in support of Enovsys's summary judgment motions—served more than three months after his expert report—introduces new opinions regarding AT&T's alleged infringement. For instance, Dr. Rose asserts that " ███████████████████████████████████████████████████████████ " Swenson Decl., Ex. Y, JA 1679 ¶ 107. But ███ is not even referenced in Dr. Rose's expert report, much less tied to any specific claim limitation. In the same declaration, Dr. Rose asserts that two specific fields in ███████████████████████████████ have "particular significance" to his infringement analysis. Swenson Decl., Ex. Y, JA 1671 at ¶ 93 Dr. Rose never mentioned either field in his expert report, despite their asserted significance to Enovsys's infringement theories now. Rule 26 required Enovsys to present its expert infringement theories in its expert reports, not months later.

Dr. Rose again introduced new opinions in his declaration in support of Enovsys's opposition to AT&T's motion for summary judgment. In that declaration, Dr. Rose opined on the validity of the '273 Patent over a prior art reference, Spaargaren, that was analyzed in AT&T's initial invalidity expert report. Dr. Rose's declaration addresses specific portions of Spaargaren and attempts to critique the substance of AT&T's expert's detailed analysis, yet those issues were never addressed in Dr. Rose's rebuttal expert report. Swenson Decl., Ex. Z, JA1755 ¶¶ 158-159.

Rule 37 plainly forbids parties from relying on expert opinions not disclosed in the expert's written report. Accordingly, AT&T requests that the Court grant AT&T's motion to exclude all evidence and testimony from Dr. Rose not contained in his report.

### C. Dr. Gruteser's opinions that are not contained in his expert report should be excluded

Enovsys's second technical expert, Dr. Gruteser, submitted a 71-page expert report on AT&T's alleged infringement. Like Dr. Rose's report, Dr. Gruteser's report was required to contain all of his opinions and analysis regarding his infringement theories. *See* Fed. R. Civ. P. 26, 37. Yet Enovsys again disregarded the Rules and introduced opinions from Dr. Gruteser that were not disclosed in his report. As but one example, in Dr. Gruteser's declaration offered in support of Enovsys's Motion for Summary Judgment, Dr. Gruteser opined for the first time that entering an allegedly protected domain on a mobile device requires certificates. *See* Swenson Decl., Ex. I, Gruteser Decl. 213-11 at ¶ 55. Dr. Gruteser had not asserted that opinion in his report, and thus Rule 37 forbids Enovsys from presenting that opinion at trial. Accordingly, AT&T requests that the Court grant its motion to exclude all evidence and testimony from Dr. Gruteser not contained in his report.

### D. All of Enovsys's opinions regarding indirect infringement were not contained in any expert report and should be excluded

A party asserting an indirect infringement claim, *i.e.*, inducement of infringement, must demonstrate that the accused infringer specifically intended to induce infringement and that direct infringement did in fact occur as a result. *See Interwoven, Inc. v. Vertical Computer Systems*, No. CV 10-04645 RS, 2013 WL 3786633 at *6 (N.D. Cal. July 18, 2013); *XpertUniverse, Inc. v. Cisco Systems, Inc.*, No. 09-157-RGA, 2013 WL 865974 at *2 (D. Del. Mar. 7, 2013). An allegation of specific intent must be supported by evidence of the accused

infringer's intent or knowledge.  *See Interwoven*, 2013 WL 3786633 at *6 (dismissing expert opinion as conclusory where expert stated that defendant induced infringement without referring to any facts establishing defendant's knowledge or intent).  To prove direct infringement, the plaintiff must show that the accused infringer's customers "performed each step" of the accused claims. *See Xpert Universe*, 2013 WL 865974 at *2. ("While circumstantial evidence . . . can be used to prove direct infringement, the plaintiff must still prove the user used an infringing version of the accused products[.]").

None of Enovsys's expert reports contain *any* analysis or opinions sufficient to support its claim of indirect infringement.  Indeed, the reports do not even set forth the relevant legal standard for inducement of infringement.  Instead, the reports focus entirely on AT&T's system and do not address the conduct of AT&T's downstream customers.  Neither report analyzes how AT&T is allegedly inducing direct infringement by others, much less identifies and analyzes that alleged direct infringement by others.  Because the reports do not mention, much less establish, AT&T's specific intent to induce infringement or any direct infringement by its customers—the essential elements of an indirect infringement claim—Enovsys should be precluded from introducing any belated expert testimony regarding indirect infringement.

### E. All of Enovsys's opinions regarding divided infringement were not contained in any expert report and should be excluded

A party asserting a claim of divided direct infringement (also called joint direct infringement) must show that all acts required for infringement were committed by the accused infringer or by "an agent of the accused infringer or a party acting pursuant to the accused infringer's direction or control." *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307 (Fed. Cir. 2012) *cert. granted on other grounds*, 134 S. Ct. 895 (U.S. 2014).  "Absent an agency relationship between the actors or some equivalent, however, a party that

1 does not commit all the acts necessary to constitute infringement has not been held
2 liable for direct infringement even if the parties have arranged to 'divide' their acts
3 of infringing conduct for the specific purpose of avoiding infringement liability."
4 *Id.* Therefore, in order to show divided direct infringement, a plaintiff must show
5 that the accused infringer directed or controlled the third party committing acts
6 required for infringement: that there existed more than "arms-length agreements"
7 between the accused infringer and the third party. *BMC Res., Inc. v. Paymentech,*
8 *L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007), *overruled on a separate issue by*
9 *Akamai*, 692 F.3d 1301.

10 None of Enovsys's experts provide an opinion on divided infringement.
11 Indeed, neither Dr. Rose nor Dr. Gruteser even recite the correct legal standard for
12 divided infringement. Neither expert's report analyzes the required elements to
13 reach a conclusion that AT&T infringes jointly. Enovsys thus should be
14 precluded from introducing any belated expert testimony regarding divided
15 infringement.

### III. CONCLUSION

17 That the parties must comply with basic requirements of the Federal Rules
18 is ordinarily not at issue. However, Enovsys's repeated and continuous disregard
19 for the requirements of Rules 26 and 37 counsels AT&T to raise this issue to the
20 Court now. Permitting Enovsys to rely on the undisclosed opinions of its expert
21 witnesses will frustrate the fairness-based principles which underpin Rules 26 and
22 37 of Federal Rules of Civil Procedure. The experts in this case should be limited
23 to opinions expressed in their reports. AT&T, therefore, respectfully requests that
24 the Court grant its motion to exclude any opinions of Mr. Parr, Dr. Rose, and Dr.
25 Gruteser that were not asserted in their expert reports, including those specifically
26 identified above.

27
28

Dated: February 28, 2014

Respectfully submitted,
BAKER BOTTS L.L.P.

*/s/ Eliot D. Williams*
Eliot D. Williams

Attorney for Defendants and
 Counterclaimants
AT&T MOBILITY LLC and AT&T MOBILITY II LLC