**BAKER BOTTS L.L.P.**
Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Eliot D. Williams (SBN 290780)
eliot.williams@bakerbotts.com
Kevin E. Cadwell (SBN 255794)
kevin.cadwell@bakerbotts.com
Jon V. Swenson (SBN 233054)
jon.swenson@bakerbotts.com
Elizabeth K. Boggs (SBN 280555)
elizabeth.boggs@bakerbotts.com
1001 Page Mill Road, Building One
Palo Alto, CA 94304
Telephone: 650.739.7500
Facsimile:  650.739.7699

Russell J. Crain (*pro hac vice*)
russ.crain@bakerbotts.com
Brian D. Johnston (*pro hac vice*)
brian.johnston@bakerbotts.com
2001 Ross Avenue
Dallas, TX  75201
Telephone: 214.953.6500
Facsimile:  214.953.6503

*Attorneys for Defendants and Counterclaimants*
*AT&T MOBILITY LLC and AT&T MOBILITY II LLC*
[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENOVSYS LLC,<br><br>            Plaintiff,<br><br>      vs.<br><br>AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>            Defendants. | Case No.: 2:11-CV-05210-FMO(AGRx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE AND TESTIMONY NOT DISCLOSED BY ENOVSYS DURING DISCOVERY** |
| AT&T MOBILITY LLC and AT&T MOBILITY II LLC,<br><br>            Counterclaimants,<br><br>      vs.<br><br>ENOVSYS LLC,<br><br>            Counterdefendant. | Hearing Date: March 21, 2014<br>Hearing Time: 10:00 AM<br><br>Honorable Judge Fernando M. Olguin<br><br>**Trial Date: April 8, 2014** |

**PLEASE TAKE NOTICE THAT** Defendants AT&T Mobility LLC and AT&T Mobility II LLC ("AT&T") move in limine to prevent Enovsys from arguing or introducing evidence and testimony that was not disclosed by Enovsys during discovery.

Subject to the Court's availability, the motions will be heard on March 21, 2014, at 10:00 am, before the Honorable Judge Fernando M. Olguin. Defendants base their motion on the contemporaneously filed memorandum of points and authorities and supporting evidence set forth in the declaration of Jon V. Swenson, and any subsequently filed supplemental briefing and accompanying papers, the pleadings and papers filed in this action, and any other arguments, evidence, and matters submitted to the Court, at the hearing or otherwise.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Fed. R. Civ. Proc. 37(c)(1) states, "If a party fails to provide information . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." AT&T moves in limine to preclude Enovsys from using information at trial that was not timely disclosed in response to discovery requests or the operative Patent Local rules at trial.

## II. ANALYSIS

AT&T Mobility seeks an order from the Court excluding evidence, testimony, argument, or reference to the following categories and issues:

  A. Secondary considerations of non-obviousness;

  B. The doctrine of equivalents;

  C. Joint infringement;

  D. Any alleged inducement of infringement not included in the infringement contentions;

  E. Any product or service not asserted in Enovsys's infringement contentions including any software application or mobile device not referenced therein for purposes of establishing infringement (or otherwise).

**A. Enovsys should not be permitted to present evidence on secondary considerations because it failed to identify any in its interrogatories**

In AT&T's Interrogatory No. 8, AT&T asked Enovsys:

"If You contend that the validity of the Asserted Patents is supported by one or more secondary considerations . . . , state each secondary consideration You rely upon for Your contention and, for each secondary consideration, state all facts that support Your contention."

Swenson Decl., Ex. A at 12 lines 23-28.[1]

Enovsys responded by identifying only "commercial success of its patented inventions, including the adoption of its patented technology by licensee Sprint-Nextel and [alleged] infringer AT&T" and "international standards governing implementations of Location Based Services," without identifying what those standards were or how they were relevant to the patented invention. *Id.* at 13, lines 1-10.

Despite the fact that Enovsys provided *no* facts in response to AT&T's request for all facts supporting secondary considerations of nonobviousness, Dr. Rose nonetheless provides nine pages of facts in his expert report on that topic. *Id.* Dr. Rose also identifies other secondary considerations in his expert report, including copying and unexpected results. Ex. D at 314-324. Under Rule 37(b)(1), in the absence of justification, a party may not use information at trial if that information was not provided during discovery. Enovsys has no justification for failing to respond or to supplement its response as required by Fed. R. Civ. Proc. 26(e).

Because Enovsys failed to identify any of these secondary considerations in its interrogatory response, Enovsys should not be permitted to argue or opine on these secondary considerations.

**B. Enovsys should not be permitted to argue infringement under the doctrine of equivalents because it failed to identify infringement by equivalents in its infringement contentions**

Northern District of California Patent Local Rule 3-1 (adopted in this case) expressly requires a party claiming patent infringement to "(a) identify each claim that is being infringed; (b) identify each accused product for each claim; (c) provide a chart identifying specifically where each limitation of each asserted claim is found in each accused product; and (d) *specify whether infringement is*

---

[1] Hereinafter, all citations are to exhibits attached to the Declaration of Jon V. Swenson in Support of Defendants' Daubert Motions and Motions in Limine.

1  *literal or based on the doctrine of equivalents.*" *Shared Memory Graphics LLC v.*
2  *Apple, Inc.*, 812 F. Supp. 1022, 1024 (N.D. Cal. 2010) (emphasis added; citing Pat.
3  L.R. 3-1). The goal of Local Rule 3-1 is to require the party claiming infringement
4  "to crystallize its theories of the case early and to adhere to those theories once
5  disclosed." *Bender v. Advanced Micro Devices, Inc.*, No. C-09-1149 MMC
6  (EMC), 2010 WL 363341 at *1 (N.D. Cal. Feb. 1, 2010). The Rule ensures
7  efficiency and fairness by requiring plaintiffs to provide "all facts known,
8  including those discovered in pre-filing inquiry," in their infringement contentions.
9  *See Shared Memory Graphics*, 812 F. Supp. at 1024. "[A]ll courts agree that the
10 degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable
11 notice to the defendant why the plaintiff believes it has a reasonable chance of
12 proving infringement." *Shared Memory Graphics*, 812 F. Supp. 2d at 1025 (citing
13 *View Eng'g, Inc. v. Robotic Systems, Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)).

14 Enovsys is bound by its currently operative infringement contentions under
15 Local Rule 3-1. In those infringement contentions, Enovsys ***never*** identified at
16 all—much less with the required specificity—that it intended to accuse AT&T of
17 infringement based on the doctrine of equivalents as required by Local Rule 3-
18 1(d). Enovsys ***never*** amended its infringement contentions to include the doctrine
19 of equivalents and repeatedly declined invitations from this Court to do so.
20 Nonetheless, both of Enovsys's technical experts (Dr. Rose and Dr. Gruteser)
21 allege infringement under the doctrine of equivalents. Had AT&T known Enovsys
22 intended to argue infringement by equivalents, AT&T would have taken discovery
23 pertinent to this issue, particularly with respect to discovering relevant prior art.
24 AT&T never had the opportunity to do so. For these reasons and the reasons set
25 forth in AT&T's Motion to Strike (D.I. 251 at pp. 6-8), Enovsys should be
26 precluded from presenting evidence, argument, or testimony that AT&T infringes
27 under the doctrine of equivalents. *See SanDisk Corp. v. Memorex Prods., Inc.*,
28

415 F.3d 1278, 1292 (Fed. Cir. 2005) (affirming district court's exclusion of evidence pertaining to late-disclosed theories).

### C. Enovsys should not be permitted to argue joint infringement because it failed to identify the role of other parties in its infringement contentions

Patent Local Rule 3-1(d) states in relevant part, "Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement *must be described*" in a plaintiff's infringement contentions. Here, Enovsys never identified any alleged direct infringement based on joint acts between AT&T and any other parties in its infringement contentions, much less described what that party's role would have been. Had Enovsys identified such a party, AT&T would have taken discovery from that party so that it could defend against such allegations. Because Enovsys did not identify any alleged joint infringer in its contentions, Enovsys should be precluded from presenting evidence, argument, or testimony that AT&T jointly infringes any asserted claim.

### D. Enovsys should not be permitted to argue indirect infringement beyond acts identified in its infringement contentions.

Under the operative Patent Local Rule 3-1(d), Enovsys was required to identify any acts of direct infringement and the acts of AT&T that induce that infringement. In its infringement contentions, Enovsys alleged that "AT&T customers who use the AT&T Mobility Master Network, including location based services and locations based applications, also use the claimed communication system and therefore directly infringe" and that "AT&T induces that infringement by marketing, selling, and otherwise providing access to the AT&T Mobility Master Network . . . ." Enovsys listed only four specific forms of marketing by which AT&T allegedly induces infringement: (1) marketing certain mobile phones; (2) marketing AT&T Smart Controls and Privacy Settings; (3) marketing locations based services or applications; and (4) marketing location based services

1  to application developers. Enovsys therefore should not be permitted to argue, for
2  example, that AT&T induces infringement by marketing any other service or
3  product not identified, or by taking other actions besides the identified marketing.
4  Enovsys should be limited to presenting evidence on acts identified in its
5  contentions and not be permitted to elicit testimony or present evidence on any
6  alleged acts not so identified. Likewise, having only identified AT&T customers
7  as the relevant direct infringers, Enovsys should not be permitted to introduce
8  evidence or argument that AT&T induces infringement by anyone besides AT&T
9  customers.

### E. Enovsys should not be permitted to argue infringement by any product or service not asserted in Enovsys's infringement contentions

As discussed above, the operative Patent Local Rule 3-1 requires infringement contentions to "(b) identify each accused product for each claim; [and] (c) provide a chart identifying specifically where each limitation of each asserted claim is found in each accused product." The local rule requires specificity. *See Shared Memory Graphics*, 812 F. Supp. 2d at 1025 (infringement contentions "too vague to provide fair notice" where claim chart failed to specifically identify the limitation in defendant's product). Enovsys merely identified the "AT&T Mobility Master Network connected to Location Based Services," but refused to specify which specific "Location Based Services" it was accusing. Enovsys's contentions never disclosed the full list of applications at issue in this case. Enovsys calculates damages based on applications never even mentioned in its infringement contentions, such as WHERE and AT&T Navigator. *See* Motion to Exclude Opinions of Parr at 12-13, *see also* Ex. M at 42 (Parr Report). Enovsys also seeks damages from applications mentioned only in passing in its infringement contentions, such as FamilyMap, TeleNav Track, and Xora StreetSmart Workforce, as discussed in AT&T's Motion to Strike. AT&T's Motion to Strike, D.I. 251 at 23-24. Enovsys should not be permitted to argue

infringement based on or seek damages from applications for which infringement was not explained, much less those never identified in the infringement contentions.

Therefore, Enovsys should not be permitted to introduce evidence, testimony, or reference to any software application or mobile device for which Enovsys did not explain infringement—including those not even *identified* in its contentions.

## III. CONCLUSION

In light of the foregoing, AT&T Mobility respectfully requests that the Court grant its motion to exclude evidence not disclosed pursuant to Enovsys's discovery obligations.

Dated: February 28, 2014    Respectfully submitted,

BAKER BOTTS L.L.P.

*/s/ Eliot D. Williams*
Eliot D. Williams

Attorney for Defendants and Counterclaimants
AT&T MOBILITY LLC and AT&T MOBILITY II LLC