# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOVSYS LLC, | Case No. CV 11-5210 FMO (AGRx) |
| Plaintiff, | |
| v. | **ORDER RE: MOTION TO STRIKE PORTIONS OF EXPERT REPORTS** |
| AT&T MOBILITY LLC, et al., | |
| Defendants. | |

Having reviewed and considered all the briefing filed with respect to defendants' AT&T Mobility LLC and AT&T Mobility II LLC (collectively "AT&T" or "defendants") Motion to Strike Previously Undisclosed Infringement Theories in Plaintiff's Expert Reports ("Motion"), the court concludes as follows.

AT&T moves to strike from Enovsys's expert reports 20 theories, labeled T1-T20 by the parties, that Enovsys allegedly failed to disclose in its infringement contentions. (See Motion; Opposition). The parties agreed to follow Rule 3-1 of the Patent Local Rules of the Northern District of California ("Patent Local Rules" or "Patent L.R.") for the disclosure of plaintiff's infringement contentions. (See Joint Stipulation Regarding Defendants' Motion to Strike Plaintiff's Infringement Contentions at 6) ("N.D. Patent Local Rule 3-1, which the parties have been following, provides a streamlined mechanism to replace interrogatories that defendants would likely have propounded in its absence.").

Expert reports may not introduce theories that are not set forth in the infringement contentions. See Apple Inc. v. Samsung Elecs. Co., 2014 WL 173409, *1 (N.D. Cal. 2014) . "The

scope of contentions and expert reports are not, however, coextensive." Id. Infringement contentions "need not disclose specific evidence, whereas expert reports must include a complete statement of the expert's opinions, the basis and reasons for them, and any data or other information considered when forming them." Id. (citing Fed. R. Civ. P. 26(a)(2)(B)).

Under the circumstances, the court will, at this time, provide the parties with its ruling, so that the parties can proceed to prepare the case for trial. Accordingly, IT IS ORDERED that:

1. Defendants' Motion **(Document No. 239)** is **granted-in-part and denied-in-part**.

2. The Motion is **granted** as to: T1; T2; T6; T8; T9; T11; T14; T15; T17; T18; and T19.

3. The Motion is **denied** as to: T3; T4; T5; T7; T12; T13; T16 and T20.

4. The Motion is **granted-in-part** as to T10. The court strikes the parenthetical, "(e.g., by shutting off the phone)," on page 110 of the Rose Report.

5. Prior to trial, the court will issue another order setting forth the grounds for its decision. The court reserves the right to modify the order to further address specific sections. Meanwhile, the parties shall proceed to prepare for trial.

Dated this 30th day of September, 2014.

/s/
Fernando M. Olguin
United States District Judge

2