**BAKER BOTTS L.L.P.**
Bryant C. Boren, Jr. (SBN 260602)
bryant.c.boren@bakerbotts.com
Eliot D. Williams (SBN 290780)
eliot.williams@bakerbotts.com
Gina A. Bibby (SBN 242657)
gina.bibby@bakerbotts.com
Jason R. German (SBN 280837)
jason.german@bakerbotts.com
1001 Page Mill Road, Building One, Palo Alto, CA 94304
Telephone: 650.739.7500; Facsimile: 650.739.7699

Timothy S. Durst (*pro hac vice*)
tim.durst@bakerbotts.com
Russell J. Crain (*pro hac vice*)
russ.crain@bakerbotts.com
Brian D. Johnston (*pro hac vice*)
brian.johnston@bakerbotts.com
2001 Ross Avenue, Dallas, TX 75201
Telephone: 214.953.6500; Facsimile: 214.953.6503

Michael Hawes (*pro hac vice*)
michael.hawes@bakerbotts.com
910 Louisiana Street, Houston, TX 77002
Telephone: 713.229.1234; Facsimile: 713.229.1522

*Attorneys for Defendants and Counterclaimants
AT&T MOBILITY LLC and AT&T MOBILITY II LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOVSYS LLC, <br><br> Plaintiff, <br><br> vs. <br><br> AT&T MOBILITY LLC and AT&T MOBILITY II LLC, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM | Case No.: 2:11-CV-05210-SS <br><br> **AT&T'S BENCH BRIEF ON INTRODUCTION OF EVIDENCE DIRECTED TO STRICKEN INFRINGEMENT THEORY AT TRIAL** <br><br> The Hon. Suzanne H. Segal <br><br> Trial Date:  August 18, 2015 |

**Introduction**

On Friday (Day 4 of this trial), Enovsys violated this Court's order by eliciting testimony directed to an infringement theory that Judge Olguin previously excluded. Defendants, AT&T Mobility LLC and AT&T Mobility II LLC (collectively "AT&T") request the Court to issue an order prohibiting Plaintiff, Enovsys, LLC, from further reference at trial to precluded infringement theories. In particular, Enovsys's permitted infringement theory for the "continuous tracking" limitation is limited to allegations of continuous tracking occurring on AT&T's location *platform*. AT&T requests that Enovsys be precluded from mentioning continuous tracking with respect to elements of the AT&T *network* (*e.g.*, the Home Location Register) that are not included in the accused location *platform*.

**Background**

AT&T moved to strike, *inter alia*, a previously undisclosed infringement theory appearing in the expert report of Dr. Christopher Rose, designated as T15:

> Additionally, the AT&T *network* knows (i.e., effectively tracks) the coarse locations of phones at all times, e.g., via the Cell ID. The cell location can be converted to other forms (e.g., longitude and latitude) using the VCID database.

D.I. 239, Ex. 1, p. 42 (emphasis added); *see also* D.I. 264, at 7 (clarifying that "[a]s to theory T15, Enovsys's expert now opines that 'continuous tracking' is performed by storing location information in AT&T's *home location register* (HLR)"). On November 4, 2014, Judge Olguin granted AT&T's motion to strike Enovsys's undisclosed infringement contention identified as "T15." *See* D.I. 376, at 17. Enovsys then filed a Motion for Reconsideration of the Court's November 4, 2014 Order, in response to which Judge Olguin affirmed his exclusion of the undisclosed theory. *See*, D.I. 408, at 5.

Despite Judge Olguin's orders excluding this improper infringement theory regarding "continuous tracking" being performed by the HLR (*i.e.*, an element of

the AT&T *network* outside of the location *platform*), Enovsys persisted at trial in questioning AT&T's expert witness, Dr. Stephen Wicker, as to this excluded theory:

> Q: And I think you said that the AT&T *network* does not continuously track cell phones; correct?
>
> A: I believe we were focused on the location *platform*, and that's what Dr. Rose pointed to. I said the location *platform* does not continuously track.
>
> Q: Okay. So the AT&T *network* does continuously track cell phone location; correct?
>
> A: Even that's not continuous. If you're referring to *registration messages* that are sent to the *home location register*, even that is not continuous.
>
> Q: Is it periodic?
>
> A: It's roughly periodic, yes.

*See* Trial Transcript Day 4 AM (August 21, 2015), at 102: 1–12 (emphasis added). Having already run afoul of this Court's orders on the issue, Enovsys should be precluded from any further reference to this twice-stricken theory of infringement.

**Argument**

Courts have consistently held that introduction of an excluded theory, in violation of a court order, is impermissible. *See, e.g.*, *Brown v. Royalty*, 535 F.2d 1024, 1028 (8th Cir.1976) (finding that repeated, deliberate reference to evidence excluded by district court, including in the closing statement, is clear misconduct and grounds for new trial); *Adams Laboratories, Inc. v. Jacobs Engineering Co.*, 761 F.2d 1218, 1226 (7th Cir.1985) (plaintiff's counsel's reference to excluded evidence in direct contravention of the district court's order held to constitute prejudicial error); *McWhorter v. City of Birmingham*, 906 F.2d 674, 676–77 (11th Cir.1990) (affirming district court's decision to grant new trial because counsel's closing argument focused on theory eliminated during pretrial conference and on

evidence expressly excluded by trial judge); *United States v. Van Eyl*, 468 F.3d 428, 429 (7th Cir. 2006) (affirming the district court's decision to grant a new trial, because "the government's closing argument contained a damaging theory of guilt that the court had earlier excluded in response to a motion *in limine*").

Enovsys previously represented to the Court in its opposition to AT&T's Motion *in Limine* No. 2 that it "has no intention of asserting the precluded theories at trial." *See* D.I. 423-1, at 13. In denying AT&T's motion as generalized, the Court indicated that it would "consider particularized objections at trial." D.I. 501, at 6. Further, the Court cautioned Enovsys that its infringement theory should not exceed the scope of the permitted expert opinions. *See id.* at 9.

**Efforts to Resolve the Issue**

AT&T contacted Enovsys' counsel on Sunday to raise this issue and to ask if Enovsys would agree not to mention elements of the AT&T network (outside the accused location platform) as satisfying the claim limitations related to continuous tracking for the remainder of the trial.  Although there were several communications between the parties on Sunday afternoon and evening, Enovsys was not willing to agree.

**Conclusion**

Enovsys cannot be permitted to introduce a stricken theory in its rebuttal examination of Dr. Christopher Rose or in its closing argument. For these reasons, AT&T requests an order precluding Enovsys from reference to "continuously tracking" being performed by the HLR or any other element of the AT&T ***network*** that is outside of the accused location ***platform***.  AT&T further requests that the testimony of Dr. Wicker identified above be stricken from the record.

| | | |
|---|---|---|
| 1 | | |
| 2 | | Respectfully submitted, |
| 3 | DATED:  August 24, 2015 | BAKER BOTTS L.L.P. |
| 4 | | */s/ Eliot D. Williams* |
| | | Eliot D. Williams |
| 5 | | Attorney for Defendants and Counterclaimants |
| 6 | | AT&T MOBILITY LLC and AT&T MOBILITY II LLC |

AT&T'S BENCH BRIEF ON EVIDENCE
DIscussED TO STRICKEN INFRINGEMENT         4         CASE NO. 2:11-CV-05210-SS
THEORY AT TRIAL