# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.     CV 11-5210 SS                         Date: August 27, 2015
                                                                           Page 1 of 3

Title:         Enovsys LLC v. AT&T Mobility LLC, et al.

DOCKET ENTRY:    **ORDER DENYING AT&T'S MOTION TO STRIKE TESTIMONY OF DR. WICKER (Dkt. No. 632)**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | N/A | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

**PROCEEDINGS:**

     On February 6, 2014, AT&T moved to strike previously undisclosed infringement theories in Enovsys' expert reports. (Dkt. No. 239). Among the theories AT&T sought to exclude was the so-called "T15" theory in Dr. Christopher Rose's report, which AT&T summarized as the proposition that "[l]ocation information stored in the Home Location Register (HLR) or Visitor Location Register (VLR) can be used to continuously track location." (See Dkt. No. 264-1, Appendix A at 3; see also Dkt. No. 264 at 7 ("As to theory T15, Enovsys's expert now opines that 'continuous tracking is performed by storing location information in AT&T's home location register (HLR).") (emphasis in original).

     On November 4, 2014, Judge Olguin granted AT&T's Motion to Strike with respect to T15 because the Court was "not persuaded by plaintiff's argument that the disclosure of tracking 'at all times' is sufficient to put defendants on notice regarding their 'continuous tracking' theory." (Dkt. No. 376 at 17). Judge Olguin later denied Enovsys' Motion for Reconsideration as to the exclusion of T15 on the procedural ground that

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | CV 11-5210 SS | Date: August 27, 2015 |
| | | Page 2 of 3 |

Title: Enovsys LLC v. AT&T Mobility LLC, et al.

"Plaintiff could have raised the argument [in its Motion for Reconsideration] as to T15 in its opposition to the motion to strike, and it inexcusably failed to do so." (Dkt. No. 408 at 5). Accordingly, Enovsys was prohibited from arguing T15 at trial.

On August 24, 2015, AT&T filed a "Bench Brief on Introduction of Evidence Directed to Stricken Infringement Theory at Trial." ("Brief," Dkt. No. 632). In the Brief, AT&T primarily sought a preclusive Order prohibiting Enovsys from presenting at trial a "continuous tracking" theory predicated on "elements of the AT&T network (e.g., the Home Location Register) that are not included in the accused location platform." (Id. at 2). In addition, AT&T moved to strike cross-examination testimony of its expert witness Dr. Stephen Wicker that AT&T believes impermissibly promoted this theory. (Id. at 3). Enovsys filed a Response on August 27, 2015. ("Response," Dkt. No. 660).

The challenged exchange took place on August 21, 2015. AT&T maintains that despite the Court's prior Orders, Enovsys "persisted at trial" in questioning Dr. Wicker as to this excluded theory, as evidenced by the following cross-examination:

Q: And I think you said that the AT&T network does not continuously track cell phones; correct?

A: I believe we were focused on the location platform, and that's what Dr. Rose pointed to. I said the location platform does not continuously track.

Q: Okay. So the AT&T network does continuously track cell phone location; correct?

A: Even that's not continuous. If you're referring to registration messages that are sent to the home location register, even that is not continuous.

\\
\\

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     CV 11-5210 SS                             Date: August 27, 2015
                                                       Page 3 of 3

Title:       Enovsys LLC v. AT&T Mobility LLC, et al.

---

    Q:   Is it periodic?

    A:   It's roughly periodic, yes.

(Brief at 2) (quoting Trial Transcript Day 4 AM (August 21, 2015), at 102:1-12 (emphasis added in Brief)).

    The Court finds that Enovsys' brief questions, when viewed in context, did not impermissibly promote the T15 theory excluded by Judge Olguin's prior Orders. Instead, Enovsys' cross-examination appears to have been an attempt to challenge Dr. Wicker's testimony on direct examination concerning the meaning and application of "continuous tracking." (See Response at 3-4) (quoting Trial Transcript Day 4 AM (August 21, 2015), at 75:17-76:3 & 102:6-12). Furthermore, AT&T did not object to Enovsys' line of questioning until well after Dr. Wicker had been excused, which suggests that AT&T understood at the time that the interrogation on cross was within the scope of matters raised on direct. In addition, Enovsys did not suggest to the jury during cross-examination that network tracking satisfied the continuous tracking requirement of Claims 1 and 28 of the '461 patent. Accordingly, to the extent that AT&T's Brief can be construed as a Motion to Strike the testimony of Dr. Wicker challenged by AT&T in its Brief, the Motion is DENIED.

    IT IS SO ORDERED.